**ROCHE FREEDMAN LLP**
Ivy T. Ngo (249860)
Constantine P. Economides (*pro hac vice* forthcoming)
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
1 SE 3rd Avenue
Suite 1240
Miami, Florida 33131
T: (305) 971-5943
ingo@rochefreedman.com
ceconomides@rochefreedman.com
vel@rochefreedman.com

*Counsel for Movant Sweta Sonthalia*
*and Proposed Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
T: (212) 907-0870
F: (212) 883-7070
dschwartz@labaton.com

*Additional Counsel for Sweta Sonthalia*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated, | No.  5:21-cv-06374-BLF |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF SWETA SONTHALIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** |
| v. | |
| VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH, | |
| Defendants. | Hon. Beth Labson Freeman<br>Hearing Date: Thursday, January 6, 2022<br>Time: 9 a.m.<br>Courtroom 3 – 5th Floor (San Jose) |

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

    I.    PRELIMINARY STATEMENT ................................................................................... 4

    II.   ARGUMENT ................................................................................................................ 5

         A.  Ms. Sonthalia is the presumptive lead plaintiff............................................... 5

              *i.  Ms. Sonthalia has the largest financial interest of all competing movants.* ........... 5

              *ii. Ms. Sonthalia satisfies Rule 23's requirements of typicality and adequacy.* ......... 7

         B.  There is no proof capable of rebutting Ms. Sonthalia's presumption. ........................ 9

         C.  Ms. Sonthalia's choice of counsel should be approved. ............................................... 9

         D.  All competing Lead Plaintiff motions should be denied............................................. 10

    III.  CONCLUSION.......................................................................................................... 10

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

## TABLE OF AUTHORITIES

**Cases**

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  2013 WL 2368059 (N.D. Cal. May 29, 2013) .................................................................. 8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
  2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ....................................................................... 5

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*,
  2020 WL 2614703 (S.D.N.Y. May 22, 2020) ................................................................. 8

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ......................................................................................... 8

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2005) ....................................................................................................... 6

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................................ 4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................. 5, 7, 9

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) ........................................................................................ 8, 9

*Isaacs v. Musk*,
  2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) .............................................................. 6

*Maiman v. Talbott*,
  2009 WL 10675075 (C.D. Cal. Sept. 14, 2009) ........................................................... 9

*Melucci v. Corcept Therapeutics Inc.*,
  2019 WL 4933611 (N.D. Cal. Oct. 7, 2019) .............................................................. 7, 9

*Mulligan v. Impax Labs., Inc.*,
  2013 WL 3354420 (N.D. Cal. July 2, 2013) .............................................................. 5, 6

*Nicolow v. Hewlett Packard Co.*,
  2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .................................................................. 5

*Perlmutter v. Intuitive Surgical, Inc.*,
  2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ................................................................. 6

*Rubke v. Cap. Bancorp*,
  2006 WL 734390 (N.D. Cal. Mar. 21, 2006) ................................................................ 8

*Scheller v. Nutanix, Inc.*,
  2021 WL 2410832 (N.D. Cal. June 10, 2021) ............................................................... 5

*Veal v. LendingClub Corp.*,
  2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ................................................................ 7

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

*Xu v. FibroGen, Inc.*,
    2021 WL 3861454 (N.D. Cal. Aug. 30, 2021) ........................................................................ 6, 7

**Other Authorities**

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ......................................................................................... 4, 5, 7, 9

15 U.S.C. § 78u-4(a)(3)(B)(v)..................................................................................................... 10

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

Movant Sweta Sonthalia ("Ms. Sonthalia" or "Movant") respectfully submits this Memorandum of Points and Authorities in Further Support of her Motion for Appointment as Lead Plaintiff and for Approval of her Selection of Roche Freedman LLP ("Roche Freedman") as Lead Counsel for the Class ("Motion") (ECF No. 27),[1] and in Opposition to Competing Lead Plaintiff Motions filed by movants Larry Lin ("Mr. Lin") (ECF No. 14), Feng Li ("Mr. Li") (ECF No. 18), FirstFire Global Opportunities Fund, LLC ("FirstFire Global") (ECF No. 22), Majdi Mojahed ("Mr. Mojahed") (ECF No. 26), and Stadium Capital LLC ("Stadium Capital") (ECF No. 31).

