**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
Emails: *lking@kaplanfox.com*
         *kherkenhoff@kaplanfox.com*

[Additional Counsel on Signature Page]

*Counsel for Movant Stadium Capital LLC and*
*Proposed Lead Counsel for the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH,<br><br>                 Defendants. | Case No.: 5:21-cv-06374-BLF<br><br>**<u>CLASS ACTION</u>**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF STADIUM CAPITAL LLC'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Judge:       Hon. Beth L. Freeman<br>Courtroom:  3, 5th Floor<br>Date:        January 6, 2022<br>Time:        9:00 a.m. |

## I.      PRELIMINARY STATEMENT

Of the numerous lead plaintiff motions initially filed, only two remain.  It is therefore critical to analyze which movant has the largest interest in the litigation using the appropriate methodology. As this Court has previously held, where, as here, the Complaint alleges a single corrective disclosure, the recoverable loss method is the most appropriate method to apply. *Hurst v. Enphase Energy, Inc.*, No. 20-CV-04036-BLF, 2020 WL 7025085, at *4 (N.D. Cal. Nov. 30, 2020) (Freeman, J.).  Under the recoverable loss method, Stadium Capital LLC ("Stadium Capital") has the largest financial interest in this litigation.  *See* ECF No. 46 at 5.[1]  Sonthalia does not even calculate her losses under the recoverable loss method utilized by this Court, perhaps because she is aware her losses are significantly smaller than those of Stadium Capital.[2]

Accordingly, because Stadium Capital has the largest financial interest and Sonthalia has not set forth *any* proof of inadequacy (or even argued) that Stadium Capital does not satisfy the typicality or adequacy requirements of Rule 23, the Court should appoint Stadium Capital as Lead Plaintiff and deny Sonthalia's motion.

Moreover, the Court should approve Stadium Capital's choice of counsel, Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), as Lead Counsel.  Kaplan Fox has a long history of significant recoveries in cases where it served as Lead Counsel in securities class actions.  Kaplan Fox has

---

[1] The cases cited by Sweta Sonthalia ("Sonthalia") in support of her argument that she has the largest financial interest are inapposite. *See* ECF No. 47 at 5-6. In *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,* there was *no dispute* regarding how to calculate financial interest. No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) ("neither [competing movant] argues that under a different calculation method, it would possess the largest financial interest in the litigation."). In both *Nutanix* and *FibroGen* the applicant with the largest financial interest *was the same* under each of the proposed methodologies. *See Scheller v. Nutanix, Inc.*, No. 19-CV-01651-WHO, 2021 WL 2410832, at *4 (N.D. Cal. June 10, 2021) ("Under any [of the proposed] method[s], however, the applicant with the largest financial interest is the Nutanix Investor Group"); *Xu v. FibroGen, Inc.*, No. 21-CV-02623-EMC, 2021 WL 3861454, at *5 (N.D. Cal. Aug. 30, 2021) ("[T]he Court finds that the Retirement Systems have the greatest financial interest in the litigation, whether measured as actual losses suffered or potential recovery under *Dura.*"). *Nicolow v. Hewlett Packard Co.* did not involve a single corrective disclosure, as here. No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (declining to give "significant weight" to recoverable loss calculations because they are "less useful analytical tools where gradual disclosures are involved").

[2] It is not determinative whether such methodology was presented in any initial motion. *See, e.g., Mulligan v. Impax Labs., Inc.*, 2013 WL 3354420, at *6, *9 (N.D. Cal. Jul. 2, 2013) (rejecting argument that a presumptive lead plaintiff should be disqualified for not submitting certain calculations in its initial motion).

REPLY MEMO OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF STADIUM CAPITAL LLC'S MOT. TO APPT. LEAD PLAINTIFF AND APPROVAL LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS

maintained offices in this District for more than 20 years. Therefore, it will be able to prosecute this action more efficiently than the two firms proposed by Sonthalia, neither of whom have offices in California.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Stadium Capital's recoverable losses of $56,964 make it the movant with the "largest financial interest" pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and thus the presumptively most adequate plaintiff to serve as Lead Plaintiff.

2.      Whether Sonthalia has failed to rebut upon proof the presumption that Stadium Capital is the most adequate plaintiff and should be appointed as Lead Plaintiff pursuant to the PSLRA.

