UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VIEW, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-06374-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL**<br><br>[Re: ECF No. 74] |

On February 8, 2022, the Court issued an order appointing Stadium Capital LLC ("Stadium") as Lead Plaintiff and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel in this securities class against brought by Plaintiff Asif Mehedi against View, Inc. ("View"). *See* Order, ECF No. 67. In its Order, the Court denied the motions to appoint lead plaintiff and lead counsel filed by parties other than Stadium, including the motion filed by Sweta Sonthalia. *See id.* On February 22, 2022, Ms. Sonthalia filed a Motion for Leave to file a Motion for Reconsideration of the Court's order appointing Stadium as Lead Plaintiff and Kaplan Fox as Lead Counsel. *See* Motion, ECF No. 74. Ms. Sonthalia argues that under Civil Local Rule 7-9(b)(3), the Court manifestly failed to consider material facts or dispositive legal arguments which were presented to the Court by (1) "erroneously reject[ing]" the movants' purchase price in calculating the parties' losses and (2) the Court made an improper finding of fact at the lead plaintiff stage by declining to consider Ms. Sonthalia's losses before the alleged August 16, 2021 corrective disclosure ("Corrective Disclosure"). *See id.*

Under Civil Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Under Civil Local Rule 7-9(b), a motion for leave

to file a motion for reconsideration must show reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Ms. Sonthalia brings her motion under Civil Local Rule 7-9(b)(3), which requires her to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before it issued its Order. *See* Motion, ECF No. 74 at 1; Civ. L.R. 7-9(b)(3).

The Court declines to grant Ms. Sonthalia leave to file a motion for reconsideration. Ms. Sonthalia argues that the Court failed to consider the purchase price of her View stock in its Order. *See* Motion, ECF No. 74 at 6–9. To the contrary, the Court considered using purchase price in calculating the parties' losses, but it found that using the price of View stock just before the Corrective Disclosure provided for a better recoverable loss metric. *See* Order, ECF No. 67, at 9–15; *see also* Motion, ECF No. 74 at 6 ("The Court's methodology erroneously *rejected* the movants' purchase price") (emphasis added). Ms. Sonthalia points to cases in which courts factored in purchase price, including *Dura*, to argue that the Court should have done the same. *See id.* at 6–9. But the Court considered cases that used the stock purchase price in calculating losses, ultimately deciding to use a different metric—pre-Corrective Disclosure price—in calculating losses. *See* Order, ECF No. 67 at 9–15. Further, the Court explicitly considered *Dura*, although it chose a different approach consistent with the *Dura* principle that pre-corrective disclosure losses should not be factored into loss calculation. *See id.*; *Dura Pharma., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). Ms. Sonthalia also argues that the damages cap in the PSLRA incorporates purchase price.

1  *See* Motion, ECF No. 74 at 7 (citing 15 U.S.C. § 78u-4(e)).  Again, the Court considered this in its
2  Order.  *See* Order, ECF No. 67 at 14 ("And the statutory cap is exactly that—a cap—it does not
3  indicate that the Court cannot take into account a *lower* amount of damages than the limit provided
4  by the cap.")  Accordingly, the Court finds that its decision not to rely on purchase price in
5  calculating the parties' losses did not constitute a "manifest failure" to consider material facts.
6  Civ. L.R. 7-9(b).

7  Further, Ms. Sonthalia argues that the Court made an improper finding of fact at the lead
8  plaintiff stage by failing to consider the parties' losses from View stock price fluctuations prior to
9  the Corrective Disclosure.  *See* Motion, ECF No. 74 at 9–13.  Again—the Court considered these
10 losses, but it declined to factor these into its calculation of the parties' losses because they took place
11 before the *single* Corrective Disclosure alleged in the Complaint.  *See* Order, ECF No. 67 at 11;
12 Complaint, ECF No. 1 ¶¶ 34–35; Sonthalia Reply, ECF No. 48 at 2 (stating that a single corrective
13 disclosure is alleged here).  Accordingly, the Court did not make a finding of fact—it relied on the
14 allegations of a single Corrective Disclosure in the Complaint, which came *after* the losses Ms.
15 Sonthalia argues the Court should have considered.  Accordingly, the Court again finds that Ms.
16 Sonthalia has failed to point to a "manifest failure" by the Court to consider material facts.
17 Civ. L.R. 7-9(b).

18 Based on the above reasoning, the Court DENIES Ms. Sonthalia's motion for leave to file a
19 motion for reconsideration of the Court's order appointing Stadium as Lead Plaintiff and Kaplan
20 Fox as Lead Counsel.

21 **IT IS SO ORDERED.**

23 Dated: February 23, 2022

BETH LABSON FREEMAN
United States District Judge