**ROCHE FREEDMAN LLP**
Ivy T. Ngo (249860)
Constantine P. Economides (*pro hac vice* forthcoming)
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
1 SE 3rd Avenue
Suite 1240
Miami, Florida 33131
T: (305) 971-5943
ingo@rochefreedman.com
ceconomides@rochefreedman.com
vel@rochefreedman.com

*Counsel for Movant Sweta Sonthalia*

**LABATON SUCHAROW LLP**
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
T: (212) 907-0870
F: (212) 883-7070
dschwartz@labaton.com

*Additional Counsel for Movant Sweta Sonthalia*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH,<br><br>Defendants. | No. 5:21-cv-06374-BLF<br><br>**NOTICE OF MOTION AND MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS**<br><br>Judge: Beth Labson Freeman<br>Hearing: June 16, 2022<br>Time: 9:00 a.m.<br>Courtroom 3 – 5th Floor (San Jose) |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff Movant Sweta Sonthalia will and hereby does respectfully move this Court for a stay of proceedings in the above-captioned action pending disposition of the Petition for Writ of Mandamus in *Sonthalia v. USDC-CASJ*, No. 22-70044 (9th Cir. Mar. 14, 2022) (the "Mandamus Petition").[1] This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in Support Thereof, the Declaration of Ivy T. Ngo ("Ngo Decl.") filed herewith, and all exhibits attached thereto, and such other written and oral arguments as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT**

Ms. Sonthalia respectfully submits that this Action should be stayed because the Court's Lead Plaintiff Order (ECF No. 67) and its Order denying leave to reconsider the Lead Plaintiff Order ("Reconsideration Order") (ECF No. 76) are currently the subject of the Mandamus Petition. *See* Ngo Decl., Ex. A. If the Mandamus Petition is granted, the Ninth Circuit would find that this Court erred in appointing Stadium Capital, LLC ("Stadium") as Lead Plaintiff and would direct the Court to appoint Ms. Sonthalia in its stead. *See id.* Alternatively, the Ninth Circuit could resolve inconsistent case law and adopt a separate methodology, and this Court would have to reassess the movants' applications for appointment as Lead Plaintiff. Accordingly, until the Ninth Circuit has adjudicated the legal propriety of Stadium's appointment, Ms. Sonthalia respectfully submits that it would be improper and inefficient for this putative class action to proceed under Stadium's leadership.

On February 8, 2022, the Court entered its Lead Plaintiff Order granting Stadium's motion for appointment as Lead Plaintiff and approving its selection of counsel (ECF No. 31) and denying Ms. Sonthalia's Lead Plaintiff Motion (ECF No. 27). *See* ECF No. 67. In its Lead Plaintiff Order,

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed in Sonthalia's previous submissions (*see* ECF Nos. 27, 47-48, 74); emphasis is added; and internal citations are omitted.

1

the Court adopted a methodology for calculating loss that rendered the movants' purchase prices irrelevant to their claimed damages. *See id.* at 11. In doing so, the Court found that Stadium, a movant with the *second* largest loss under the traditional Economic Loss and *Dura* Recoverable Loss methodologies, had the "largest financial interest in the relief sought by the class" under the purchase-price-irrelevant methodology. *See id* at 14-15. As a result of this ruling, the movant with the largest financial interest, under methodologies that do account for purchase price, and who otherwise satisfied the requirements of Rule 23, was not appointed as Lead Plaintiff.

On February 22, 2022, based on the explicit guidance of the PSLRA and Supreme Court precedent, Ms. Sonthalia filed a motion for leave to reconsider the Lead Plaintiff Order. ECF No. 74. On February 23, 2022, the Court issued its Reconsideration Order denying Ms. Sonthalia's motion, maintaining Stadium's appointment as Lead Plaintiff in the Action. *See* ECF No. 76. In doing so, the Court again found that "using the price of View stock just before the Corrective Disclosure provided a better recoverable loss metric" than the actual price movants paid for their Class Period shares, purchased on the open market, when the price was artificially inflated as a result of the Defendants' misrepresentations. *See id.*

Also, on February 22, 2022, the Court entered an Order setting a schedule for the filing of an Amended Complaint (due April 19, 2022), Defendants' motion to dismiss the same (due June 20, 2022), Stadium's opposition to the Defendants' motion (due August 4, 2022), and Defendants' reply (due September 2, 2022) (the "Scheduling Order"). *See* ECF No. 73.

On March 14, 2022, Ms. Sonthalia filed her Mandamus Petition with the Ninth Circuit. *See* Ngo Decl., Ex. A. The Mandamus Petition seeks relief: (1) vacating the Lead Plaintiff Order and Reconsideration Order; (2) directing the Court to appoint Ms. Sonthalia as Lead Plaintiff in the Action; and/or (3) clarifying the contradictory caselaw among the Ninth Circuit's district courts regarding the relevancy of purchase price when calculating financial interest pursuant to the PSLRA. *See id.* at 7.

As of the date of this motion, pursuant to Rule 21(b) of the Federal Rules of Appellate Procedure, the Ninth Circuit has not denied the Mandamus Petition, nor has it issued an order setting a schedule to answer the Mandamus Petition.

Ms. Sonthalia respectfully submits that the deadlines of the Scheduling Order should be similarly stayed pending the Ninth Circuit's ruling on the Mandamus Petition.

## II. ARGUMENT

District courts' inherent authority to control their dockets empowers them with the broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, Ms. Sonthalia respectfully submits that all considerations of "economy of time and effort for [the Court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh in favor of staying these proceedings pending disposition of the Mandamus Petition. The Ninth Circuit still has to determine whether Stadium was appointed pursuant to a legally and factually correct application of the PSLRA's limitation on damages and the Supreme Court's decision in *Dura Pharms. Inc. v. Broudo*, 544 U.S. 336 (2005), and whether Ms. Sonthalia should have been appointed Lead Plaintiff instead. Thus, if this putative class action proceeds under Stadium's leadership before the Ninth Circuit adjudicates the Mandamus Petition, there is a concrete risk that this Action will proceed under the leadership of an improperly appointed Lead Plaintiff. There is also concrete risk that Stadium and Defendants will expend time and resources preparing and filing an Amended Complaint and fully briefing a motion to dismiss the same—all before the Ninth Circuit rules on the Mandamus Petition. *See* Scheduling Order, ECF No. 73. If the Ninth Circuit ultimately directs the Court to appoint Ms. Sonthalia as Lead Plaintiff, she may seek to file her own amended complaint, rendering moot Stadium's Amended Complaint, Defendants' motion to dismiss, and all related briefing. Accordingly, the parties will expend significant time and resources litigating the Action only to have to push the "reset" button in the event that the Lead Plaintiff and Reconsideration Orders are vacated.

The prospect that the Ninth Circuit may order additional briefing of the Mandamus Petition, hear oral arguments, and/or vacate the Lead Plaintiff and Reconsideration Orders further justifies the requested stay of proceedings. *See* Ngo Decl., Ex. B (*Borteanu v. Nikola Corp. et al.*, No. 2:20-cv-01797-SPL (D. Ariz. Mar. 2, 2021) (ECF No. 68) (granting a motion to stay proceedings in a securities class action pending resolution of a petition for writ of mandamus challenging the propriety of an order appointing lead plaintiff)); *see also* Ngo Decl., Ex. C (*In re Tesla, Inc. Sec. Litig.,* No. 18-cv-04865-EMC (N.D. Cal. Apr. 15, 2019) (ECF No. 211) (same)). Even with the possibility of additional briefing and oral arguments, however, Ms. Sonthalia does not anticipate a delay of years, but rather mere months for the Ninth Circuit to adjudicate the Mandamus Petition. *See* Ngo Decl., Ex. D-E (docket history of *Mersho v. USDC-AZP*, No. 20-cv-73819 (9th Cir. 2021)—*i.e.* appellate history of writ of mandamus challenging lead plaintiff appointment in *Nikola*, No. 2:20-cv-01797-SPL; and *Bridgestone Inv. Corp. v. USDC-CASF*, No. 19-cv-70031 (9th Cir. 2019)—*i.e.* appellate history of writ of mandamus challenging lead plaintiff appointment in *In re Tesla*, No. 18-cv-04865-EMC). As such, Ms. Sonthalia submits that the interests of judicial economy; an efficient use of party resources; and the need to avoid prejudice to the parties, all weigh in favor of issuing the requested stay of proceedings.

Ms. Sonthalia has conferred with counsel for Defendants and for Stadium regarding the relief sought by this Motion. Counsel for Defendants View, Inc. f/k/a CF Finance Acquisition Corp. II, Rao Mulpuri and Vidul Prakash stated that they take no position on Ms. Sonthalia's request for a stay. Counsel for Stadium indicated that it planned to oppose Ms. Sonthalia's request for a stay.

### III.  CONCLUSION

For the foregoing reasons, Ms. Sonthalia respectfully requests that the Court enter an Order staying the proceedings in this Action pending resolution of the Mandamus Petition by the United States Court of Appeals for the Ninth Circuit.

DATED: March 17, 2022                              Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (249860)
Constantine P. Economides (*pro hac vice* forthcoming)

4

Velvel (Devin) Freedman (*pro hac vice* forthcoming)
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
T: (305) 971-5943
ingo@rochefreedman.com
ceconomides@rochefreedman.com
vel@rochefreedman.com

*Counsel for Movant Sweta Sonthalia*

**LABATON SUCHAROW LLP**
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
T: (212) 907-0870
dschwartz@labaton.com

*Additional Counsel for Movant Sweta Sonthalia*

5
MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS
CASE NO. 5:21-cv-06374-BLF

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 17, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By:   */s/ Ivy T. Ngo*
      Ivy T. Ngo