**ROCHE FREEDMAN LLP**
Ivy T. Ngo (249860)
Constantine P. Economides (*pro hac vice* forthcoming)
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
1 SE 3rd Avenue
Suite 1240
Miami, Florida 33131
T: (305) 971-5943
ingo@rochefreedman.com
ceconomides@rochefreedman.com
vel@rochefreedman.com

*Counsel for Movant Sweta Sonthalia*

**LABATON SUCHAROW LLP**
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
T: (212) 907-0870
F: (212) 883-7070
dschwartz@labaton.com

*Additional Counsel for Movant Sweta Sonthalia*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH,<br><br>Defendants. | No. 5:21-cv-06374-BLF<br><br>**REPLY IN SUPPORT OF SWETA SONTHALIA'S MOTION FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS**<br><br>Judge: Beth Labson Freeman<br>Hearing: June 16, 2022<br>Time: 9:00 a.m.<br>Courtroom 3 – 5th Floor (San Jose) |

Ms. Sonthalia respectfully submits this Reply in Support of her Motion for Stay of Proceedings Pending Disposition of her Mandamus Petition.[1] ECF No. 77 ("Mtn."). Defendants took no position on Ms. Sonthalia's Motion. *Id.* at 4. Nonetheless, Stadium opposes, arguing that she failed to meet her burden of justifying this Court's exercise of judicial discretion to grant a stay. *See* ECF No. 79 ("Opp."). Stadium is wrong. As set forth in her Motion, Ms. Sonthalia has demonstrated that her Mandamus Petition raises serious questions on the merits and that there is a strong likelihood of success based on explicit statutory support and Supreme Court precedent. Further, the hardship Ms. Sonthalia would suffer should the Action proceed, and the interest of the public, weighs in favor of a stay. Moreover, Stadium's acknowledgement that its filing of an amended complaint will likely be "extended," regardless of this Motion, following View's March 28, 2022 announcement that its restatement is delayed until May 2022, further tips the scale in favor of a stay. *Id.* at n.9; *see also, View: Expects to Complete Financial Restatement and Release Full Year 2021 and Q1 2022 Financial Results in May 2022 - Form 8-K*, MARKETSCREENER (Mar. 28, 2022, 04:37 PM EDT), https://www.marketscreener.com/quote/stock/VIEW-INC-113776940/news/View-Expects-to-Complete-Financial-Restatement-and-Release-Full-Year-2021-and-Q1-2022-Financial-Re-39890169/. Ms. Sonthalia's Motion should, therefore, be granted.

Stadium references different cases to set forth the same standard met in Ms. Sonthalia's Motion for determining whether the Court should grant a stay pursuant to *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). For example, there is no dispute that "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable v. Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*, 299 U.S. at 254-55); *see* Opp. at n.9. This power may be exercised to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE-DAD, 2015 WL

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed in Ms. Sonthalia's previous submissions (*see* ECF Nos. 27, 47-48, 74, 77); emphasis is added; and internal citations are omitted.

1

4602968, at *2 (E.D. Cal. Jul. 29, 2015) (a stay is appropriate in an action where the outcome of another case may substantially affect it). In addition, Ms. Sonthalia agrees with Stadium that she has "the burden of showing that the circumstances justify an exercise of that discretion." Opp. at 4 (citing *Nken v. Holder*, 556 U.S. 418, 433-34, (2009), which cites *Landis*, 299 U.S. at 255).

As set forth in Stadium's cases, courts in this District and Circuit have clarified the standard for a stay where a mandamus petition has been filed. The factors considered "in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal[.]" *Powertech Tech. Inc. v. Tessera, Inc.*, No. 11-cv-6121-CW, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013). In ruling on a motion for stay pending an appeal, courts employ "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Golden Gate Rest. Ass'n v. City and Cty. of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury" if a stay is not granted. *Lopez*, 713 F.2d at 1435. "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Golden Gate*, 512 F.3d at 1116 (citing *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)). Further, courts "consider where the public interest lies separately from and in addition to" whether irreparable injury will result absent a stay. *Winter*, 502 F.3d at 863.

In other words, under Ninth Circuit precedent, the moving party must show that "irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; **or** (b) a substantial case on the merits and that the balance of hardships tips sharply in the [movant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011); *see e.g., Equal Emp. Opportunity Comm'n. v. Peters' Bakery*, No. 13-CV-04507-BLF, 2015 WL 13358147 (N.D. Cal. Mar. 4, 2015). The exercise of judgment calls for the Court to weigh "competing interests," thus the moving party must "make out a clear case of hardship

or inequity in being required to go forward." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255). Ms. Sonthalia has met this standard.

As detailed in her opening brief, the Mandamus Petition raises "serious questions." Specifically, Ms. Sonthalia asks the Ninth Circuit to determine which movant has a statutory right to lead the putative class in the above-captioned action, and to oversee this litigation. *See* Mtn. at 1; ECF No. 78-1. If granted, Ms. Sonthalia would be appointed Lead Plaintiff or inconsistent case law relating to the methodology for calculating losses at the Lead Plaintiff stage would be resolved – requiring this Court to reassess the Lead Plaintiff motions. *See id*. In addition, Ms. Sonthalia respectfully asserts that she is likely to succeed on the merits because, pursuant to the explicit guidance of the PSLRA and Supreme Court precedent, she has the "largest financial interest" under both the traditional Economic Loss and *Dura* Recoverable Loss methodologies, and thus has the presumptive right to lead this litigation. Mtn. at 2; *see Holder*, 640 F.3d at 966-67 ("petitioners need not demonstrate that it is more likely than not that they will win on the merits," rather the moving party need only show a "reasonable probability" for relief on the merits).

Next, absent a stay, Ms. Sonthalia will be substantially harmed because Stadium will proceed with its investigation and file an amended complaint, denying Ms. Sonthalia of her statutory right to oversee this litigation should the Ninth Circuit ultimately rule in her favor. *See* Mtn. at 3. Moreover, if Defendants successfully move to dismiss Stadium's amended complaint, there is no guarantee that this Court will allow another amendment. *See e.g., Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (A district court "may [in its discretion] deny leave to amend due to 'undue to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'") (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Further, given that Stadium's role as Lead Plaintiff has become uncertain, Ms. Sonthalia and the putative class should not be subject to Lead Counsel's decision-making regarding the amended complaint or potential mediation or settlement. Mtn. at 3; *see Cohen v. U.S. Dist. Court for the N. Dist. of Cal*., 586 F.3d 703, 709 (9th Cir. 2009).

A short stay, on the other hand, would not prejudice Stadium, or any other party, given the high likelihood of a stay pending View's restatement – as Stadium itself concedes – and the case's early procedural posture. *See* Opp. at n.9 ("[T]he submission of that amended complaint may be extended due to the slight delay View recently announced as to the submission of its restatement (originally to be done by March 31, 2022 and now continued to approximately May 2022)"); Mtn. at 4; *see also Ocean Beauty Seafoods LLC v. Pac. Seafood Grp. Acquisition Co. Inc.*, No. C14-1072RSM, 2015 WL 12977383, at *2 (W.D. Wash. Oct. 16, 2015) (granting stay as it would not "be prejudicial to Plaintiffs given the current posture of this matter"). Likewise, as this Court knows, pursuant to the PSLRA, discovery is stayed in securities fraud actions until the resolution of a motion to dismiss, thus, Stadium's assertion that a stay would prevent it from "seek[ing] leave to issue document preservation subpoenas or … respond[ing] to unexpected activities of the Defendants" is procedurally premature and speculative. Opp. at 6. Accordingly, balancing the hardships and inequities tips in favor of Ms. Sonthalia.

Lastly, contrary to Stadium's assertions, the public would indeed be served by a stay because, pursuant to the PSLRA, the putative class in securities fraud actions benefits from having the Class member with the "largest financial interest in the relief sought by the class," overseeing the litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also* Mtn. at 3. Likewise, the putative class benefits from preventing unnecessary judicial costs associated with Stadium's investigation, the filing of an amended complaint and subsequent briefing of a motion to dismiss the same, should the Ninth Circuit ultimately rule in Ms. Sonthalia's favor. Mtn. at 3. Further, "[t]he public interest is served in preserving the integrity of the right to appellate review." *See Toomey v. Ariz.*, No. CV-19-00035-TUC-RM (LAB), 2021 WL 4915370, at *3 (D. Ariz. Oct. 21, 2021).

Based on the foregoing reasons and those asserted in Ms. Sonthalia's Motion, this Court should stay the proceedings pending the disposition of the Mandamus Petition.

DATED: April 7, 2022                             Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (249860)

4

Constantine P. Economides (*pro hac vice* forthcoming)
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
T: (305) 971-5943
ingo@rochefreedman.com
ceconomides@rochefreedman.com
vel@rochefreedman.com

*Counsel for Movant Sweta Sonthalia*

**LABATON SUCHAROW LLP**
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
T: (212) 907-0870
dschwartz@labaton.com

*Additional Counsel for Movant Sweta Sonthalia*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 7, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By: */s/ Ivy T. Ngo*
Ivy T. Ngo