UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VIEW, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-06374-BLF<br><br>**ORDER DENYING SWETA SONTHALIA'S MOTION FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS**<br><br>[Re: ECF No. 77] |

Before the Court is Sweta Sonthalia's motion to stay the above-captioned securities class action pending disposition of her petition for a writ of mandamus before the Ninth Circuit. Ms. Sonthalia and Stadium Capital LLC ("Stadium") filed competing motions to be appointed Lead Plaintiff, in which they disputed which party had the greater financial interest in the litigation based on different recoverable loss formulas. *See* ECF Nos. 27, 31, 46–49, 61. The Court adopted Stadium's formula and appointed Stadium as Lead Plaintiff. *See* ECF No. 67. In response, Ms. Sonthalia filed a mandamus petition requesting that the Ninth Circuit vacate the Court's order appointing Stadium as Lead Plaintiff. *See* Motion, ECF No. 77. Now, Ms. Sonthalia moves to stay pending disposition of her mandamus petition. *See* Motion, ECF No. 77. Stadium opposes. *See* Opposition, ECF No. 79.

Based on the below reasoning, the Court DENIES Ms. Sonthalia's stay motion WITHOUT PREJUDICE to seeking a stay from the Ninth Circuit.

I.  **BACKGROUND**

On October 18, 2021, Ms. Sonthalia and Stadium filed competing motions to be appointed Lead Plaintiff in this securities class action. *See* ECF Nos. 27, 31. The primary dispute between

1  Ms. Sonthalia and Stadium was how to calculate recoverable loss—under Ms. Sonthalia's formulas, she had a higher recoverable loss from Defendants' alleged securities law violations, whereas under Stadium's formula, it had a higher recoverable loss. *See* ECF No. 61-1. On February 8, 2022, the Court appointed Stadium as Lead Plaintiff and its counsel Kaplan Fox & Kilsheimer LLP as Lead Counsel. *See* Order, ECF No. 67. The Court adopted Stadium's recoverable loss formula, since it sought to disregard fluctuations in View's stock price prior to the single alleged corrective disclosure in this case, whereas Ms. Sonthalia's formula factored in these fluctuations. *See id.* at 10–15. The Court granted Stadium and Defendants' stipulation setting the deadline for filing an amended complaint on April 19, 2022 and setting deadlines for briefing on any motions to dismiss. *See* ECF No. 73.

On February 22, 2022, Ms. Sonthalia filed a motion for leave under Civil Local Rule 7-9(b)(3) to file a motion for reconsideration of the Court's order appointing Stadium as Lead Plaintiff. *See* ECF No. 74. Ms. Sonthalia argued that the Court failed to consider the movants' purchase price and made improper findings of fact regarding loss causation at the Lead Plaintiff stage in adopting Stadium's recoverable loss formula. *See* ECF No. 74. The Court denied Ms. Sonthalia leave to file a motion for reconsideration, finding that Ms. Sonthalia had failed to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order" under Civil Local Rule 7-9(b)(3). *See* Order, ECF No. 76.

On March 14, 2022, Ms. Sonthalia filed a petition for a writ of mandamus requesting that the Ninth Circuit vacate the Court's order appointing Stadium as Lead Plaintiff and direct the Court to appoint Ms. Sonthalia as Lead Plaintiff. *See* Ngo Decl., ECF No. 78, Ex. A. On March 17, 2022, Ms. Sonthalia filed a motion to stay this case pending disposition of her petition for a writ of mandamus, arguing that her mandamus petition raises serious questions regarding the Court's order appointing Stadium as Lead Plaintiff. *See* Motion, ECF No. 77; Reply, ECF No. 81. Further, Ms. Sonthalia argues that irreparable harm, public interest, and judicial economy considerations favor letting this case proceed under an improperly appointed Lead Plaintiff. *See id.* Stadium opposes, arguing that Ms. Sonthalia's likelihood of success on obtaining a "extraordinary" remedy like a

1  mandamus petition related to an issue on which the Ninth Circuit has provided little guidance is too
2  slight for this case to be delayed to Stadium's prejudice. *See* Opposition, ECF No. 79.

## II. LEGAL STANDARD

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citations omitted). A movant does not have an absolute right to a stay "even if irreparable injury might otherwise result." *Id.* at 433 (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, the propriety of granting a stay depends on the "circumstances of the particular case." *Id.* (citing *Virginian Ry.*, 272 U.S. at 672–73). A court may accordingly "grant or deny a stay in accordance with its best judgment." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10–CV–01189–LHK, 2011 WL 2293221, at *2 (N.D. Cal. June 8, 2011).

Factors governing the issuance of a stay are "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The Ninth Circuit has . . . held that in order to qualify for a stay pending appeal under the *Hilton* factors, a moving party must show (1) at least a 'substantial case for relief on the merits' on appeal; (2) probable irreparable harm if no stay is granted; (3) that the balance of harms tips in favor of the moving party; and (4) that a stay is in the public interest." *Guifu Li*, 2011 WL 2293221, at *3 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)). The factors considered in determining whether a stay pending a petition for writ of mandamus is warranted are the same as a stay pending appeal. *See Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 1164966, at *1 (N.D. Cal. March 20, 2013) (citations omitted). An alternative to this standard is the "substantial questions" test, which requires the moving party to demonstrate "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff," along with a "likelihood of irreparable injury." *Id.* (citing *Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, 512 F.3d 1112, 1116 (9th Cir. 2008)).

### III. DISCUSSION

The Court considers whether Ms. Sonthalia has made a sufficient showing as to each of the *Hilton* factors, considering the various tests the Ninth Circuit has used to assess a motion for a stay pending appeal implicating those factors. *See Hilton*, 481 U.S. at 776; *Golden Gate*, 512 F.3d at 1116. Under the *Hilton* factors for a stay pending appeal, courts consider whether the moving party has shown (1) at least a 'substantial case for relief on the merits' on appeal; (2) probable irreparable harm if no stay is granted; (3) that the balance of harms tips in favor of the moving party; and (4) that a stay is in the public interest. *See Guifu*, 2011 WL 2293221, at *3. The Court will consider each of these factors in turn.

#### A. Merits

First, the Court considers whether Ms. Sonthalia has made a sufficient showing of likelihood of success on the merits. Ms. Sonthalia argues that based on the PSLRA and Supreme Court precedent, she has raised serious questions going to the merits of the Court's order appointing Stadium as Lead Plaintiff in her mandamus petition. *See* Reply, ECF No. 81 at 3; Motion, ECF No. 77 at 2. In response, Stadium argues that writs of mandamus are an extraordinary remedy rarely accepted for review. *See* Opposition, ECF No. 79 at 1. Further, Stadium argues that the Ninth Circuit has not adopted a specific formula to calculate losses for a motion to appoint Lead Plaintiff, but rather has indicated that district courts "may select accounting methods that are both rational and consistently applied." *See id.* at 2 (quoting *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002)); *id.* at 5–6.

The Court agrees with Stadium. The Court recognizes the difficulty a court has in determining the likelihood of a party's success in overturning its own prior ruling. However, the Court nonetheless finds that given the negligible likelihood that Ms. Sonthalia's mandamus petition is granted, she has not demonstrated a likelihood of success or a serious question going to the merits of this case. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Further, the Ninth Circuit has given district courts considerable leeway in calculating recoverable loss amounts for the purpose of appointing a lead plaintiff in securities class actions. *See Cavanaugh*, 306 F.3d at 730 n.4;

*Perlmutter v. Intuitive Surgical, Inc.*, No. 10–CV–03451–LHK, 2011 WL 566814, at *3 (N.D. Cal. Feb. 15, 2011) ("[N]either the PSLRA nor the Ninth Circuit specifies precisely how to calculate which plaintiff has the largest financial interest."). Ms. Sonthalia cannot point to a single example of a court granting a stay under similar circumstances. *See Borteanu v. Nikola Corp.*, No. CV–20–01797–PHX–SPL, ECF No. 68, at 1 (D. Ariz. Mar. 1, 2021) (granting stay to which parties had stipulated); *In re Tesla, Inc. Secs. Litig.*, No. 18–cv–004865–EMC, ECF No. 211, at 1 (N.D. Cal. Apr. 15, 2019) (granting stay motion where "[n]o party substantively opposed the motion").

Ms. Sonthalia argues that she has raised "serious questions" going to the merits or demonstrated a "substantial case" on the merits, pointing to the fact that the Ninth Circuit has found such a showing sufficient when accompanied by a balance of hardships that tips sharply in the movant's favor. *See* Reply, ECF No. 81 at 2–3 (citing *Golden Gate*, 512 F.3d at 1116; *Leiva-Perez*, 640 F.3d at 970). Given the high standard for a mandamus petition and the fact that the Ninth Circuit has not specified precisely how to calculate a party's financial interest on a motion to appoint a Lead Plaintiff, the Court disagrees that Ms. Sonthalia has met her burden as to these lower thresholds for showing likelihood of success on the merits. Further, even if Ms. Sonthalia had raised "serious questions" or presented a "substantial case," she has failed to show that the balance of hardships is anything more than even between her and Stadium, as the Court outlines below.

Accordingly, the Court finds that Ms. Sonthalia has not met her burden for showing that her mandamus petition has a strong or substantial likelihood of success or that it raised a serious question as to the merits. *See, e.g.*, *Powertech*, 2013 WL 1164966, at *1; *Leiva-Perez*, 640 F.3d at 970.

### B.   Irreparable Harm without Stay

Second, the Court considers whether Ms. Sonthalia has adequately demonstrated that she will suffer irreparable harm if the Court declines to stay the case. Ms. Sonthalia argues that the case may proceed under the leadership of an improperly appointed Lead Plaintiff if it is not stayed. *See* Motion, ECF No. 77 at 3; Reply, ECF No. 81 at 3. Further, Ms. Sonthalia argues that if Defendants successfully move to dismiss Stadium's amended complaint, there is no guarantee that the Court will allow another amendment. *See* Reply, ECF No. 81 at 3. In response, Stadium argues that Ms.

1    Sonthalia presumes that Stadium's amended complaint will be insufficient and that the Court will
2    not be able to fashion a remedy to allow Ms. Sonthalia to plead the same claims if her mandamus
3    petition is granted.  *See* Opposition, ECF No. 79 at 4 n.7.

4    The Court agrees with Stadium.  The irreparable harm Ms. Sonthalia points to is too
5    speculative.  Stadium has not even filed an amended complaint, and if Defendants choose to file a
6    motion to dismiss, they may wait to do so until June 20, 2022.  *See* Order, ECF No. 73 ¶ 2; *see also*
7    Opposition, ECF No. 79 at 6 n.9 (indicating potential delays to the schedule).  Further, while the
8    Court cannot foreclose the possibility that it will deny leave to amend if it were to dismiss a
9    complaint not currently before it, courts commonly grant leave to amend when granting the first
10   motion to dismiss filed in a securities class action.  *See, e.g.*, *Osher v. JNI Corp.*, 183 Fed.Appx. 604,
11   605 (9th Cir. 2006) ("Leave to amend is to be granted with extreme liberality in securities fraud
12   cases[.]"); *Veal v. Lendingclub Corp.*, No. 18–cv–02599–BLF, 2020 WL 3128909, at *16
13   (N.D. Cal. June 12, 2020) (granting leave to amend where "the current motion to dismiss is the first
14   pleading to attack the sufficiency of Plaintiffs' allegations, the current decision by the district court
15   is the first to address the sufficiency of those allegations, and Plaintiffs are seeking their first
16   opportunity to cure those deficiencies.") (internal quotations and modifications omitted) (quoting
17   *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016)); *see also Arizona*
18   *Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016).

19   Based on the above reasoning, the Court finds that Ms. Sonthalia has failed to show that she
20   is likely to suffer irreparable harm in the absence of a stay.

21   **C.     Balance of Harms**

22   Third, the Court considers whether the balance of harms tips in Ms. Sonthalia's favor.  Ms.
23   Sonthalia argues that if no stay were issued, there is a concrete risk that the Court, counsel, and the
24   parties will spend time and effort on a motion to dismiss that could be rendered moot if the Ninth
25   Circuit grants Ms. Sonthalia's mandamus petition.  *See* Motion, ECF No. 77 at 3–4; Reply,
26   ECF No. 81 at 4.  Further, Ms. Sonthalia argues that Stadium would not be prejudiced by a stay,
27   given the case's early procedural posture and the high likelihood of delays pending View's belated
28   submission of its restatement.  *See* Reply, ECF No. 81 at 4; *see also* Opposition, ECF No. 79 at 6 n.9.

1    Additionally, Ms. Sonthalia expects any stay would only last months given the timeline on which
2    the Ninth Circuit has adjudicated other mandamus petitions related to orders appointing a lead
3    plaintiff. *See* Motion, ECF No. 77 at 4. In response, Stadium argues that it would be harmed if the
4    case were delayed, since it would not be able to file its amended complaint, issue document
5    preservation subpoenas, or respond to "unexpected activities of the Defendants." *See* Opposition,
6    ECF No. 79 at 6.

7    The Court finds that the balance of harms is at best even between Ms. Sonthalia and Stadium,
8    so Ms. Sonthalia has failed to show that it tips in her favor. Both sides have little more than
9    speculative harm to point to at this early stage of the case. While courts consider "economy of time
10   and effort" in assessing the propriety of a stay, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), Ms.
11   Sonthalia can only point to harms that will accrue to the parties and the Court if her mandamus
12   petition is granted—which, as the Court outlined above, is speculative. Stadium can only point to
13   harms from delay in the litigation, even though it appears that the case will face delays regardless
14   of whether a stay issues. *See* Opposition, ECF No. 79 at 6 n.9.

15   Based on the above reasoning, the Court finds that Ms. Sonthalia has failed to show that the
16   balance of harms weighs in favor of a stay—let alone that it "tips sharply" in her favor. *See, e.g.*,
17   *Powertech*, 2013 WL 1164966, at *1.

### D. Public Interest

19   Fourth, the Court considers whether the public interest favors a stay. Ms. Sonthalia argues
20   that the public would be served by a stay, because under the PSLRA, the putative class in a securities
21   fraud class action benefits from a Lead Plaintiff with the largest financial interest at issue. *See*
22   Reply, ECF No. 81 at 4. Further, Ms. Sonthalia argues that the putative class would benefit from
23   avoiding the unnecessary judicial costs of filing an amended complaint and briefing related to a
24   motion to dismiss that may ultimately be mooted by the Ninth Circuit. *See id.* In response,
25   Defendants argue that the extremely low probability of success as to Ms. Sonthalia's mandamus
26   petition attenuates any public interest in a stay. *See* Opposition, ECF No. 79 at 7.

27   The Court agrees with Defendants. Any public interest in a stay is too speculative. Unless
28   the Ninth Circuit grants Ms. Sonthalia's mandamus petition, there is no public interest in keeping

Stadium from serving as Lead Plaintiff in this case, given that the Court has determined Stadium has the largest financial interest in this case. *See* Order, ECF No. 67.

\* \* \*

Since Ms. Sonthalia has failed to show a "strong" or "substantial" likelihood of success on the merits of her mandamus petition, or that her petition raised "serious questions going to the merits" of this action, she has failed to meet any of the alternative tests the Ninth Circuit has provided for a stay motion pending appeal. *See Powertech*, 2013 WL 1164966, at \*1; *Leiva-Perez*, 640 F.3d at 970. Further, Ms. Sonthalia has failed to show a likelihood that she will suffer irreparable harm in the absence of a stay, that the public interest significantly favors granting a stay, or that the balance of harms in this case is anything more than even between Ms. Sonthalia and Stadium. *Leiva-Perez*, 640 F.3d at 970.

Accordingly, the Court finds that Ms. Sonthalia has failed to meet her burden for showing that a stay is appropriate in this case.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Ms. Sonthalia's motion to stay the above-captioned case pending disposition of her mandamus petition is DENIED WITHOUT PREJUDICE to seeking a stay from the Ninth Circuit.

Dated: April 11, 2022

_____
BETH LABSON FREEMAN
United States District Judge