**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SWETA SONTHALIA, | No.   22-70044 |
| SWETA SONTHALIA, | D.C. No. 5:21-cv-06374-BLF |
| Petitioner, | MEMORANDUM* |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE, | |
| Respondent, | |
| VIEW, INC., FKA CF Finance Acquisition Corp. II; et al., | |
| Real Parties in Interest. | |

Petition for Writ of Mandamus

Argued and Submitted August 11, 2022
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

Sweta Sonthalia petitions for a writ of mandamus to vacate the district court's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

order declining to appoint her as lead plaintiff in this securities fraud action under the Private Securities Litigation Reform Act (PSLRA). We have jurisdiction under 28 U.S.C. § 1651 and deny the writ.

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quotations omitted). It is only appropriate in "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re United States*, 884 F.3d 830, 834 (9th Cir. 2018) (quoting *Cheney*, 542 U.S. at 380). In deciding whether to grant mandamus relief, we weigh the five factors set forth in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). *See In re Mersho*, 6 F.4th 891, 897–98 (9th Cir. 2021). "The third factor, clear error as a matter of law, is a necessary condition for granting a writ of mandamus." *In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011). This is "a highly deferential standard," and "[m]andamus will not issue merely because the petitioner has identified legal error." *Id.*

The PSLRA instructs courts to appoint as lead plaintiff the "most adequate plaintiff," which it defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Courts must presume that a plaintiff is "the most adequate plaintiff" if he or she "in the determination of the court, has the largest financial interest in the relief sought by the class," *id.* § 78u-

2

4(a)(3)(B)(iii)(I)(bb), and meets certain other procedural requirements. *Id.* § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). To make this determination, "the district court must calculate each potential lead plaintiff's financial interest in the litigation." *Id.* at 730 n.4. "In so doing, the court may select accounting methods that are both rational and consistently applied." *Id.* The PSLRA does not provide a specific method for this calculation.

The district court did not commit clear legal error in choosing Stadium Capital LLC as the lead plaintiff. The court acknowledged that it had to make a preliminary assessment of comparative financial interest at the lead-plaintiff stage. The court was also mindful of the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), which held that courts must ensure that the defendant's misrepresentation "proximately caused the plaintiff's economic loss." *Id.* at 345–46. Citing *Dura*, the court found Sonthalia's methods of calculating financial interest less appropriate because they included losses that occurred "prior to the single Corrective Disclosure alleged in this case," and were therefore "likely not linked to the alleged fraud."

Instead, the court adopted Stadium's approach, which has been utilized by district courts in other cases. *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at *4 (N.D. Cal. 2020); *Markette v. XOMA Corp.*, 2016 WL 2902286, at *6 (N.D. Cal. 2016). Based on the information before it at this early stage of the case, and when

3

the defendant's stock price had already "plummeted" before the corrective disclosure, the district court could permissibly choose an accounting methodology that excluded earlier stock depreciation that may not have been tied to the alleged fraud.

On this record, Sonthalia has thus not demonstrated that the district court's methodology was not "rational and consistently applied," *In re Cavanaugh*, 306 F.3d at 730 n.4, much less that the district court clearly erred as a matter of law in selecting the accounting methodology that it applied to determine the lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Nor has Sonthalia established that her preferred accounting approach is required as a matter of law.

**WRIT DENIED.**

4