MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
LARA MCDONOUGH (CA SBN 340017)
LMcDonough@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendant
VIDUL PRAKASH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, TOM LEPPERT, HAROLD HUGHES, NIGEL GORMLY, TOM PATTERSON, BILL VEGHTE, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTO FITZGERALD, L.P., CF GROUP MANAGEMENT, INC., AND PRICEWATERHOUSECOOPERS LLP, <br><br> Defendants. | Case No. 5:21-cv-06374-BLF <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANT VIDUL PRAKASH'S NOTICE OF JOINDER AND MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Judge:    Hon. Beth Labson Freeman <br> Date:     April 20, 2023 <br> Time:     9:00 a.m. <br> Ctrm:     3 |

**NOTICE OF JOINDER AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL:  Please take notice that on April 20, 2023, at 9:00 a.m., or at such other time as the matter by be heard, in the courtroom of the Honorable Beth Labson Freeman, in Courtroom 3 of the U.S. District Court, 280 South 1st Street, San Jose, CA 95113, Defendant Vidul Prakash ("Prakash") joins in the Motion to Dismiss filed by Defendants View, Inc. ("View") and certain individuals (the "View Motion").  All abbreviations used herein are defined in the View Motion.  Defendant Prakash separately moves to dismiss the Complaint (ECF No. 96) pursuant to Fed. R. Civ. P. 12(b)(6), given Plaintiff's failure to state a claim against him in compliance with the PSLRA's "exacting pleading standards."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), as amended (Feb. 10, 2009).

Prakash's motion is based on this notice of joinder and motion to dismiss, the attached Memorandum of Points and Authorities, and upon such other arguments as may be presented before the Court takes this matter under submission.

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether the Court should dismiss Plaintiff's Section 10(b) claim against Vidul Prakash given Plaintiff's failure to plead facts giving rise to a "strong inference" of his scienter.

2.  Whether the Court should dismiss Plaintiff's Section 20(a) claim against Vidul Prakash given Plaintiff's failure to plead (a) a predicate violation and (b) his "control" over others.

**TABLE OF CONTENTS**

Page

NOTICE OF JOINDER and MOTION TO DISMISS ................................................................. i

STATEMENT OF ISSUES TO BE DECIDED ...................................................................... i

I.    INTRODUCTION ........................................................................................................ 1

II.   BACKGROUND ......................................................................................................... 1

III.  ARGUMENT .............................................................................................................. 1

    A.    Plaintiff Fails to Plead Facts Giving Rise to A "Strong Inference" That Prakash Acted with Scienter. ...................................................................... 1

    B.    Plaintiff's Alternative "Scheme" Claim Fails. ......................................... 4

    C.    Plaintiff's Section 20(a) Claim Should Be Dismissed. ............................ 4

    D.    Prakash Cannot Be Liable For Conduct After He Left View. ................. 4

IV.   CONCLUSION ........................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alphabet, Inc. Sec. Litig.*,
    1 F.4th 687 (9th Cir. 2021)..................................................................................................4

*Berry v. Valence Tech., Inc.*,
    175 F.3d 699 (9th Cir. 1999)..............................................................................................4

*City of Dearborn Heights v. Align Tech.*,
    856 F.3d 605 (9th Cir. 2017)..............................................................................................2

*In re Daou Sys. Inc.*,
    411 F.3d 1006 (9th Cir. 2005)..........................................................................................3, 4

*Howard v. Everex Sys., Inc.*,
    228 F.3d 1057 (9th Cir. 2000)............................................................................................4

*Lloyd v. CVB Fin. Corp.*,
    811 F.3d 1200 (9th Cir. 2016)..........................................................................................1, 2

*Luna v. Marvell Tech. Grp.*,
    2017 WL 2171273 (N.D. Cal. May 17, 2017) ....................................................................4

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008)..........................................................................................1, 2

*Nguyen v. Endologix, Inc.*,
    962 F.3d 405 (9th Cir. 2020)..............................................................................................4

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014)............................................................................................4

*Or. Pub. Emps. Re. Fund v. Apollo Group Inc.*,
    774 F.3d (9th Cir. 2014)......................................................................................................2

*Prodanova v. H.C. Wainwright & Co.*,
    993 F.3d 1097 (9th Cir. 2021)............................................................................................4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)............................................................................................................3

*In re VeriFone Sec. Litig.*,
    704 F.3d 694 (9th Cir. 2012)..............................................................................................2

*Webb v. SolarCity Corp.*,
    884 F.3d. 844 (9th Cir. 2018)..........................................................................................1, 2, 3

# TABLE OF AUTHORITIES

**Page(s)**

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009)........................................................................................ i, 1, 2, 3

**Federal Statutes**

Securities Exchange Act, § 10(b)..............................................................................................1, 4

Securities Exchange Act, § 20(a) ..............................................................................................1, 4

**Federal Rules**

Fed. R. Civ. P. 10b-5(a) and (c) ....................................................................................................4

Fed. R. Civ. P. 12(b)(6)................................................................................................................ i

## I.    INTRODUCTION

This Court should dismiss Plaintiff's claims against Vidul Prakash. Plaintiff pleads no facts giving rise to a strong inference of his scienter. Indeed, Plaintiff alleges almost nothing about Prakash, other than that he resigned as CFO at View, and that View subsequently restated financial statements for warranty accruals. Plaintiff does not allege any facts about Prakash's knowledge of, or involvement in, View's warranty accrual decisions at any time.

The non-culpable inferences are stronger than any malicious inference. Prakash has no alleged motive to defraud. He sold no View stock. The most cogent inference is that mistakes were made, as determined only after a hindsight review of prior accounting decisions. Under controlling Ninth Circuit cases affirming dismissal of accounting fraud claims—*Align*, *Apollo*, *Lloyd*, *Metzler*, *Webb*, and *Zucco*—Plaintiff's allegations are insufficient to withstand dismissal.

## II.    BACKGROUND

Prakash served as View's CFO until November 8, 2021, six months before the Class Period's conclusion. (¶¶ 1, 25.) Prakash resigned after an audit committee investigation. (¶ 25.) View disclosed its intent to restate its financials on November 9, 2021. (¶ 9.) On May 31, 2022, View announced restated warranty accruals for fiscal years 2019-2020. (¶ 14.)

Plaintiff asserts claims against Prakash under Sections 10(b) and 20(a) of the Exchange Act. Plaintiff claims that he is liable for financial statements included in View's SEC filings made during his tenure (and even after) that reported View's warranty accruals. (¶ 25.) Plaintiff alleges nothing about Prakash's role, responsibilities, or knowledge of View's accounting, let alone any facts showing that he was aware that View incorrectly accounted for its warranty accruals.

## III.    ARGUMENT

### A.    Plaintiff Fails to Plead Facts Giving Rise to A "Strong Inference" That Prakash Acted with Scienter.

This Court should dismiss Plaintiff's Section 10(b) claim against Prakash, because the Complaint does not plead particularized facts giving rise to a "strong inference" of scienter—an "intent to deceive, manipulate, or defraud," or "deliberate recklessness." *Webb v. SolarCity Corp.*, 884 F.3d. 844, 851 (9th Cir. 2018). A scienter inference is "strong" only "if the malicious inference

DEF. PRAKASH'S NOTICE OF JOINDER & MOTION TO DISMISS; MPA
CASE NO. 5:21-CV-06374-BLF                                              1

is at least as compelling as any opposing innocent inference." *Zucco*, 552 F.3d at 991. The claim against Prakash boils down to this: View restated its financial results after Prakash resigned as CFO, so he must have committed fraud. A strong scienter inference does not arise from these facts.

It is well settled that "the mere publication of a restatement is not enough to create a strong inference of scienter." *Zucco*, 552 F.3d at 1000; *accord Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (same). Scienter requires more than accounting errors. There is a good reason: "GAAP 'tolerate[s] a range of reasonable treatments, leaving the choice among alternatives to management.'" *City of Dearborn Heights v. Align Tech.*, 856 F.3d 605, 621 (9th Cir. 2017) (quoting *Or. Pub. Emps. Re. Fund v. Apollo Group Inc.*, 774 F.3d, 598, 609 (9th Cir. 2014).)

In the case of alleged accounting errors, "[t]o raise a strong inference of scienter, [plaintiffs] must allege facts demonstrating that defendants 'knowingly and recklessly engaged in an improper accounting practice[.]'" *Lloyd,* 811 F.3d at 1207 (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1068-69 (9th Cir. 2008)). Plaintiff alleges nothing about the GAAP rules analyzed, Prakash's role in View's accounting decisions, and nothing about his knowledge of any warranty-related facts as of any date. Plaintiff's allegations are as weak as those rejected in *Lloyd* and *Metzler* (*see id*.), and even weaker than those in dismissed complaints that, unlike here, included confidential witness statements about CFO involvement in challenged accounting decisions. *Zucco*, 552 F.3d at 992-93; *Webb*, 884 F.3d at 853.

The type of particularized allegations that survive dismissal are missing here. Consider *Daou*, where confidential witnesses provided particularized allegations showing that the CFO "personally directed" improper revenue recognition, and presented himself as "knowledgeable about all aspects of the Company's finances, including earnings and revenue recognized under the [challenged] POC accounting[.]" *In re Daou Sys. Inc.*, 411 F.3d 1006, 1023 (9th Cir. 2005). Similarly, in *VeriFone*, there were detailed allegations from confidential witnesses about a CFO who "repeatedly 'remedied'" projection shortfalls by "directing baseless adjustments to the company's financial statements" and "encourag[ing] employees to engage in 'aggressive' accounting to ensure VeriFone hit other financial targets." *In re VeriFone Sec. Litig.*, 704 F.3d 694, 710 (9th Cir. 2012). Plaintiff alleges nothing like that here.

Lacking any particularized allegations about View's accounting policies, decisions, or practices—much less Prakash's knowledge or application of them—Plaintiff falls back on routinely rejected allegations. That Prakash signed SOX certifications (¶¶ 25, 114-15)—attesting to his belief that View's SEC filings were accurate—provides no basis for inferring the exact opposite. That is why the Ninth Circuit has repeatedly held that "Sarbanes-Oxley certifications are not sufficient, without more, to raise a strong inference of scienter." *Zucco*, 552 F.3d at 1004. Such "[b]oilerplate language in a corporation's 10-K form, or required certifications under Sarbanes-Oxley section 302(a) [] add nothing substantial to the scienter calculus." *Id.* at 1003-04.

Nor can Prakash's resignation give rise to any scienter inference. (¶ 226.) Where, as here, "a resignation occurs slightly before or after the defendant corporation issues a restatement, a plaintiff must plead facts refuting the reasonable assumption that the resignation occurred as a result of [the] restatement's issuance itself in order for a resignation to be strongly indicative of scienter." *Zucco*, 552 F.3d at 1002. Plaintiff alleges no such facts, much less any refuting that reasonable assumption. The allegations of Prakash's resignation are thus as defective as those in *Zucco* (*id.*) and cases following *Zucco*, including *Webb,* 884 F.3d at 857, and *Align*, 856 F.3d at 622.

The core operations inference does not give Plaintiff a pass here. Plaintiff has alleged nothing about Prakash's role in any "accounting decision," nor any facts supporting an inference that the accounting errors were so obvious that it would be "absurd to suggest" that he was unaware of them. *Webb*, 883 F.3d.at 844. Accounting mistakes are not fraud.

Plaintiff's allegations are not just weak individually, they also fail under the holistic review mandated by *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 326 (2007). The facts alleged here "do not give rise to an inference of scienter that is at least as compelling as the inference of an honest mistake." *Webb*, 884 F.3d at 856. Telltale indicia of securities fraud is missing here. Plaintiff does not and cannot allege that Prakash sold stock, let alone in suspicious amounts, which can "detract from a scienter finding." *Id.* (citation omitted); *cf. Daou*, 411 F.3d at 1024 (reversing dismissal where CFO sold stock before accounting errors announced). Nor does Plaintiff allege that Prakash had any other type of motive to defraud View's investors, which is a "substantial hurdle to establishing scienter" that Plaintiff does not overcome. *Prodanova v. H.C. Wainwright*

DEF. PRAKASH'S NOTICE OF JOINDER & MOTION TO DISMISS; MPA
CASE NO. 5:21-CV-06374-BLF                                                                                    3

*& Co.*, 993 F.3d 1097, 1103 (9th Cir. 2021).

Finally, Plaintiff's scienter allegations fail the common-sense test. The restatement resulted from certain labor and freight costs being excluded from View's warranty accrual, while other errors increased the accrual. Plaintiff's theory thus "has no basis in logic or common experience," cutting against inferring scienter. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 408 (9th Cir. 2020).

### B.    Plaintiff's Alternative "Scheme" Claim Fails.

Plaintiff alternatively repackages its claim as a Rule 10b-5(a) and (c) "scheme" claim. (¶¶ 273-281.) Plaintiff's failure to plead Prakash's scienter is equally fatal here. *See In re Alphabet, Inc. Sec. Litig.,* 1 F.4th 687, 700 (9th Cir. 2021) (scienter an element for all Section 10(b) claims). The "scheme" claim also fails for the additional reasons argued in the View Motion.

### C.    Plaintiff's Section 20(a) Claim Should Be Dismissed.

Plaintiff's Section 20(a) claim against Prakash fails for two reasons: *first*, because the Complaint does not adequately allege a primary violation under Section 10(b); and *second*, because Plaintiff fails to plead facts sufficient to show that Prakash "exercised actual power over the primary violator." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014). Prakash's role as former CFO and the signing of SEC filings is insufficient to establish control person status. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (allegations that a defendant "reviewed and approved" financial statements does not "rise to a level of supervision or participation sufficient for a § 20(a) violation"); *Luna v. Marvell Tech. Grp.,* 2017 WL 2171273, at *6 (N.D. Cal. May 17, 2017) (serving "as CFO and [] signing the public disclosures at issue herein are simply insufficient to establish their liability as control persons under the law.").

### D.    Prakash Cannot Be Liable For Conduct After He Left View.

Prakash left View in November 2021. (¶ 226.) In no event can he be liable for alleged wrongdoing after his tenure. *Berry v. Valence Tech., Inc.,* 175 F.3d 699, 706-07 (9th Cir. 1999).

## IV.    CONCLUSION

For the foregoing reasons, the claims against Prakash should be dismissed with prejudice.

Dated:  October 6, 2022

MORRISON & FOERSTER LLP

By: /s/ *Mark R.S. Foster*

Attorneys for Defendant Vidul Prakash