Michael J. McConnell (admitted *pro hac vice*)
mmcconnell@jonesday.com
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia 30361
Telephone:    +1.404.521.3939
Facsimile:    +1.404.581.8330

John C. Tang (State Bar No. 212371)
jctang@jonesday.com
Dennis F. Murphy, Jr. (State Bar No. 301008)
dennismurphy@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Defendants
Tom Leppert and Harold Hughes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, *et al.*,<br><br>Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**DEFENDANTS TOM LEPPERT AND HAROLD HUGHES'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST THEM IN PLAINTIFF'S AMENDED COMPLAINT, AND JOINDER**<br><br>Date:        April 20, 2023<br>Time:        9:00 a.m.<br>Dept:        Ctrm. 3, 5th Floor<br>Judge:      Hon. Beth L. Freeman |

1

## NOTICE OF MOTION AND JOINDER

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE THAT on April 20, 2023, at 9:00 a.m., or as soon thereafter as this

4

matter may be heard by the above-titled Court, located at San Jose Courthouse, 280 South 1st Street,

5

San Jose, California, in Courtroom 3 – 5th floor before the Honorable Beth Labson Freeman,

6

Defendants Tom Leppert ("Leppert") and Harold Hughes ("Hughes") will and hereby do move this

7

Court for an Order, pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b) and the

8

Private Securities Litigation Reform Act ("PSLRA"), dismissing the claims asserted against Leppert

9

and Hughes alleged in the Amended Complaint.  The Motion is made on the grounds that the

10

Amended Complaint fails to state a claim upon which relief can be granted.  Leppert and Hughes

11

also join and incorporate herein the facts and certain arguments of the motion to dismiss and request

12

for judicial notice filed by Defendants View, Inc. ("View") and certain individuals ("View's

13

Motion") (*see* Dkt. 135, 136), as discussed below.

14

Leppert and Hughes seek an order dismissing with prejudice the claims asserted against them

15

for alleged violations of Section 11 of the Securities Act of 1933 and Sections 14(a) and 20(a) of the

16

Securities Exchange Act of 1934.

17

The Motion and Joinder are based on this Notice of Motion, the Memorandum of Points and

18

Authorities in support of this Motion, View's Motion and Request for Judicial Notice to the extent

19

incorporated below, the pleadings and records on file in this action, and upon such other matters as

20

may be presented to the Court at or prior to the hearing on this Motion.

21

## Statement of the Issues to Be Decided

22

1. Whether Plaintiff fails to allege particularized facts of a Section 14(a) violation against

23

Leppert and Hughes pursuant to Rule 9(b).

24

2. Whether Plaintiff fails to sufficiently allege a Section 14(a) violation against Leppert and

25

Hughes pursuant to Rule 8(a) and the PSLRA.

26

3. Whether Plaintiff fails to sufficiently allege a Section 11 violation against Leppert and

27

Hughes.

28

4. Whether Plaintiff fails to sufficiently allege a Section 20(a) violation.

1    Dated: October 6, 2022                        JONES DAY

2

3                                                  By: */s/ Michael J. McConnell*
                                                       Michael J. McConnell
4
                                                   Attorneys for Defendants
5                                                  Tom Leppert and Harold Hughes

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    Introduction and Relevant Factual Background ...............................................1

4    II.   Plaintiff's Fraud Allegations Against These Directors Are Insufficient......................1

5
      A. Plaintiff's Section 14(a) Claim Against Leppert and Hughes Is Subject
6
      to Rule 9(b) Because It Sounds in Fraud.. .................................................1
7

8         B. Plaintiff Fails to Plead that Leppert and Hughes Had Knowledge of the

9         Alleged Misconduct.........................................................................2

10   III.  Both the Sections 11 and 14(a) Claims Fail for Independent Reasons. ........................3

11   IV.   Plaintiff's Section 20(a) Claim Against These Directors Is Insufficient. ......................4

12
      V.    Leppert and Hughes Cannot Be Held Liable For Conduct After They Left. .............4
13

14   VI.   Conclusion ........................................................................................4

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS. T. LEPPERT AND H. HUGHES'S MOTION TO DISMISS AMENDED COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................3

*Berry v. Valence Tech., Inc.*,
  175 F.3d 699 (9th Cir. 1999) ...................................................................4

*City of Birmingham Relief & Ret. Sys. v. Hastings*,
  2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) .........................................2

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) .........................................................1, 2, 3

*Higginbotham v. Baxter Int'l, Inc.*,
  495 F.3d 753 (7th Cir. 2007) ...................................................................3

*Howard v. Everex Sys., Inc.*,
  228 F.3d 1057 (9th Cir. 2000) .................................................................4

*In re Countrywide Fin. Corp. Deriv. Litig.*,
  554 F. Supp. 2d 1044 (C.D. Cal. 2008) ...................................................2

*In re Hansen Natural Corp. Sec. Litig.*,
  527 F. Supp. 2d 1142 (C.D. Cal. 2007) ...................................................4

*In re Immersion Corp. Sec. Litig.*,
  2011 WL 6303389 (N.D. Cal. Dec. 16, 2011) .........................................3

*In re JPMorgan Chase Deriv. Litig.*,
  2014 WL 5430487 (E.D. Cal. Oct. 24, 2014) ..........................................4

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) ...............................................3, 4

*In re Rigel Pharms., Inc. Sec. Litig.*,
  697 F.3d 869 (9th Cir. 2012) ...................................................................3

*NECA-IBEW Pension Tr. Fund v. Precision Castparts Corp.*,
  2017 WL 4453561 (D. Or. Oct. 3, 2017)..................................................2

Case No. 5:21-cv-06374-BLF

DEFS. T. LEPPERT AND H. HUGHES'S MOTION TO DISMISS AMENDED COMPLAINT

*Rubke v. Capital Bancorp Ltd*,
  551 F.3d 1156 (9th Cir. 2009) ............................................................1

*Shaev v. Baker*,
  2017 WL 1735573 (N.D. Cal. May 4, 2017) .........................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)............................................................................3

*Veal v. LendingClub Corp.*,
  2020 WL 3128909 (N.D. Cal. June 12, 2020) ......................................3

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................2

STATUTES

15 U.S.C. § 78u–4...................................................................................3

Private Securities Litigation Reform Act ................................................3

RULES

Fed. R. Civ. P. 8.............................................................................1, 3, 4

Fed. R. Civ. P. 9.............................................................................1, 2, 3

I.    **Introduction and Relevant Factual Background**

In 2021, Tom Leppert and Harold Hughes, as members of View's Board and Audit Committee, initiated an independent investigation into an accounting issue at View. After a diligent investigation, View announced that a restatement of prior financials was needed. Then, in 2022, when Leppert and Hughes believed the Audit Committee's remedial recommendations were not being fully implemented, they resigned from the Board. Plaintiff now seeks to hold Leppert and Hughes liable for doing their job—investigating issues as they became aware of them and attempting to remedy those issues. Plaintiff's claims as to these Defendants should be dismissed with prejudice because (i) notwithstanding Plaintiff's disclaimer, its Section 14(a) claim against these Defendants sounds in fraud, and Plaintiff fails to plead with particularity that Leppert or Hughes had knowledge of the alleged misconduct; (ii) alternatively, Plaintiff's Section 14(a) allegations as to these Defendants fail to satisfy Rule 8(a); (iii) Plaintiff's Section 11 claim fails the traceability requirement; and (iv) Plaintiff's Section 20(a) control person claim omits any allegations that Leppert or Hughes exercised actual authority or participated in the alleged misconduct.

Leppert and Hughes incorporate the factual background from View's Motion. The specific allegations against Leppert and Hughes in the Amended Complaint ("AC") are minimal. Leppert served as a director of View from September 2015 until he resigned on February 22, 2022. AC ¶¶ 26, 119. Hughes served as a director of View from June 2013 until he resigned on February 22, 2022. *Id.* ¶¶ 27, 119. Both served on the Audit Committee. *Id.* ¶¶ 26, 27. Both "permitted the use of [their] name[s]" in the February 2021 Proxy Statement / Prospectus. *Id.* ¶¶ 26-27, 152-153. Plaintiff includes Leppert and Hughes in its definitions of "Individual View Defendants" and "View Defendants," discussed below. *Id.* ¶¶ 34-35. No other specific actions are alleged.

II.    **Plaintiff's Fraud Allegations Against These Directors Are Insufficient.**

**A. Plaintiff's Section 14(a) claim against Leppert and Hughes is subject to Rule 9(b) because it sounds in fraud.** *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). "To ascertain whether a complaint 'sounds in fraud,' [courts] must normally determine . . . whether the complaint 'allege[s] a unified course of fraudulent conduct' and 'rel[ies] entirely on that course of conduct as the basis of a claim.'" *Rubke v. Cap. Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir.

2009) (citation omitted).  Moreover, "[c]ourts often find that where complaints allege Section 10(b) Exchange Act claims and Section 14(a) claims, the Section 14(a) claims sound in fraud."  *NECA-IBEW Pension Tr. Fund v. Precision Castparts Corp.*, 2017 WL 4453561, at *13 (D. Or. Oct. 3, 2017) (citing cases); *see Shaev v. Baker*, 2017 WL 1735573, at *15 (N.D. Cal. May 4, 2017).

Throughout the AC, Plaintiff asserts that Leppert and Hughes—former outside directors for View—acted fraudulently.  Leppert and Hughes are included in Plaintiff's definition of the "Individual View Defendants" (AC ¶ 34) and "View Defendants" (*id.* ¶ 35).  Plaintiff alleges that the "Individual View Defendants . . . participated in the *fraudulent* scheme alleged herein."  *Id.* ¶ 224 (emphasis added).  Plaintiff also alleges that the underlying accounting errors were the product of fraud.  *See id.* ¶¶ 239-240, 246 (alleging that fraud was perpetuated through View's "management / directors (the Individual View Defendants)").  The fact that Plaintiff omits Leppert and Hughes from the Section 10(b) related counts is irrelevant because "[f]raud allegations may damage a defendant's reputation regardless of the cause of action in which they appear" and are therefore subject to Rule 9(b).  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003); *see NECA-IBEW*, 2017 WL 4453561, at *13 (14(a) claim sounded in fraud despite no accompanying 10(b) claim).

Because Plaintiff unequivocally alleges that Leppert and Hughes acted fraudulently, Rule 9(b) and its particularity requirements apply to the Section 14(a) claim.  *See In re Countrywide Fin. Corp. Deriv. Litig.*, 554 F. Supp. 2d 1044, 1076 n.36 (C.D. Cal. 2008) ("no doubt" when looking at "tone of the allegations").  Plaintiff's purported disclaimer of fraud allegations in its Section 14(a) claim (*see* AC ¶ 131) does not affect the analysis.  *See* View Mot. at 9; *see also Desaigoudar*, 223 F.3d at 1022 & n.5 (affirming rejection of "disingenuous" disclaimer).

**B. Plaintiff fails to plead that Leppert and Hughes had knowledge of the alleged misconduct.**  *See* View Mot. at 9; AC ¶¶ 26-27, 70, 152-153.  When Section 14(a) allegations sound in fraud, "the plaintiff must allege specific facts demonstrating that the defendant acted knowingly and deliberately."  *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815722, at *13 (N.D. Cal. Feb. 13, 2019).  But the AC has no allegations about Leppert and Hughes's knowledge of the alleged fraud.  It does not allege whether they even knew about the warranty accounting that is at the heart of Plaintiff's case.  And the AC also points to no (1) documents (internal or public) shared

with Leppert and Hughes disclosing or discussing the alleged fraud, (2) statements by confidential witnesses purportedly connecting these former outside directors and the alleged fraudulent conduct, or (3) suspicious trades by these directors. *See Veal v. LendingClub Corp.*, 2020 WL 3128909, at *14 (N.D. Cal. June 12, 2020); *In re Immersion Corp. Sec. Litig.*, 2011 WL 6303389, at *8 (N.D. Cal. Dec. 16, 2011); *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 884-85 (9th Cir. 2012).

In fact, the public disclosures made by View make it more plausible that these former outside directors did *not* act fraudulently. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). First, on August 16, 2021, View's Audit Committee—which included both Leppert and Hughes—announced an independent investigation into an accounting issue. AC ¶ 117. There are no allegations that Leppert and Hughes had any knowledge of the supposed fraud before that investigation. Second, on November 9, 2021, View announced the results of the investigation and detailed remedial recommendations by Leppert and Hughes as members of the Audit Committee, which were reaffirmed in View's 2021 10-K. *See* View Mot. at 3 (Ex. 12 at 3, 138-39). Finally, on February 24, 2022, View announced that Leppert and Hughes resigned as directors of the Company (and Hughes as Executive Chair, which he began on November 8, 2021) because Leppert and Hughes "believe that the Audit Committee's remedial recommendations were not fully implemented by the Board." AC ¶ 119. These facts "demonstrat[e] a pursuit of truth rather than reckless indifference to the truth." *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 758 (7th Cir. 2007).

## III.   Both the Sections 11 and 14(a) Claims Fail for Independent Reasons.

Plaintiff's Section 14(a) claim also fails because it does not satisfy Rule 8(a). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even if Rule 9(b) does not apply (it should), under the PSLRA, a Section 14(a) claim must "plead with particularity facts that give rise to a strong inference of negligence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1267 (N.D. Cal. 2000); *see* 15 U.S.C. § 78u–4(b)(2); View Mot. at 9-11. The misstatement or omission must be made "with the requisite level of culpability" and must be "an essential link in the accomplishment of the proposed transaction." *Desaigoudar*, 223 F.3d at 1022.

Here, Plaintiff "pleads no specific facts that would tend to show culpable conduct of any

sort" as to Leppert and Hughes.  *McKesson*, 126 F. Supp. 2d at 1267.  The only allegations against Leppert and Hughes in support of Plaintiff's negligence theory for its Section 14(a) claim are that Leppert and Hughes "permitted the use of [their] name[s] in the Proxy Statement / Prospectus, and solicited the votes of shareholders in the Proxy Statement / Prospectus."  AC ¶¶ 152-153.  This is utterly insufficient, particularly in light of the other actions taken by them, described above.  *See supra* § II.B.  Plaintiff "does not describe with sufficient detail what the directors knew or did not know or how they were negligent in failing to discover what they should have."  *In re JPMorgan Chase Deriv. Litig.*, 2014 WL 5430487, at *25 (E.D. Cal. Oct. 24, 2014); *accord McKesson*, 126 F. Supp. 2d at 1267 (dismissing Section 14(a) claim).

Because Plaintiff's Section 14(a) claim fails to satisfy Rule 8(a) as to Leppert and Hughes's purported culpable conduct, the Court should dismiss it for that reason alone.  Plaintiff also fails to plead transaction or loss causation for Section 14(a), another basis for dismissal (*see* View Mot. at 11-12), and Plaintiff cannot show traceability for its Section 11 claim (*id.* at 13-15).

## IV.   Plaintiff's Section 20(a) Claim Against These Directors Is Insufficient.

Plaintiff's Section 20(a) control person claim (AC ¶¶ 172-178) must be dismissed.  First, a primary violation has not been adequately alleged.  *See supra* §§ II-III; View Mot. at 9-13.  Second, Plaintiff fails to allege Leppert and Hughes exercised actual authority, or participated in the alleged misconduct.  *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 (9th Cir. 2000); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007) (dismissing "boilerplate allegation" against directors).  To the contrary, Plaintiff alleges that Leppert and Hughes resigned because, in their view, their remedial recommendations were not being followed, (*see* AC ¶ 119), an allegation that affirmatively *contradicts* any inference that Leppert and Hughes "controlled" the Company, its officers, and their or anyone else's statements.

## V.   Leppert and Hughes Cannot Be Held Liable For Conduct After They Left.

Leppert and Hughes cannot be held liable for any alleged wrongdoing after they left View in February 2022.  *See Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706-07 (9th Cir. 1999).

## VI.   Conclusion

For these reasons, the Court should grant Leppert and Hughes's Motion with prejudice.

- 4 -

Dated: October 6, 2022                              JONES DAY


                                                    By: */s/ Michael J. McConnell*
                                                        Michael J. McConnell

                                                    Attorneys for Defendants
                                                    Tom Leppert and Harold Hughes

DEFS. T. LEPPERT AND H. HUGHES'S MOTION TO DISMISS AMENDED COMPLAINT