Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340
Facsimile:      (888) 775-0898

Attorneys for Defendant
PricewaterhouseCoopers LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF MEHEDI, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, TOM LEPPERT, HAROLD HUGHES, NIGEL GORMLY, TOBY COSGROVE, LISA PICARD, TOM CHEUNG, TOM PATTERSON, BILL VEGHTE, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., CF GROUP MANAGEMENT, INC., AND PRICEWATERHOUSECOOPERS LLP,,<br><br>Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S NOTICE OF JOINDER AND MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Judge:     Hon. Beth Labson Freeman<br>Date:      April 20, 2023<br>Time:      9:00 a.m.<br>Ctrm:      3 |

6270827

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 20, 2023, at 9:00 a.m., before the Honorable Beth Labson Freeman in Courtroom 3 of the United States District Court, 280 South 1st Street, San Jose, CA 95113, Defendant PricewaterhouseCoopers LLP ("PwC") will and hereby does move for an order dismissing the Amended Complaint under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). The Motion is made on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted. The Motion is based on the Memorandum of Points and Authorities, the Reply Memorandum, the files and records in this action, and such other matters as may be presented at the hearing. PwC also joins and incorporates herein certain arguments of the motion to dismiss— including those with respect to transaction or loss causation under Section 14(a), traceability for Section 11, and scheme liability pursuant to Rule 10b-5(a) and (c)—filed by Defendants View, Inc. ("View") and certain individuals ("View's Motion"). *See* Dkt. 135. PwC also incorporates herein the Declaration of Brian R. Boessenecker and its exhibits. *See* Dkt. 136, 140.

## ISSUES TO BE DECIDED

1. Whether count 3 under Section 11 of the Securities Act against PwC should be dismissed because Plaintiff fails to plead falsity.

2. Whether count 1 under Section 14(a) of the Securities Exchange Act ("Exchange Act") against PwC because Plaintiff fails to plead falsity.

3. Whether counts 6 and 7 under Section 10(b) of the Exchange Act against PwC should be dismissed because Plaintiff fails to plead with particularity falsity and scienter.

DATED: October 6, 2022

/s/ Moez M. Kaba

Moez M. Kaba
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: 213-788-4340

Attorneys for Defendant PricewaterhouseCoopers LLP

---

PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

TABLE OF CONTENTS

Page

I.      INTRODUCTION  ..................................................................................................1

II.     STATEMENT OF RELEVANT FACTS.............................................................1

III.    ARGUMENT.........................................................................................................2

        A.      Plaintiff Fails to State a Claim Under Section 11 of the Securities Act ...................2

                1.      Plaintiff Fails to Allege Subjective Falsity as to PwC's Audit Opinions.........................................................................................................3

                2.      The 2020 Audit Report Does Not Contain Embedded Statements of Fact.......................................................................................3

                3.      The 2020 Audit Report Does Not Omit Any Material Facts .......................4

        B.      Plaintiff Fails to State a Claim Under Section 14 of the Securities Act ...................4

        C.      Plaintiff Fails to State a Claim Under Section 10(b) ...............................................5

                1.      The Amended Complaint Does Not Support a "Strong Inference" of Scienter .................................................................................5

IV.     CONCLUSION.....................................................................................................8

6270827

**Cases**                                    TABLE OF AUTHORITIES

*Amorosa v. Ernst & Young LLP*,
    682 F. Supp. 2d 351 (S.D.N.Y. 2010) ............................................................................... 5

*Buttonwood Tree Value Partners, LP v. Sweeney*,
    2012 WL 2086607 (C.D. Cal. June 7, 2012) ..................................................................... 7

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
    856 F.3d 605 (9th Cir. 2017) ............................................................................................ 3

*DSAM Global Value Fund v. Altris Software, Inc.*,
    288 F.3d 385 (9th Cir. 2002) ............................................................................................ 7

*Dutton v. Harris Stratex Networks, Inc.*,
    270 F.R.D. 171 (D. Del. 2010) ......................................................................................... 4

*Glazer Cap. Mgmt., LP v. Magistri*,
    549 F.3d 736 (9th Cir. 2008) ............................................................................................ 7

*Golub v. Gigamon Inc.*,
    994 F.3d 1102 (9th Cir. 2021) .......................................................................................... 5

*Hunt v. Bloom Energy Corp.*,
    2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) .............................................................. 3, 4

*In re Am. Realty Cap. Props., Inc. Litig.*,
    2015 WL 6869337 (S.D.N.Y. Nov. 6, 2015) ..................................................................... 3

*In re JPMorgan Chase Derivative Litig.*,
    2014 WL 5430487 (E.D. Cal. Oct. 24, 2014) .................................................................... 4

*In re Lehman Bros. Sec. & Erisa Litig.*,
    131 F. Supp. 3d 241 (S.D.N.Y. 2015) ............................................................................... 4

*In re Mercury Interactive Corp. Sec. Litig.*,
    2007 WL 2209278 (N.D. Cal. July 30, 2007) ................................................................... 6

*In re Peregrine Sys., Inc. Sec. Litig.*,
    2005 WL 8158825 (S.D. Cal. Mar. 30,  2005) .................................................................. 7

*In re Redback Networks, Inc.*,
    2006 WL 1805579 (N.D. Cal. Mar. 20, 2006) .................................................................. 6

*In re Software Toolworks, Inc.*,
    50 F.3d 615 (9th Cir. 1994) .............................................................................................. 6

*In re Splunk Inc. Sec. Litig.*,
    2022 WL 2525735 (N.D. Cal. Mar. 21, 2022) .................................................................. 8

- ii -
PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

*In re SunEdison, Inc. Sec. Litig.*,
    300 F. Supp. 3d 444 (S.D.N.Y. 2018) ................................................................. 4

*In re Van Wagoner Funds, Inc. Sec. Litig.*,
    382 F. Supp. 2d 1173 (N.D. Cal. 2004) ............................................................... 7

*In re Velti PLC Sec. Litig.*,
    2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ........................................................ 3

*Johnson v. CBD Energy Ltd.*,
    2016 WL 3654657 (S.D. Tex. July 6, 2016) ................................................... 3, 4

*Monroe v. Hughes*,
    31 F.3d 772 (9th Cir. 1994) .................................................................................. 2

*Nguyen v. Endologix, Inc.*,
    962 F.3d 405 (9th Cir. 2020) ................................................................................ 5

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
    135 S. Ct. 1318 (2015) ............................................................................... 1, 2, 3, 4

*Plaisance v. Schiller*,
    2019 WL 1205628 (S.D. Tex. Mar. 14, 2019) .................................................... 3

*Prodanova v. H.C. Wainwright & Co., LLC*,
    993 F.3d 1097 (9th Cir. 2021) .............................................................................. 5

*Querub v. Moore Stephens Hong Kong*,
    649 F. App'x 55 (2d Cir. 2016) ....................................................................... 3, 4

*Reiger v. Price Waterhouse Coopers LLP*,
    117 F. Supp.2d 1003 (S.D. Cal. 2000) ................................................................ 6

*Ronconi v. Larkin*,
    253 F.3d 423 (9th Cir. 2001) ................................................................................ 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ......................................................................................... 6, 8

*Thor Power Tool Co. v. Commissioner*,
    439 U.S. 522 (1979) ............................................................................................. 4

*W. Virginia Inv. Mgmt. Bd. v. Doral Fin. Corp.*,
    344 F. App'x 717 (2d Cir. 2009) ......................................................................... 8

*Webb v. Solarcity Corp.*,
    884 F.3d 844 (9th Cir. 2018) ................................................................................ 6

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ................................................................................ 8

- iii -
PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

**Statutes**

15 U.S.C. § 78u-4(b)(2)(A) ............................................................................................... 5

**Rules**

Federal Rules of Civil Procedure 8(a), 9(b)................................................................... 2

Federal Rules of Civil Procedure 12(B)(6)............................................................... 1, 2

PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

## I.    INTRODUCTION

PwC, View's independent auditor, does not belong in this litigation.  View disclosed in its SEC filings that its personnel intentionally withheld critical information from PwC—the very information that gave rise to View's restatement of its financials and to this litigation.  View's disclosure is fatal to Plaintiff's claims against PwC.  Yet despite repeatedly reciting the same SEC filing in which this disclosure is found, Plaintiff disregards it and brings claims under Section 11 of the Securities Act and Sections 14(a) and 10(b) of the Securities Exchange Act against PwC.  None has merit, and the Court should dismiss all claims against PwC.

*First*, the only statements made by PwC at issue in this litigation are statements of opinion contained in two audit reports.  Under the Supreme Court's *Omnicare* decision, an opinion statement is only actionable under Sections 11, 14(a), and 10(b) if the plaintiff pleads sufficient facts to show objective and subjective falsity, an embedded statement of material fact that is false, or an omission of material fact that makes the opinion misleading.  *See Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1325-1327 (2015).  Plaintiff has not done this.  For its Section 11 and 14(a) claims, Plaintiff expressly (i) disclaims any allegations of subjective falsity, (ii) concedes that PwC's audit opinions do not contain any embedded statements of material fact, and (iii) pleads no facts whatsoever concerning PwC's audit—let alone sufficient facts of a material omission that would make PwC's opinions misleading.

*Second*, with respect to Plaintiff's 10(b) claims, Plaintiff also falls woefully short of meeting the onerous standard for pleading scienter against an outside auditor.  Plaintiff's conclusory assertion that PwC violated auditing standards is bereft of factual support and deficient as a matter of law.  Plaintiff's supposed "red flags" do not constitute red flags under well-settled case law and View has disclosed that the information leading to View's restatement was intentionally withheld from PwC.  The more compelling inference is that PwC acted honestly, without any fraudulent intent.

## II.    STATEMENT OF RELEVANT FACTS

PwC issued two audit opinions that Plaintiff alleges to be false or misleading—the 2020 Audit Report and the 2021 Audit Report.  Amended Complaint ("AC") ¶¶ 49-54, 93, 101 (PwC stated in both: "In our opinion...").  As relevant here, PwC consented to the inclusion or incorporation by

6270827

reference of the 2020 Audit Report into View's De-SPAC Registration Statement, amendments thereto, and View's Proxy Statement/Prospectus. *Id.* ¶ 50, 52. PwC's 2021 Audit Report was included in View's 2021 Form 8-K. *Id.* ¶ 53.

On June 15, 2022, View filed its annual report on Form 10-K, which contained a restatement of the Company's 2020 and 2019 financial statements. *Id.* ¶ 58. The restatement concerned a previously reported warranty accrual. In 2019, View identified a quality issue with certain materials involved in manufacturing insulated glass units ("IGUs"). *Id.* ¶ 95 (quoting View's March 12, 2021 8-K). View "estimated the number of IGUs expected to fail" and "applied an estimated cost to calculate the costs to replace the IGUs," taking into account, among other things, "production costs" such as labor. *Id.* However, View "inappropriately excluded from the warranty obligation the installation labor and freight costs" incurred "when replacing the IGUs." *Id.* ¶ 58 (quoting View's 2021 10-K). View's Audit Committee conducted an independent investigation and concluded that the Company's former Chief Financial Officer and certain former accounting staff "***intentionally failed to disclose*** certain information to…[PwC] regarding the applicable costs incurred and expected to be incurred in connection with the warranty-related obligations." *See* Dkt. 136 at Ex. 14 (View's 2021 8-K) at 14-2 (emphasis added); Dkt. 140 at Ex. 12 (View's 2021 10-K) at 12-3 (same).

## III.    ARGUMENT

The AC fails to allege a single fact showing that PwC had knowledge of the unaccounted-for installation labor and freight costs at the time it issued its opinions or that PwC conducted a deficient audit. The Court should thus dismiss the claims against PwC in their entirety.

### A.    Plaintiff Fails to State a Claim Under Section 11 of the Securities Act

"Section 11 of the 1933 Act permits an action against an accountant . . . only as to those portions of the statement that purport to have been prepared or certified by the accountant." *Monroe v. Hughes* 31 F.3d 772, 774 (9th Cir. 1994). Because PwC consented only to the incorporation by reference of the 2020 Audit Report into the De-SPAC Registration Statement (AC ¶ 50), the law limits any potential Section 11 liability for PwC to the opinions it expressed in that report.

Statements of opinion do not give rise to liability merely because the opinion turns out to be wrong. *Omnicare*, 135 S. Ct. at 1325-27 (2015). Under *Omnicare*, "an auditor can be liable under

Section 11 for its audit opinion in only three circumstances: (1) if the auditor does not actually hold the stated opinion; (2) if the opinion contains an embedded statement of fact that is misleading; or (3) if the opinion omits a fact that makes the opinion misleading to an ordinary investor." *In re Am. Realty Cap. Props., Inc. Litig.*, 2015 WL 6869337, at *2 (S.D.N.Y. Nov. 6, 2015) (citing *Omnicare*, 135 S. Ct. at 1326-30). Plaintiff fails to adequately allege liability under any of these prongs.

### 1.  Plaintiff Fails to Allege Subjective Falsity as to PwC's Audit Opinions

An audit opinion is just that, an opinion. *See, e.g.*, *Hunt v. Bloom Energy Corp.*, 2021 WL 4461171, at *13-15 (N.D. Cal. Sept. 29, 2021); *Querub v. Moore Stephens Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016); *Johnson v. CBD Energy Ltd.*, 2016 WL 3654657, at *10 (S.D. Tex. July 6, 2016); *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *17–18 (N.D. Cal. Oct. 1, 2015). A pure statement of opinion is actionable only if the "opinion expressed was not sincerely held" at the time. *Omnicare*, 575 U.S. at 176. Accordingly, to plead falsity for opinion statements, Plaintiff was required to adequately allege "both objective and subjective falsity." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) (citing *Omnicare*, 575 U.S. at 183-186). It did not.

Here, Plaintiff "expressly excludes and disclaims any allegation that could be construed as alleging or sounding in fraud or intentional or reckless misconduct . . . ." AC ¶ 179. In so doing, Plaintiff defeats its own claim. *See Omnicare*, 135 S. Ct. at 1327 (dismissing Section 11 claim in light of a similar disclaimer); *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *17–18 (N.D. Cal. Oct. 1, 2015) (same). Even setting aside Plaintiff's disclaimer, the Amended Complaint lacks "any allegations of fact" that could support an inference that PwC knew its opinions were false or misleading at the time they were made. *Plaisance v. Schiller*, 2019 WL 1205628, at *11 (S.D. Tex. Mar. 14, 2019). *Bloom Energy Corp.* is particularly instructive here. In that case, The Hon. Haywood S. Gilliam, Jr. of this Court, when faced with a similar class action, thoroughly analyzed virtually identical statements in a PwC audit report, found that they constituted statements of opinion, and applied the *Omnicare* framework in dismissing a Section 11 claim against PwC. 2021 WL 4461171, at *13-15. This Court should do the same.

### 2.  The 2020 Audit Report Does Not Contain Embedded Statements of Fact

Opinion statements that "contain embedded statements of fact" may give rise to liability under Section 11 only if the opinion statement affirms "underlying, verifiable" facts and those facts are untrue.

PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

*Johnson*, 2016 WL 3654657, at \*12 (S.D. Tex. July 6, 2016) (citing *Omnicare*, 135 S. Ct. at 185). Here, Plaintiff fails to allege any embedded statements **of fact**, rather than opinion. The two statements alleged by Plaintiff to contain "implied facts"—that (1) the audit was performed in compliance with PCAOB and GAAS standards and (2) View's financial statements are presented in accordance with GAAP (AC ¶ 186)—are statements of PwC's opinion and do not contain any implied facts.

Courts consistently held that statements of GAAS and PCAOB compliance are opinion statements. *See, e.g.*, *In re SunEdison, Inc. Sec. Litig.*, 300 F. Supp. 3d 444, 499 (S.D.N.Y. 2018); *Johnson*, 2016 WL 3654657, at \*10. Likewise, the Supreme Court has long recognized GAAP "tolerate[s] a range of 'reasonable' treatments." *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 544 (1979). Because GAAP requires complex and often subjective judgments, representations of GAAP compliance are statements of opinion. *See, e.g.*, *Bloom Energy Corp.*, 2021 WL 4461171, at \*14; *Querub*, 649 F. App'x at 58. Accordingly, PwC's 2020 Audit Report does not contain any embedded statements of fact, let alone misleading ones.

### 3.     The 2020 Audit Report Does Not Omit Any Material Facts

To establish liability under the omissions clause, a plaintiff must "identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have . . . ." *Omnicare*, 135 S. Ct. at 1332. Plaintiff fails to allege any particular facts showing that PwC "knew that it had no reasonable basis for" its audit opinions. *In re Lehman Bros. Sec. & Erisa Litig.*, 131 F. Supp. 3d 241, 255 & n.76 (S.D.N.Y. 2015). Indeed, in the allegations incorporated into its Section 11 claim, Plaintiff pleads **no facts whatsoever** concerning PwC's audit. Plaintiff does not identify "what deficiencies existed in the performance" of PwC's audit or "what aspects of the audit were negligently performed." *See Dutton v. Harris Stratex Networks, Inc.*, 270 F.R.D. 171, 178 (D. Del. 2010) (dismissing Section 11 claim). Moreover, the conclusory scienter allegations related to PwC—all of which are intentionally excluded from Count III— fail to adequately allege that PwC lacked a reasonable basis for its opinion.

### B.     Plaintiff Fails to State a Claim Under Section 14 of the Securities Act

Plaintiff's Section 14 claim also fails under *Omnicare*. To state a Section 14 claim, a plaintiff must first establish that "a proxy statement contained a material misrepresentation or omission." *In*

- 4 -

PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

*re JPMorgan Chase Derivative Litig.*, 2014 WL 5430487, at \*17 (E.D. Cal. Oct. 24, 2014) (citations and quotations omitted). *Omnicare*'s framework for assessing the alleged falsity of opinion statements applies to Section 14 as well. *Golub v. Gigamon Inc.*, 994 F.3d 1102, 1104 (9th Cir. 2021). The only statements "formally attributable" to PwC in the Proxy Statement/Prospectus are its opinions in the 2020 Audit Report. AC ¶ 159; *see also Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 361 (S.D.N.Y. 2010). Plaintiff's Section 14, like its Section 11 claim, claim thus fails.

## C.    Plaintiff Fails to State a Claim Under Section 10(b)

Plaintiff's Section 10(b) claims also fail as a matter of law. To state a claim under Rule 10b-5(b), Plaintiff must adequately allege, among other things, (i) "a material misrepresentation or omission by the defendant" and (ii) "scienter." *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1106 (9th Cir. 2021). Plaintiff alleges neither.

First, Plaintiff's claim under Rule 10b-5(b) against PwC fails under *Omnicare*, which is the standard for 10b-5(b) claims. *See Golub*, 994 F.3d at 1107 (*"*[T]he *Omnicare* standard applies to claims under section 10(b) and Rule 10b-5"). Plaintiff's claim is limited to the opinions in PwC's 2020 and 2021 Audit Reports, which are the same in all material respects (*see* AC ¶¶ 93, 101). Therefore, Plaintiff has not adequately alleged falsity for the same reasons as its Sections 11 and 14 claims.

Second, both of Plaintiff's Section 10(b) claims additionally fail due to inadequate allegations of scienter. Scienter—the "critical element" in a Section 10(b) claim—is defined as "a mental state embracing intent to deceive, manipulate, or defraud." *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020). To meet the PSLRA's heightened pleading standards under Rule 9(b), Plaintiff must allege "particular[ized] facts giving rise to a strong inference" that PwC acted with a fraudulent state of mind. 15 U.S.C. § 78u-4(b)(2)(A). Plaintiff's allegations fall well short.

### 1.    The Amended Complaint Does Not Support a "Strong Inference" of Scienter.

Pleading a "strong inference" of scienter under the PSLRA demands particularized allegations of "contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001). In assessing whether that showing has been made, the Court must

PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827

undertake a "comparative evaluation" of the inferences that can be drawn from the Amended Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). An inference of scienter is only "strong" if it is "at least as compelling as any opposing inference one could draw from the facts alleged." *Webb v. Solarcity Corp.*, 884 F.3d 844, 850 (9th Cir. 2018). This standard is particularly onerous when applied to claims against outside auditors. *See In re Mercury Interactive Corp. Sec. Litig.*, 2007 WL 2209278, *12 (N.D. Cal. July 30, 2007). In such cases, a plaintiff "must demonstrate that 'the accounting practices were so deficient that the audit amounted to no audit at all." *In re Redback Networks, Inc.*, 2006 WL 1805579, *6 (N.D. Cal. Mar. 20, 2006) (citation omitted)). Plaintiff's conclusory allegations fail to meet this standard. AC ¶¶ 247, 263.

### a.    Allegations of Auditing Standards Violations Are Insufficient

Plaintiff first attempts to plead scienter by alleging that PwC failed to abide by "applicable auditing standards." AC ¶ 247. Plaintiff recites a number of such standards and then vaguely asserts that PwC somehow violated them. AC ¶¶ 247-62. Not only is this assertion entirely lacking in factual support, but pleading scienter also "requires more than a misapplication of accounting principles." *In re Software Toolworks, Inc.*, 50 F.3d 615, 627-28 (9th Cir. 1994). That is because "[v]iolations of GAAP or GAAS, standing alone, . . . provide no specific facts upon which a court can infer the state of mind of the accountant or its client, at any specific point in time." *Reiger v. Price Waterhouse Coopers LLP*, 117 F. Supp.2d 1003, 1009-10 (S.D. Cal. 2000).

### b.    Plaintiff's So-Called "Red Flag" Allegations Are Insufficient

Next, Plaintiff points to four supposed "red flags" that PwC allegedly ignored during its audit. AC ¶ 263. These threadbare assertions also fail to give rise to any inference of scienter.

Plaintiff's first alleged "red flag"—that PwC was "on notice from at least 2019 that View had an issue with the IGUs for which an accrual had already been taken"—and second alleged red flag—that the "primary focus of the restatement was on the failure to include certain labor and freight costs" in connection with the accrual—are not red flags at all. The former indicates nothing out of the ordinary, and the latter is irrelevant to PwC's state of mind at the time of the audits. Plaintiff further alleges that PwC "knew, or was reckless in not knowing, that [the inappropriately excluded installation labor and freight costs] existed and/or required recording" because "documentation . . .

6270827

or other readily verifiable facts existed." AC ¶ 263. Plaintiff does not identify a single document, conversation or witness that supports this speculative, conclusory assertion. But even if such a document existed, the fact that an auditor "had access to . . . documents that revealed" the alleged impropriety "does not strongly compel an inference of intentional or deliberately reckless conduct. . . ." *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 390 (9th Cir. 2002).

The only document Plaintiff discusses in connection with its scienter allegations is View's Proxy Statement/Prospectus, which says nothing about the **installation costs** at issue in the restatement. View's Proxy Statement/Prospectus states that the estimated IGU replacement cost "includes [the company's] expectations regarding future reductions in **production costs**, which are primarily comprised of materials, labor, and factory overheard." AC ¶ 263 (emphasis added). The restatement did not arise from the exclusion of production costs incurred in manufacturing the IGUs, but from the exclusion of "**installation** labor and freight **costs**" incurred in installing the IGUs. AC ¶ 58 (emphasis added). Plaintiff intentionally conflates these two distinct cost categories to create the false impression that PwC was somehow on notice of View's error. Not so.

With respect to Plaintiff's alleged third "red flag"—that PwC was "on notice" that View "had a history of material weakness in its internal controls" (AC ¶ 263)—courts in this Circuit have repeatedly rejected that exact allegation as "boilerplate" and insufficient to support a 10b claim. *See Buttonwood Tree Value Partners, LP v. Sweeney*, 2012 WL 2086607, at *2 (C.D. Cal. June 7, 2012); *In re Peregrine Sys., Inc. Sec. Litig.*, 2005 WL 8158825, at *67 (S.D. Cal. Mar. 30, 2005) (collecting cases).

Plaintiff's fourth alleged "red flag"—that View had a "relatively small number of customers and suppliers," so PwC was "on notice" that any warranty issue may "have a substantial negative impact on View's financial statements" (AC ¶ 263)—has also been rejected. The "mere size and nature" of a company's business "are not sufficient to create a strong inference of scienter." *Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 747 (9th Cir. 2008). Nor is the impact—or "the magnitude"—of a misstatement enough to create a strong inference. *See, e.g., In re Van Wagoner Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1187 (N.D. Cal. 2004). Thus, Plaintiff's four "red flags" fail to create any inference, much less a strong one, that PwC acted with scienter. AC ¶ 263.

6270827

c.      *The Most Compelling Inference is that PwC Lacked Fraudulent Intent*

When viewed holistically, the AC's failure to demonstrate a strong inference of scienter become more apparent.  A strong inference of scienter exists only if, after "tak[ing] into account plausible opposing inferences," an inference of fraudulent intent is "at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs*, 551 U.S. at 323-325.

Here, by far the most compelling (indeed, only reasonable) inference is that PwC acted without fraudulent intent.  In the AC, Plaintiff repeatedly relies on View's ***filed*** 2021 10-K.  (*See, e.g.*, AC ¶¶ 15, 58, 60-61, 128-29.)  The 2021 10-K, consistent with View's 2021 8-K that first announced the Audit Committee's findings, discloses that "[t]he Company's former Chief Financial Officer and certain former accounting staff ***intentionally failed to disclose*** certain information to . . . [PwC] regarding the applicable costs incurred and expected to be incurred in connection with the warranty-related obligations."  Dkt. 136 Ex. 12 at 12-3 (emphasis added).

While Plaintiff selectively omits that portion of the 2021 10-K from the Amended Complaint, the Court should consider it when assessing the strength of Plaintiff's pleadings under the PSLRA.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1005 (9th Cir. 2009) (noting that matters of which a court may take judicial notice are properly considered in a scienter analysis); *In re Splunk Inc. Sec. Litig.*, 2022 WL 2525735, at *3 (N.D. Cal. Mar. 21, 2022) (finding that courts "routinely take judicial notice" of SEC filings).  When Plaintiff's allegations are viewed alongside View's disclosures in the 2021 10-K, the most compelling inference is that PwC issued its audit opinions without fraudulent intent.  *See, e.g.*, *W. Virginia Inv. Mgmt. Bd. v. Doral Fin. Corp.*, 344 F. App'x 717, 721 (2d Cir. 2009) (affirming dismissal because the "competing inference that Pricewaterhouse was deceived is stronger than the inference that they were reckless").  Accordingly, the Court should dismiss Plaintiff's Section 10(b) claims against PwC in Counts VI and VII of the Amended Complaint.

## IV.    CONCLUSION

For the reasons expressed above, PwC respectfully requests that the Court dismiss Plaintiff's claims against PwC in their entirety.

6270827

DATED: October 6, 2022

*/s/ Moez M. Kaba*

Moez M. Kaba
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: 213-788-4340

Attorneys for Defendant PricewaterhouseCoopers LLP

- 9 -

PwC's MOTION TO DISMISS THE AMENDED COMPLAINT

6270827