Jeffrey L. Steinfeld (State Bar No. 294848)
JLSteinfeld@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone:     (213) 615-1700
Facsimile:     (213) 615-1750

James P. Smith III (*pro hac vice*)
JPSmith@winston.com
Thania Charmani (*pro hac vice* forthcoming)
ACharmani@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

Attorneys for Defendants Howard W. Lutnick,
Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg,
Charlotte S. Blechman, CF Finance Holdings II, LLC,
Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and
CF Group Management, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, TOM LEPPERT, HAROLD HUGHES, NIGEL GORMLY, TOBY COSGROVE, LISA PICARD, TOM CHEUNG, TOM PATTERSON, BULL VEGHTE, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., CF GROUP MANAGEMENT, INC., AND PRICEWATERHOUSECOOPERS LLP,<br><br>Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**THE CF DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CF DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing:     April 20, 2023<br>Time:        9:00 a.m.<br>Judge:       Hon. Beth Labson Freeman<br>Court:       Courtroom 3 – 5th Floor<br>             (San Jose) |

**TABLE OF CONTENTS**

I.   INTRODUCTION.............................................................................................................1

II.  THE SECTION 14 CLAIM MUST BE DISMISSED.............................................................1

III. THE SECTION 11 CLAIM MUST BE DISMISSED.............................................................3

IV. THE SECTION 12 CLAIM MUST BE DISMISSED.............................................................4

V.  THE CONTROLLER CLAIMS MUST BE DISMISSED ....................................................5

VI. CONCLUSION...............................................................................................................6

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azar v. Blount Int'l, Inc.*,
  2017 WL 1055966 (D. Or. Mar. 20, 2017) ................................................................ 2

*Bao v. SolarCity Corp.*,
  2015 WL 1906105 (N.D. Cal. Apr. 27, 2015) ........................................................... 6

*Brown v. Brewer*,
  2010 WL 2472182 (C.D. Cal. June 17, 2010) ........................................................ 2, 3

*California Pub. Empls. Ret. Sys. v. Chubb Corp.*,
  394 F.3d 126 (3d Cir. 2004) ...................................................................................... 2

*City of Birmingham Relief and Ret. Sys. v. Hastings*,
  2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) .......................................................... 1

*Costanzo v. DXC Tech. Co.*,
  2020 WL 4284838 (N.D. Cal. July 27, 2020) ........................................................... 6

*In re Countrywide Fin. Corp. Sec. Litig.*,
  588 F. Supp. 2d 1132 (C.D. Cal. 2008) ..................................................................... 4

*In re Cylink Sec. Litig.*,
  178 F. Supp. 2d 1077 (N.D. Cal. 2001) ..................................................................... 6

*In re Dynegy, Inc. Sec. Litig.*,
  339 F. Supp. 2d 804 (S.D. Tex. 2004) ....................................................................... 4

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,
  2003 WL 230688 (S.D. Tex. Jan. 28, 2003) .............................................................. 6

*In re Essendant, Inc. S'holder Litig.*,
  2019 WL 7290944 (Del. Ch. Dec. 30, 2019) ............................................................ 3

*Feyko v. Yuhe Int'l, Inc.*,
  2013 WL 816409 (C.D. Cal. Mar. 5, 2013) ............................................................... 4

*Firefighters' Ret. Sys. v. Citco Grp. Ltd.*,
  855 F. App'x 902 (5th Cir. 2021) .............................................................................. 6

*Gould v. Am.-Hawaiian S.S. Co.*,
  535 F.2d 761 (3d Cir. 1976) ...................................................................................... 2

*In re Gupta Corp. Sec. Litig.*,
  900 F. Supp. 1217 (N.D. Cal. 1994) .......................................................................... 6

*Hefler v. Wells Fargo & Co.*,
  2018 WL 1070116 (N.D. Cal. Feb. 27, 2018) ........................................................... 6

*Krieger v. Atheros Comm., Inc.*,
   2012 WL 1933559 (N.D. Cal. May 29, 2012)................................................. 1

*In re Lehman Bros. Sec. and ERISA Litig.*,
   684 F. Supp. 2d 485 (S.D.N.Y. 2010)........................................................ 4

*In re McKesson HBOC, Inc. Sec. Litig.*,
   126 F. Supp. 2d 1248 (N.D. Cal. 2000)..................................................1, 2

*Me. State Ret. Sys. v. Countrywide Financial Corp.*,
   2011 WL 4389689 (C.D. Cal. May 5, 2011).............................................. 5

*Mendell v. Greenberg*,
   612 F. Supp. 1543 (S.D.N.Y. 1985).......................................................2, 3

*In re MobileMedia Sec. Litig.*,
   28 F. Supp. 2d 901 (D.N.J. 1998)............................................................ 4

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989)................................................................... 5

*In re Morgan Stanley Info. Fund Sec. Litig.*,
   592 F.3d 347 (2d Cir. 2010).................................................................... 4

*No. 84 Emp.-Teamster Joint Council Pension Fund v. Am. W. Hlding.
   Corp.*, 320 F.3d 920 (9th Cir. 2003) ...................................................... 6

*In re Ocera Therapeutics, Inc. Sec. Litig.*,
   2018 WL 7019481 (N.D. Cal. Oct. 16, 2018) ............................................ 1

*Pinter v. Dahl*,
   486 U.S. 622 (1988).............................................................................. 5

*Purple Mtn. Trust v. Wells Fargo & Co.*,
   432 F. Supp. 3d 1095 (N.D. Cal. 2020)................................................... 5

*In re Shoe-Town, Inc. S'holders Litig.*,
   1990 WL 13475 (Del. Ch. Feb. 12, 1990) ................................................. 1

*Special Situations Fund III QP, L.P. v. Brar*,
   2015 WL 1393539 (N.D. Cal. Mar. 26, 2015)............................................. 5

*Smith v. Pride Mobility Prod. Corp.*,
   2017 WL 567482 (N.D. Cal. Feb. 12, 2017).............................................3, 5

*State Treasurer of Mich. v. Countrywide Fin. Corp.*,
   2011 WL 13220150 (C.D. Cal. Aug. 22, 2011)........................................... 4

*In re Surebeam Cop. Sec. Litig.*,
   2005 WL 5036360 (S.D. Cal. Jan. 3, 2005)............................................... 6

*In re Tezos Sec. Litig.*,
   2018 WL 4293341 (N.D. Cal. Aug. 7, 2018).............................................. 5

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

*Thomas v. Magnachip Semiconductor Corp.*,
   167 F. Supp. 3d 1029 (N.D. Cal. 2016) ................................................................. 6

*Varjabedian v. Emulex Corp.*,
   2020 WL 1847708 (C.D. Cal. Feb. 25, 2020) ......................................................... 2

*In re Violin Memory Sec. Litig.*,
   2014 WL 5525946 (N.D. Cal. Oct. 31, 2014) ......................................................... 5

*In re Volkswagen "Clean Diesel" Mkting., Sales Practices, and Prod.*
   *Liab. Litig.*, 2017 WL 66281 (N.D. Cal. Jan. 4, 2017) ......................................... 5

*In re Wachovia Equity Sec. Litig.*,
   753 F. Supp. 2d 326 (S.D.N.Y. 2011) ..................................................................... 4

*Welgus v. TriNet Grp., Inc.*,
   2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ........................................................... 5

*Welgus v. TriNet Grp., Inc.*,
   2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ...................................................... 4, 5

*Wilson v. Great Am. Indus., Inc.*,
   855 F.2d 987 (2d Cir. 1988) .................................................................................... 2

## I.   INTRODUCTION

Plaintiff's claims against the CF Defendants—based solely on accounting errors in View's audited financial statements—are fatally flawed.  The Opposition does nothing to change that.

## II.   THE SECTION 14 CLAIM MUST BE DISMISSED

As shown in Defendants' motions, the Section 14(a) claim against the CF Defendants must be dismissed because Plaintiff failed to plead that any CF Defendant was negligent, the CF Entities did not solicit proxies and the CF Individuals are exculpated.  In opposition, Plaintiff relies on inapplicable pleading standards and out-of-circuit law and ignores the CF Defendants' negligence arguments.

**A.**   <u>**The AC Fails to Allege the CF Defendants' Negligence.**</u>  As detailed in Defendants' motions, because Plaintiff's claims sound in fraud, Plaintiff must plead that Defendants "acted knowingly and deliberately" with particularity under Rule 9(b) and the PSLRA. *City of Birmingham v. Hastings*, 2019 WL 3815722, at *13 (N.D. Cal. Feb. 13, 2019) (Freeman, J.).  Plaintiff's out-of-circuit authority is contrary to this District's law.  Even if Rule 9 does not apply, Plaintiff's claim must still satisfy the PSLRA by "stat[ing] with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.*  The AC fails to "articulate the duty each [CF] Defendant had to [Plaintiff,] and how their failure to satisfy that duty gave rise to negligence." *In re Ocera Therapeutics*, 2018 WL 7019481 at * 11 (N.D. Cal. Oct. 16, 2018); *see Krieger v. Atheros*, 2012 WL 1933559, at *8 (N.D. Cal. May 29, 2012) (duty is "a necessary element of" §14(a)).

The Opposition does not address how any of the CF Entities owed a duty, nor could it. *See, e.g., In re Shoe-Town, Inc.*, 1990 WL 13475, at *7 (Del. Ch. Feb. 12, 1990) (financial advisor "as a matter of law" "owed no fiduciary duty to the [company's] shareholders").  Nor does (or could) it expend even a single word explaining how the CF Defendants were negligent with respect to the alleged misstatements (Op. 6-11). The alleged misstatements are *audited financial statements* of an unaffiliated target company that the target's auditors certified "*present fairly [its financial condition] in all material respects*," are "*in conformity with [GAAP]*," and are "*free of material misstatement, whether due to error or fraud*."  AC ¶93.  *In re McKesson*, cited favorably by Plaintiff (Op. 8), controls.  126 F. Supp. 2d 1248, 1267-68 (N.D. Cal. 2000) (dismissing §14 claim against acquirer's officers/directors based on alleged misstatements in target's audited financial statements because

1

"there is no suggestion … [acquirer] could have known, even with reasonable diligence, that [target] was engaged in massive accounting fraud").

Rather than seriously contest that the AC fails to plead each CF Defendant's duty and negligence, the Opposition argues that Plaintiff need only plead that the proxy statement was "materially misleading." Op. 6. But that would convert Section 14 from negligence to strict liability. Unsurprisingly, none of Plaintiff's authority supports its assertion that the mere existence of a misstatement is sufficient to plead negligence under Section 14(a). Rather, those cases rest on defendants' **conduct** surrounding the proxy, allegations of which are totally absent here. *See, e.g., Varjabedian v. Emulex*, 2020 WL 1847708, at *11 (C.D. Cal. Feb. 25, 2020) (dismissing because "Plaintiff has not alleged negligent conduct"); *Azar v. Blount*, 2017 WL 1055966, at *9 (D. Or. Mar. 20, 2017) (company created new financial projections to support merger price and omitted original projections from the proxy); *Brown v. Brewer*, 2010 WL 2472182, at *19-22, 25 (C.D. Cal. June 17, 2010) (no dispute defendants knew of alleged omissions); *Wilson v. Great Am.*, 855 F.2d 987, 995 (2d Cir. 1988) ("nondisclosure [of the pertinent information] was a deliberate decision [that] demonstrates a culpable state of mind far in excess of negligence" because defendants prepared the proxy "and chose to describe [the company] in a deliberate manner" or were "aware that the proxy statement was materially deficient"); *Gould v. Am.-Hawaiian*, 535 F.2d 761, 775-76 (3d Cir. 1976) (defendant "knew" statements in proxy were "false"). Even worse, Plaintiff misleadingly relies on **the dissent** in *California Pub. v. Chubb*, 394 F.3d 126, 160 (3d Cir. 2004); the majority held that allegations like Plaintiff's are "insufficiently particularized" to sustain a claim. Finally, Plaintiff does not dispute or attempt to distinguish *McKesson*'s holding that boilerplate allegations that "Defendants … acted negligently," like the AC's (AC ¶160) "fail under the Reform Act." 125 F. Supp. 2d at 1267.

B.      **The AC Fails To Allege Solicitation.** The Opposition concedes that Plaintiff must, at a minimum, show a "substantial connection between the use of the person's name and the solicitation effort" (Op. at 11 citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1323 (9th Cir. 1977)) and does not dispute that the AC's boilerplate allegations as to the CF Entities are insufficient as matter of law. *See McKesson*, 126 F. Supp. 2d at 1267; *Mendell v. Greenberg*, 612 F. Supp. 1543, 1551-52 (S.D.N.Y. 1985). Nor does it make any specific argument as to CFGM, Cantor, and Sponsor.

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

Rather, it focuses solely on CF&Co., relying on an August 26, 2020 marketing agreement between CF&Co. and CFII in which CF&Co. agreed to assist with certain tasks if asked. But none of this is raised in the AC and "the Court … may not consider Plaintiff's new allegations raised for the first time in [its] opposition." *Smith v. Pride Mobility Prod.*, 2017 WL 567482, at *11 (N.D. Cal. Feb. 12, 2017). Moreover, the agreement came months before the merger and the tasks at issue relate to working toward signing a merger agreement, not soliciting proxies. *See* Ex. 1 at 175 (CF&Co., will, among other things, "[a]ssist [CFII] in arranging meetings with its stockholders to discuss one or more *potential* Business Combinations"). Nor does Plaintiff even contend that the services were performed.

The allegations cited in the Opposition that the "CF Defendants participated in meetings and conference calls, reviewed the Business Combination and all of the underlying due diligence materials (as noted in the Proxy), [and] voted to approve the Business Combination" are irrelevant to whether the CF Entities solicited proxies. Indeed, the Proxy makes clear that these actions – which are not solicitation efforts – were undertaken by CFII's management, not the CF Entities. *See, e.g.*, Proxy, 141. Likewise, the allegation that CF&Co. would be paid certain fees upon consummation is irrelevant to solicitation. *See Mendell*, 612 F. Supp. at 1552 (even financial advisor's "participat[ion] in drafting the proxy" is "insufficient to constitute a solicitation" under §14(a)).

**C. The CF Individuals Are Exculpated.** Plaintiff does not dispute that CFII's charter exculpates the CF Individuals from negligence, arguing without authority that the exculpation clause only applies to derivative actions. Wrong. The provision eliminates liability "to the corporation *or its shareholders*." Ex. 3 §8.1. Indeed, this District recently noted that "there are … no cases holding to the contrary." *Wells Fargo*, 2022 WL 345066, at *5 (N.D. Cal. Feb. 4, 2022). Plaintiff's argument that the clause does not protect officers is irrelevant, as the AC does not contain any allegations directed at the CF Individuals solely in their capacity as officers. *Brown*, 2010 WL 2472182, at *3 (defendants exculpated where "plaintiffs have not identified any actions taken by [defendants] solely in their capacity as officers") (cited at Op. 13); *Essendant*, 2019 WL 7290944, at *15 (Del. Ch. Dec. 30, 2019) (Plaintiff "must clearly draw the distinction between exculpated … and non-exculpated claims").

**III.  THE SECTION 11 CLAIM MUST BE DISMISSED**

As shown in View's Brief and Reply, Plaintiff lacks Section 11 standing because it cannot trace

3

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

its shares due to the existence of multiple registration statements. This alone requires dismissal with prejudice. In addition, the Section 11 claim against the CF Individuals fails because it is premised solely on expertised portions of the de-SPAC Registration Statement, and Plaintiff failed to "adequately allege that reliance on [PwC] and [View] management accounting-related statements … was unreasonable." *In re Countrywide Fin. Corp.*, 588 F. Supp. 2d 1132, 1181-82 (C.D. Cal. 2008). Plaintiff concedes that "where the defense is clear from the face of the pleading," the Court can (and should) "dismiss a Section 11 claim," citing *Countrywide*. Op. 16.

In *Countrywide*, the court dismissed Section 11 claims where the alleged misstatements were contained in audited financial statements and plaintiff did not allege any red flags that would render defendants' reliance on the audited statements unreasonable. 588 F. Supp. 2d at 1181-82. That is precisely the situation here and Plaintiff does not attempt to distinguish *Countrywide* or its progeny. *See, e.g.*, *Feyko v. Yuhe Int'l, Inc.*, 2013 WL 816409, at *9 (C.D. Cal. Mar. 5, 2013) (dismissing §11 based on due diligence/reliance on auditor); *State Treasurer of Mich. v. Countrywide Fin. Corp.*, 2011 WL 13220150 at *6 (C.D. Cal. Aug. 22, 2011) (same).

Plaintiff's cases are inapposite; they do not involve an outside defendant's reliance on expertised portions of a registration statement. *See Wachovia*, 753 F. Supp. 2d 326, 379 (S.D.N.Y. 2011) (auditor's claim that it conducted due diligence); *Lehman*, 684 F. Supp. 2d 485, 493 (S.D.N.Y. 2010) (no allegations that defendants relied on auditor's statements); *Dynegy*, 339 F. Supp. 2d 804 (S.D. Tex. 2004) (rejecting underwriters' due diligence defense where complaint alleged that they relied on both expertised and non-expertised portions of the registration statement and where the subject matter was "just as much, if not more so, the domain of … [d]efendants … as they are in the realm of auditors"); *MobileMedia*, 28 F. Supp. 2d 901, 933 (D.N.J. 1998) (involving wholesale false FCC Forms *not* expertised portions of filings); *Morgan Stanley*, 592 F.3d 347, 360 n.7 (2d Cir. 2010) (footnote that "generally speaking," due diligence defense is considered post motion to dismiss).

## IV.   THE SECTION 12 CLAIM MUST BE DISMISSED

Plaintiff lacks Section 12 standing because its PSLRA certification shows it did not purchase shares directly "in [the] public offering [at issue], as opposed to the secondary market." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *26 (N.D. Cal. Dec. 18, 2017), *aff'd,* 765 F. App'x 239 (9th

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

Cir. 2019). Plaintiff's sole response is that it "bought pursuant, or traceable to, the Reg. Stmt., [and] those arguments are addressed in [the Section 11 argument]." Op. 21. But Section 11 and Section 12 have different standing requirements, and this Court has held that that allegations of "pursuant to or traceable to" "do not sufficiently allege" Section 12 standing. *Welgus*, 2017 WL 6466264, at * 26.

The Section 12 claim also fails because the CF Entities are not statutory sellers as they did not have a "direct role in the solicitation of [P]laintiff." *Welgus v. TriNet*, 2017 WL 167708, at *19 (N.D. Cal. Jan. 17, 2017). Although Section 12 "contemplates only an action by a buyer against his or her immediate seller" (*Violin Memory*, 2014 WL 5525946, *18 (N.D. Cal. Oct. 31, 2014)), Plaintiff does not argue that the CF Entities directly solicited its purchase or advance any argument against CF&Co. or CFGM. As to Cantor, Plaintiff relies exclusively on "other solicitation materials that refer to the involvement of the 'Cantor' entity." Op. 22. This fails because (i) this is not pled in the AC (*Pride*, 2017 WL 567482, at *11); (ii) being mentioned in "solicitation materials" is not soliciting Plaintiff's purchase; and (iii) at most, the materials show that Cantor somehow assisted in others' solicitation efforts, which is insufficient. *Pinter v. Dahl*, 486 U.S. 622, 651 n.27 (1988) ("collateral participant" or "assist[ing] in another's solicitation efforts" insufficient under §12); *Moore v. Kayport Package*, 885 F.2d 531, 537 (9th Cir. 1989) (dismissing §12 defendant who "performed professional services" for issuance); *Tezos*, 2018 WL 4293341, at *9 (N.D. Cal. Aug. 7, 2018) ("depiction of [defendant as] a 'service provider'" fails where they "merely assist in another's solicitation efforts"); *Me. State Ret. Sys. v. Countrywide*, 2011 WL 4389689, at *9 (C.D. Cal. May 5, 2011) ("very specific allegations of solicitation, including direct communications with Plaintiffs" required; "promoted" sale insufficient).

## V.    THE CONTROLLER CLAIMS MUST BE DISMISSED

Plaintiff's "control person" claims fail because: (i) there are no primary violations; and (ii) the CF Defendants are not "controllers" of CFII. As detailed in the motion, the AC's boilerplate allegations of "high-level positions" and "ownership" are routinely rejected in this District. CF Br. 8-9 citing *Purple Mtn. v. Wells Fargo*, 432 F. Supp. 3d 1095, 1106-07 (N.D. Cal. 2020) ("positions and power to control public statements" insufficient), *Volkswagen*, 2017 WL 66281, at *19 (N.D. Cal. Jan. 4, 2017) (similar) and *Situations Fund III v. Brar*, 2015 WL 1393539 (N.D. Cal. Mar. 26, 2015) (similar). Indeed, this Court has rejected more detailed allegations of control, e.g., defendant being

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

"Chairman of the Board," "own[ing] roughly 30% of [Company]" being "related to [Company's] officers," and "sign[ing] certain of [Company's] financial statements." *Bao v. SolarCity*, 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015). Plaintiff fails to address this controlling authority.

As to the CF Entities, Plaintiff concedes that the "traditional indicia of control are: having a prior lending relationship, owning stock in the target company, or having a seat on the board" (Op. 38) all of which are absent here as to CF&Co., CFGM, and Cantor. Plaintiff does not argue that CF&Co. is a controller, nor could it because CF&Co. did not hold any CFII shares or have had a board seat or day-to-day involvement with CFII. Likewise, Cantor and CFGM had no direct ownership in or governance of CFII. As to Sponsor, Plaintiff does not dispute that it held only 21.3% of CFII common stock (a minority interest) or respond to the well-established law that being "a minority shareholder … does not establish control person liability." *Gupta Corp.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994).

Rather, Plaintiff resorts to arguing corporate affiliation, ignoring that each defendant is a separate legal entity and that allegations of "affiliation" or being a "wholly owned subsidiary" are "insufficient to establish control-person liability." *Firefighters' Ret. v. Citco*, 855 F. App'x 902, 906 (5th Cir. 2021); *see Costanzo v. DXC Tech.*, 2020 WL 4284838, at *8 (N.D. Cal. July 27, 2020) (declining to treat "two legally distinct entities - as one"). Finally, Plaintiff's cases are again inapposite; they involve majority shareholders, detailed individualized allegations, or other distinguishing facts. *No. 84 Emp.-Teamster v. Am. W. Holding*, 320 F.3d 920, 945-46 (9th Cir. 2003) ( "all three . . . indicia of control" pled where defendants, inter alia, "control[ed] approximately 57.4% of the total voting power"); *Thomas v. Magnachip*, 167 F. Supp. 3d 1029, 1048-49 (N.D. Cal. 2016) ("Plaintiffs plead in the [complaint]" that defendant was "majority shareholder"); *Surebeam*, 2005 WL 5036360, at *25 (S.D. Cal. Jan. 3, 2005) ("Plaintiffs allege [Defendant] owned 100% of [Company]"); *Hefler v. Wells Fargo*, 2018 WL 1070116, at *14 (N.D. Cal. Feb. 27, 2018) (no outside entities and detailed allegations regarding D&Os specific operational duties); *Cylink*, 178 F. Supp. 2d 1077, 1079 (N.D. Cal. 2001) (only against CEO, CFO and VPs, not outside directors or entities); *Enron*, 2003 WL 230688, at *18 (S.D. Tex. Jan. 28, 2003) (regarding partners' control of limited liability partnership).

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the CF Defendants' motion with prejudice.

Reply Memorandum in Support of the CF Defendants' Motion to Dismiss – No. 5:21-cv-06374-BLF

Dated:  December 14, 2022

WINSTON & STRAWN LLP

By:/s/ James P. Smith III

James P. Smith III (*pro hac vice*)
Thania Charmani (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-294-6700

Jeffrey L. Steinfeld
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: 213-615-1700

Attorneys for Defendants Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and CF Group Management, Inc.

7