MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
LARA MCDONOUGH (CA SBN 340017)
LMcDonough@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendant
VIDUL PRAKASH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, TOM LEPPERT, HAROLD HUGHES, NIGEL GORMLY, TOM PATTERSON, BILL VEGHTE, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTO FITZGERALD, L.P., CF GROUP MANAGEMENT, INC., AND PRICEWATERHOUSECOOPERS LLP,<br><br>        Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**<u>CLASS ACTION</u>**<br><br>**DEFENDANT VIDUL PRAKASH'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:    Hon. Beth Labson Freeman<br>Date:     April 20, 2023<br>Time:    9:00 a.m.<br>Ctrm:    3 |

DEF. PRAKASH'S REPLY ISO MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 5:21-CV-06374-BLF

## I.    INTRODUCTION

The bar for pleading a "strong inference of scienter" is "not easy to satisfy[.]" *Webb v. Solarcity Corp.*, 884 F.3d 844, 855 (9th Cir. 2018).  Plaintiff's Opposition highlights it is not satisfied here.  Plaintiff pleads no factual allegations supporting any inference that Vidul Prakash intentionally deceived investors about the accounting for View's warranty accruals.

## II.    ARGUMENT

Prakash cited multiple on-point Ninth Circuit decisions—*Align, Apollo, Lloyd, Metzler, Webb,* and *Zucco*—all of which affirmed dismissal where, as here, there were no particularized factual allegations of accounting fraud.  MTD at 1-3.  In response, Plaintiff notes that each case implicated other accounting issues, as if that mattered.  Opp. at 25.  What those cases have in common with this case is the absence of any alleged facts about what the CFO knew about the accounting, the GAAP rules applied, and the decisions made.  That factual void is also fatal here.  The lacking allegations contrast to cases like *Daou* and *VeriFone*, where complaints alleged facts showing deliberate manipulation by CFOs.  MTD at 3.  Plaintiff does not respond.

Instead, Plaintiff relies on the "core operations" inference to argue that Prakash was aware of View's warranty-related costs.  Opp. at 25:1-2.  But the issue is not whether or not he was "aware" of them.  Everyone was.  View disclosed them in its SEC filings.  AC at ¶¶ 78, 81-82, 95.  The issue is whether he knew about and intentionally deceived investors about the accrual accounting error.  On that front, Plaintiff alleges no facts.  This is fatal.

Plaintiff's case, *Berson v. Applied Signal Tech.*, 527 F.3d 982, 987-88 & n.5 (9th Cir. 2008), had nothing to do with accounting.  The court found that it was "absurd to suggest" executives did not know about four stop-work orders that had a "devastating effect on the corporation's revenue," halted tens of millions of dollars of work, and left their manufacturing facility a "ghost town."  *Id*.  Nothing like that is alleged here.  Moreover, no Ninth Circuit case has relied upon *Berson* or the core operations inference to infer scienter in an accounting case, while several have rejected its application.  *E.g.*, *City of Dearborn Heights v. Align Tech., Inc.*, 856 F.3d 605, 620 (9th Cir. 2017).  Consider *Webb*:  Rather than "projecting a 'facade of profitability,' the company's original financials only misstated the degree of the company's

unprofitability[.]" 884 F.3d at 858. "SolarCity reported a net loss of $91.575 million in 2012, even with the accounting error, which was later restated to $113.726 million." *Id*. It was not reasonable to infer the issue was "immediately obvious" to defendants. *Id*. Same here. The restatement increased View's net loss by 7%, an even smaller degree than in *Webb*. View MTD at 3:6. There are no facts to infer this issue was "immediately obvious" to Prakash.

Prakash sold no stock, which can negate any scienter inference according to Ninth Circuit cases ignored by Plaintiff. MTD at 3. Plaintiff argues (without support) that Defendants were subject to lock ups. Opp. at 23:11. But Plaintiff dodges the main point: there is no alleged motive, other than a belated claim (with no matching Complaint allegation) that insiders have incentives to complete SPAC deals. The Ninth Circuit routinely declines to infer scienter from such "routine corporate objectives." *Webb*, 884 F.3d at 856 (citing cases). This Court should too.

Plaintiff's allegation as to Prakash's resignation does not support an inference of scienter. MTD at 3. The Opposition notes that Hughes was appointed Executive Chair on the same day Prakash resigned. Opp. at 26:4. This supports an inference that new leadership came in the wake of an accounting error. But it does not support any inference of Prakash's fraudulent intent. As *Zucco* held: "a plaintiff must plead facts refuting the reasonable assumption that the resignation occurred as a result of [the] restatement's issuance itself in order for a resignation to be strongly indicative of scienter." 552 F.3d 981, 1002 (9th Cir. 2009). The Opposition fails to do this.

Looking well beyond the Complaint, Plaintiff latches onto PwC's blame-shifting attempts. Opp. at 24:11. As Plaintiff acknowledges, these disputed facts "cannot be considered for the truth at this stage." Opp. at 29:8. That's correct: the Complaint alleges nothing about this claim and a "court cannot take judicial notice of disputed facts contained in [] public records." *Khoja v. Orexigen Therapeutics,* 899 F.3d 988, 999 (9th Cir. 2018). This Court cannot assume the truth of PwC's (erroneous) arguments, let alone draw any scienter inference. For the same reason, Plaintiff's arguments about their "scheme" claim are unavailing. Opp. at 36-37.

Finally, Plaintiff's Opposition offers nothing to save the Section 20(a) claim. Prakash's position as former CFO and his signing of SEC filings are not sufficient to allege that he was a "control person" over a primary violation. MTD at 4 (citing cases).

DEF. PRAKASH'S REPLY ISO MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 5:21-CV-06374-BLF                                                    2

Dated:  December 14, 2022

MORRISON & FOERSTER LLP

By: /s/ *Mark R.S. Foster*

Attorneys for Defendant Vidul Prakash