Michael J. McConnell (admitted *pro hac vice*)
mmcconnell@jonesday.com
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia 30361
Telephone:    +1.404.521.3939
Facsimile:    +1.404.581.8330

John C. Tang (State Bar No. 212371)
jctang@jonesday.com
Dennis F. Murphy, Jr. (State Bar No. 301008)
dennismurphy@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Defendants
Tom Leppert and Harold Hughes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, *et al.*,<br><br>Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**DEFENDANTS TOM LEPPERT AND HAROLD HUGHES'S REPLY IN SUPPORT OF MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST THEM IN PLAINTIFF'S AMENDED COMPLAINT, AND JOINDER**<br><br>Date:     April 20, 2023<br>Time:     9:00 a.m.<br>Dept:     Ctrm. 3, 5th Floor<br>Judge:    Hon. Beth Labson Freeman |

## I.     Introduction

Plaintiff's Sections 14(a) and 20(a) claims as to Leppert and Hughes should be dismissed because the Amended Complaint ("AC") lacks any specific allegations about their roles as outside directors and involvement in any of the alleged misstatements, and makes contradictory allegations about their purported control over the Company.  As for the Section 11 claim, the AC does not allege with specificity that Plaintiff's shares are traceable to the De-SPAC Registration Statement.

## II.    Plaintiff's Section 14(a) Claim Sounds in Fraud and Must Be Dismissed.

Plaintiff does not contest that if its Section 14(a) claim sounds in fraud, it must be dismissed for failure to plead knowledge of the alleged misconduct because the AC contains none of those allegations as to Leppert or Hughes. *See* Mot. at 2-3.  Instead, Plaintiff argues that its proxy claim does not sound in fraud because it "structured" its AC (Opp. at 10-11) to split the Sections 10(b) and 14(a) allegations, and added an obligatory disclaimer disavowing Section 14(a) as a fraud claim (*see, e.g.*, AC ¶ 131).  But Plaintiff "makes no effort to distinguish the factual bases" for its claims. *In re LendingClub Sec. Litig.*, 254 F. Supp. 3d 1107, 1115 (N.D. Cal. 2017); *see Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 & n.5 (9th Cir. 2000) (affirming rejection of "disingenuous" disclaimer).  Leppert and Hughes take Plaintiff's allegations at face value—that they purportedly acted *fraudulently*. *See* Mot. at 2.  The number of paragraphs in the AC making fraud allegations (*see* Opp. at 10) is irrelevant, where Plaintiff's Section 14(a) allegations—the alleged misstatements about View's financials leading to the restatement—serve as the basis for Plaintiff's Section 10(b) claim. *See, e.g.*, AC ¶¶ 267-69.  Moreover, Plaintiff claims that it has Section 11 standing where Plaintiff has standing to bring other securities claims, so that Plaintiff can "represent all purchasers with claims *based on the same improper conduct*." Opp. at 15 (emphasis added).  Plaintiff's Section 14(a) claim clearly sounds in fraud where Plaintiff asserts that all of its claims (including Section 10(b)) arise from the same allegedly fraudulent conduct. *See* View Reply at 6.

## III.   The Section 14(a) Claim Must Be Dismissed Because It Also Fails Rule 8(a).

Even if Plaintiff's Section 14(a) claim does not sound in fraud, Plaintiff's AC lacks sufficiently specific allegations as to Leppert and Hughes to satisfy Rule 8(a). *See* Mot. 3-4.  "[N]egligence in a securities action depends on whether defendants exercised reasonable prudence in

DEFS. T. LEPPERT AND H. HUGHES'S REPLY SUPP. MOTION TO DISMISS AMENDED COMPLAINT

their actions and inactions." *Varjabedian v. Emulex Corp.*, 2020 WL 1847708, at \*10 (C.D. Cal. Feb. 25, 2020); *see* Opp. at 6. Here, Plaintiff has failed to allege that Leppert and Hughes acted unreasonably and completely ignores their efforts in investigating the accounting issue. *See* Mot. at 3-4. Moreover, "even assuming negligence is all that is required," Plaintiff "has not sufficiently alleged [Leppert and Hughes's] duties that would allow the Court to infer negligence." *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815722, at \*14 (N.D. Cal. Feb. 13, 2019); *see* View Reply at 6.

Plaintiff also fails to plead transaction or loss causation. *See* View Reply at 5-6.

## IV.   **Plaintiff's Section 11 Claim Fails.**

Plaintiff cannot show traceability for its Section 11 claim. *See* View Reply at 1-2.

## V.   **Plaintiff Ignores Contradictory Allegations in Its Section 20(a) Claim.**

Plaintiff's Opposition ignores that Leppert and Hughes could not have "control" to support a Section 20(a) claim where they resigned because remedial recommendations were not being followed (*see* Mot. at 4)—which Plaintiff references twice in arguing for scienter as to other Defendants. *See* Opp. at 2, 26. The reason for their resignations fundamentally contradicts an inference that Leppert and Hughes "controlled" the Company. The court is not required to accept Plaintiff's conclusory allegation of control in the face of contradictory allegations showing <u>lack</u> of control by the same defendants. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 & n.8 (9th Cir. 2014) (inconsistent allegations "support—at best—a 'possible' basis to believe [plaintiffs' theory], not a 'plausible' one").

Plaintiff cannot allege even *the ability* for Leppert and Hughes to exercise actual power or control over any alleged primary violator. *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). The AC is silent as to Leppert and Hughes's participation and influence over the Company. *See In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007) (allegations that directors had "intimate knowledge" of statements they signed and controlled "the decision making of the Company" were "insufficient").

## VI.   **Conclusion**

For these reasons, the Court should grant Leppert and Hughes's Motion with prejudice.

- 2 -                                    Case No. 5:21-cv-06374-BLF

DEFS. T. LEPPERT AND H. HUGHES'S REPLY SUPP. MOTION TO DISMISS AMENDED COMPLAINT

Dated:  December 14, 2022                              JONES DAY

                                                        By:  */s/ Michael J. McConnell*
                                                              Michael J. McConnell

                                                        Attorneys for Defendants
                                                        Tom Leppert and Harold Hughes

DEFS. T. LEPPERT AND H. HUGHES'S REPLY SUPP. MOTION TO DISMISS AMENDED COMPLAINT