Notably, on November 1, 2021, Mr. Mojahad, FirstFire Global, and Mr. Li filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions. *See* ECF Nos. 42, 44-45. Likewise, on the same day, Mr. Lin filed a Notice of Withdrawal of his Lead Plaintiff Motion. *See* ECF No. 43.

## I.    PRELIMINARY STATEMENT

The PSLRA directs the Court to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the class member who: (1) timely "made a motion in response to a notice"; (2) has the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).

As discussed in Movant's Motion, she satisfies all three requirements and is entitled to the strong presumption that she is the "most adequate plaintiff" to represent the Class. Specifically, Ms. Sonthalia: (1) timely moved for appointment as lead plaintiff; (2) lost approximately $390,084 due to the alleged fraud (*i.e.,* **15.4%** greater than the approximate loss of the last competing movant); and (3) satisfies the Rule 23 requirements considered at this stage, typicality and adequacy. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018).

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed in the Memorandum of Points and Authorities in support of Ms. Sonthalia's Motion. Unless otherwise noted, all emphasis has been added, and internal citations have been omitted.

4

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

Moreover, and as explained below, there can be no serious contention that Ms. Sonthalia "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Consequently, no other movant can rebut the PSLRA's presumption that Ms. Sonthalia is the "most adequate plaintiff," and thus, should be appointed as Lead Plaintiff.

## II.    ARGUMENT

### A.    Ms. Sonthalia is the presumptive lead plaintiff.

#### i.    *Ms. Sonthalia has the largest financial interest of all competing movants.*

The PSLRA does specify how to calculate the "largest financial interest," but courts in this district generally consider the *Lax* Factors: "(1) the number of shares purchased"; "(2) the number of net shares purchased"; "(3) total net funds expended during the class period"; and "(4) the approximate losses suffered." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012). Of these factors, district courts—including this one—tend to emphasize approximate loss in assessing a movant's financial interest within the meaning of the PSLRA. *See e.g.*, *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). Indeed, the Ninth Circuit instructed, "the district court [must] compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002).

"The Ninth Circuit has not provided clear guidance on what metrics district courts should use in determining which potential plaintiff has the largest financial interest in a case, noting only that 'the court may select accounting methods that are both rational and consistently applied.'" *Mulligan v. Impax Labs., Inc.*, 2013 WL 3354420, at *4 (N.D. Cal. July 2, 2013) (quoting *Cavanaugh*, 306 F.3d at 730 n.4). "Most courts in this district use the LIFO method to calculate a movant's estimated losses." *Scheller v. Nutanix, Inc.*, 2021 WL 2410832, at *4 (N.D. Cal. June 10, 2021) (collecting cases). There is one caveat, however. In evaluating each movants' financial interests, courts in this District and elsewhere often distinguish between the movants'

"actual economic losses suffered" and their "potential recovery" *via* federal securities laws. *See Xu v. FibroGen, Inc.*, 2021 WL 3861454, at \*5 (N.D. Cal. Aug. 30, 2021); *see e.g., Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at \*3 (N.D. Cal. Feb. 15, 2011).

The Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), "made it clear that a purchaser of stock at fraudulently inflated prices may suffer economic losses that are not caused by a defendant's misrepresentations," and are therefore not recoverable. *See Perlmutter*, 2011 WL 566814 at \*4; *see also Dura*, 544 U.S. at 342-43 (stating that an investor's losses on sales of stock whose purchase price had been fraudulently inflated "may reflect, not the earlier misrepresentation, but changed economic circumstances ... or other events, which taken separately or together account for some or all of th[e] lower price"; consequently, where an investor sells his "shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss"). "In response to *Dura*, many district courts—including this one—have chosen not to consider losses resulting from stock trades that occurred prior to any disclosure of the defendant's fraud when evaluating potential plaintiffs' financial interests in the litigation." *FibroGen*, 2021 WL 3861454 at \*5; *see also Isaacs v. Musk*, 2018 WL 6182753, at \*2 (N.D. Cal. Nov. 27, 2018) (declining to appoint as lead plaintiff an investor whose claimed losses were largely attributable to activity occurring "prior to the fraud" and so potentially not "causally related to the fraud"); *Mulligan*, 2013 WL 3354420 at \*5 (same).

Insomuch, as demonstrated in the chart below, regardless of the Court's application of LIFO or *Dura*-adjusted LIFO, Ms. Sonthalia has the largest financial interest in this litigation:

| Movant | Net Funds Expended | Net Shares Purchased | Retained Shares | LIFO loss | *Dura*-adjusted LIFO loss |
|---|---|---|---|---|---|
| Ms. Sonthalia | $700,203 | 60,424 | *60,424* | *$390,084* | *$390,084* |
| Stadium Capital | $3,642,869 | 426,235 | 60,000 | $330,010 | $6,302 |
| *FirstFire Global* | *$551,726* | *61,500* | *31,500* | *$149,021* | *$162,745* |
| *Mr. Mojahed* | *$106,500* | *11,046* | *11,046* | *$49,851* | *$49,851* |
| *Mr. Lin* | *$41,680* | *4,000* | *4,000* | *$21,166* | *$21,166* |
| *Mr. Li* | *$36,824* | *6,200* | *4,000* | *$6,890* | *$8,542* |

6

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

In sum, Ms. Sonthalia suffered a larger financial loss than any other movant—under either calculation—and she retained more shares than any other movant at the time of the corrective disclosure. Indeed, Ms. Sonthalia's financial interest is ***15.4%*** greater than the that of Stadium Capital under the LIFO method and is ***nearly 98.4%*** greater under the *Dura*-adjusted LIFO method. As such, Ms. Sonthalia "has the most to gain from the lawsuit" and is therefore, presumptively the most adequate plaintiff when considered on this basis. *See Cavanaugh*, 306 F.3d at 730 n.4; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### ii.    *Ms. Sonthalia satisfies Rule 23's requirements of typicality and adequacy.*

Once the court identifies the plaintiff with the largest financial stake in the litigation, "[i]t must then focus its attention on *that* plaintiff and determine, based on the information he [or she] has provided in his[/her] pleadings and declarations, whether he[/she] satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *FibroGen*, 2021 WL 3861454 at *3 (emphasis in original); s*ee also Cavanaugh*, 306 F.3d at 732 ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"). Moreover, the movant with the largest financial interest "need only make a *prima facie* showing [of its] typicality and adequacy." *Veal v. LendingClub Corp.*, 2018 WL 5879645, at *4 (N.D. Cal. Nov. 7, 2018).

"The test for typicality asks whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Melucci v. Corcept Therapeutics Inc.*, 2019 WL 4933611, at *4 (N.D. Cal. Oct. 7, 2019). Ms. Sonthalia's and the Class's claims all arise from the same alleged conduct by Defendants, and she will make the same legal arguments in support of Defendants' liability that other class members would. Further, like the Class she proposes to represent, Ms. Sonthalia purchased View securities at a wrongfully inflated price and suffered a loss once the truth was revealed. Ms. Sonthalia's claims are typical, if not identical, to the other

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

members of the Class, thus satisfying the typicality requirement for purposes of Lead Plaintiff appointment. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,* 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [the defendant's] common stock during the Class Period, allegedly in reliance upon [the d]efendants' purported false and misleading statements, and alleged[ly] suffered damages as a result").

The test for adequacy asks whether "the movant and its counsel have any conflicts of interest with other class members" and whether "the movant and its counsel [will] prosecute the action vigorously on behalf of the class." *In re Mersho*, 6 F.4th 891, 899-900 n.16 (9th Cir. 2021). Ms. Sonthalia's interests are perfectly aligned with, and are not antagonistic to, the Class's interests, and she has retained capable and qualified counsel that will vigorously represent the Class's interest. Indeed, Roche Freedman has been appointed, and is currently serving as, Lead Counsel in numerous securities class actions nationwide, including this District. *See* ECF No. 27, §IV.D.; ECF No. 30-4.

In addition to her *prima facie* showing of adequacy and typicality, Ms. Sonthalia has expressed her willingness and suitability to serve as Lead Plaintiff, as substantiated by the declaration submitted with her Motion. ECF No. 30-3. Ms. Sonthalia is a sophisticated investor, she holds a Bachelor of Commerce; is the director of a private limited company; has approximately 3 years of investing experience; is actively supervising counsel in this litigation; and is committed to achieving the best possible recovery for the Class (as reflected by her negotiation of a reduced percentage rate for attorneys' fees). *See id*; *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (considering "the process through which the lead plaintiff selected its candidates for and final choice of lead counsel"); *Rubke v. Cap. Bancorp*, 2006 WL 734390, at *5 (N.D. Cal. Mar. 21, 2006) (refusing to approve selected counsel until movants submitted information demonstrating that their choice resulted from good faith selection and negotiation); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020) (rejecting proposed lead plaintiff due in part to his "minimal and unsuccessful

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

negotiation" of the fee percentages in his retainer agreement).

Accordingly, Ms. Sonthalia satisfies the adequacy and typicality requirements of Rule 23 and is, therefore, entitled to the PSLRA's strong presumption that she is "most adequate lead plaintiff" to represent the Class.

**B.     There is no proof capable of rebutting Ms. Sonthalia's presumption.**

As stated above, Ms. Sonthalia is entitled to a strong presumption that she is the "most adequate plaintiff" to represent the Class. This presumption may be rebutted only upon proof by a member of the Class that she either, (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(3)(B)(iii)(II).

Mere speculation is insufficient to rebut this presumption. *See Maiman v. Talbott*, 2009 WL 10675075, at \*4 (C.D. Cal. Sept. 14, 2009) ("The mere suggestion of impropriety is not enough to overcome the presumption that the [movant with the largest financial interest] should be the lead plaintiffs."); *Mersho*, 6 F.4th at 901 ("Misgivings are not evidence that cast genuine and serious doubt on the plaintiff's willingness or ability to perform the functions of lead plaintiff.").

***No such proof exists***. As demonstrated *supra* and in her Motion, Ms. Sonthalia has the largest financial interest in the outcome of this litigation and has presented evidence above the necessary *prima facie* showing that she satisfies the adequacy and typicality requirements of Rule 23. Thus, "the presumption that [Ms. Sonthalia] is the most adequate lead plaintiff [cannot] be rebutted [and t]he Court therefore need not to proceed to consider the [Lead Plaintiff] motion of the movant with the next largest financial stake." *Melucci*, 2019 WL 4933611 at \*5. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [that plaintiff] is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Cavanaugh*, 306 F.3d at 732.

**C.     Ms. Sonthalia's choice of counsel should be approved.**

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The record confirms that Ms. Sonthalia's selections of counsel should be approved; Roche Freedman is qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* ECF No. 27, pp. 8-10.

### D.    All competing Lead Plaintiff motions should be denied.

As discussed in detail above, Ms. Sonthalia has the largest financial interest in this litigation and has made a *prima facie* showing of her typicality and adequacy, entitling her to the strong presumption of most adequate lead plaintiff. Moreover, there is no proof to rebut this strong presumption in favor of her appointment as Lead Plaintiff. Thus, the Court need not consider the Lead Plaintiff motions of any other movant. Ms. Sonthalia reserves the right to further address the competing movants' adequacy and typicality, if necessary, should they oppose her Motion.

## III.    CONCLUSION

For the foregoing reasons and those set forth in her Motion, Ms. Sonthalia respectfully requests that the Court appoint her as Lead Plaintiff, approve her selection of Roche Freedman as Lead Counsel for the Class, and deny all competing Lead Plaintiff motions.

DATED: November 1, 2021                    Respectfully Submitted,

                                           **ROCHE FREEDMAN LLP**

                                           */s/ Ivy T. Ngo*
                                           Ivy T. Ngo (249860)
                                           Constantine P. Economides (*pro hac vice* forthcoming)
                                           Velvel (Devin) Freedman (*pro hac vice* forthcoming)
                                           1 SE 3rd Avenue, Suite 1240
                                           Miami, Florida 33131
                                           T: (305) 971-5943
                                           ingo@rochefreedman.com
                                           ceconomides@rochefreedman.com
                                           vel@rochefreedman.com

                                           *Counsel for Movant Sweta Sonthalia and*
                                           *Proposed Lead Counsel for the Class*

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

**LABATON SUCHAROW LLP**
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
T: (212) 907-0870
F: (212) 883-7070
dschwartz@labaton.com

*Additional Counsel for Movant Sweta Sonthalia*

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 1, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By:    _/s/ Ivy T. Ngo_
       Ivy T. Ngo

12

**MEM. OF P. & A. IN FURTHER SUPP. OF SWETA SONTHALIA'S MOT. FOR APPOINTMENT AS LEAD PL. AND APPROVAL OF COUNSEL, AND IN OPP'N TO COMPETING MOTS. | CASE NO. 5:21-cv-06374-BLF**