3.      Whether the Court should approve Stadium Capital's selection of Kaplan Fox as Lead Counsel.

## II.      ARGUMENT

### A.      Stadium Capital Has the Largest Financial Interest

Stadium Capital has the largest financial interest in this litigation under the recoverable loss method using the methodology previously employed by this Court.  ECF No. 46 at 5.  Presumably aware that her recoverable losses are more than *fifteen times smaller* than those of Stadium Capital under this Court's methodology, Sonthalia ignores this Court's recent decision and proposes alternative methods to calculate recoverable loss in an effort to inflate her loss calculation.  *See Enphase*, 2020 WL 7025085, at *4.  Specifically, Sonthalia argues that "courts in this district generally consider the *Lax* Factors" and that "[m]ost courts in this district use the LIFO method to calculate a movant's estimated losses".  ECF No. 47 at 5 (internal quotations and citations omitted).  In support of her argument, Sonthalia created a chart purportedly comparing her financial interest in this litigation with Stadium Capital's.  *Id*. at 6.  Sonthalia's argument should be rejected for the following reasons.

First, Sonthalia's chart completely ignores, as if it does not exist, the recoverable loss methodology previously used by this Court to determine which movant has the largest financial interest.  Sonthalia disregarded this method, recently used by the Court in *Enphase*, even though

- 2 -

Case No. 5:21-cv-06374-BLF

Sonthalia's proposed lead counsel here endorsed the recoverable losses methodology on behalf of another client in *Enphase*.

Second, Sonthalia lists Stadium Capital as having a $6,302 "*Dura*-adjusted LIFO loss." ECF No. 47 at 6. Contrary to the detailed calculation presented by Stadium Capital, Sonthalia provided no explanation of how this number was calculated. *Id*. Stadium Capital is unable to determine what purported method Sonthalia used to calculate this number as it does not align with any methodology Stadium Capital is aware of and does not appear to have been applied in a consistent manner to Sonthalia in order to calculate her "*Dura*-adjusted LIFO loss." In fact, Sonthalia's calculation of her "*Dura*-adjusted LIFO loss" appears to simply take the difference between the purchase price and the 90-day average, which is not consistent with the holding in *Dura*.

As previously set forth, Stadium Capital's recoverable losses of *$56,964* are more than *fifteen times* Sonthalia's recoverable losses of *$3,625.44*. ECF No. 46 at 1, 5. Accordingly, Stadium Capital has the most to gain from this lawsuit and has the largest financial interest in the outcome of this litigation.

### B.      Stadium Capital Meets the Requirements of Rule 23

In addition to having the largest financial interest in the litigation, Stadium Capital also meets the typicality and adequacy requirements of Rule 23. ECF Nos. 31 at 6-7; 31-3. Stadium Capital's claims are based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of other class members as articulated in the complaints filed with the Court. As such, Stadium Capital satisfies the typicality requirement of Rule 23(a)(3). Stadium Capital also satisfies the adequacy requirement of Rule 23(a)(4), which requires that the representative party must fairly and adequately protect the interests of the class. Stadium Capital and its counsel do not have any conflicts of interest with other class members and will prosecute the action vigorously on behalf of the class. Moreover, it has proposed Lead Counsel that maintains

REPLY MEMO OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF STADIUM CAPITAL LLC'S MOT. TO APPT. LEAD PLAINTIFF AND APPROVAL LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS

offices in this District and has the experience and skill necessary to effectively litigate the action on behalf of the class.[3]  ECF No. 31-5.

Indeed, Sonthalia has not marshaled any evidence (or even argued) that Stadium Capital does not satisfy the requirements of Rule 23 or that its proposed counsel is not adequate. Accordingly, Stadium Capital meets all of the requirements for appointment as Lead Plaintiff.

## III.    CONCLUSION

For all of the foregoing reasons, Stadium Capital respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its choice of Kaplan Fox as Lead Counsel; (3) deny all competing motions; and (4) grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: November 8, 2021         By:   /s/   *Laurence D. King*
                                      Laurence D. King

Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*kherkenhoff@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice* to be filed)
Donald R. Hall (*pro hac vice* to be filed)
Jason A. Uris (*pro hac vice* to be filed)
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*juris@kaplanfox.com*

*Counsel for Movant Stadium Capital LLC and Proposed Lead Counsel for the Proposed Class*

---

[3] Sonthalia has proposed Roche Freedman LLP as Lead Counsel and Labaton Sucharow as Additional Counsel.  Neither firm maintains offices in California.

REPLY MEMO OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF STADIUM CAPITAL LLC'S MOT. TO APPT. LEAD PLAINTIFF AND APPROVAL LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS