Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Michael M. Purpura, State Bar No. 338216
mpurpura@hueston.com
Emerson Bursis, N.Y. State Bar No. 5671060 (pro hac vice)
ebursis@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for Defendant
PricewaterhouseCoopers LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> VIEW, INC. f/k/a CF FINANCE ACQUISISION CORP. II, RAO MULPURI, VIDUL PRAKASH, TOM LEPPERT, HAROLD HUGHES, NIGEL GORMLY, TOBY COSGROVE, LISA PICARD, TOM CHEUNG, TOM PATTERSON, BILL VEGHTE, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., CF GROUP MANAGEMENT INC., AND PRICEWATERHOUSE COOPERS LLP, <br><br> Defendants. | Case No. 5:21-cv-06374-BLF <br><br> **CLASS ACTION** <br><br> **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S REPLY IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** <br><br> Judge:       Hon. Beth Labson Freeman <br> Date:        April 20, 2023 <br> Time:        9:00 a.m. <br> Courtroom:  3 |

## I.    INTRODUCTION

Plaintiff's Opposition to PricewaterhouseCoopers LLP's ("PwC") motion to dismiss ("Motion") does nothing to save Plaintiff's claims against PwC.  First, recognizing that the Amended Complaint ("AC") does not satisfy *Omnicare*'s pleading standard for opinion statements, Plaintiff contends that PwC's "audit *opinion[s]*" are somehow statements of fact.  Opp. at 2 (emphasis added). But Plaintiff ignores that the overwhelming consensus among federal courts—including multiple courts in this District—is that audit opinions are opinion statements under *Omnicare*.  *See, e.g.*, *Hunt v. Bloom Energy Corp.*, 2021 WL 4461171, at *13-15 (N.D. Cal. Sept. 29, 2021).  Second, Plaintiff does not (and cannot) reconcile its assertion that PwC acted with a strong inference of scienter with Defendant View's public disclosure that its former CFO and accounting staff intentionally concealed from PwC the very information giving rise to Plaintiff's claims against PwC.  Instead, Plaintiff urges this Court to ignore that disclosure when considering PwC's scienter, while simultaneously asking the Court to consider it with respect to Defendants Prakash and View.  *Compare* Opp. at 24, *with id.* at 29.  Plaintiff cannot have it both ways.  Because Plaintiff's conclusory and boilerplate allegations against PwC fail to meet the well-established, high pleading standards for stating a securities claim against an outside auditor, the Court should dismiss all of Plaintiff's claims against PwC.

## II.    ARGUMENT

### A.    Plaintiff fails to plead that PwC made a false or misleading statement.

Plaintiff's Section 10(b), 11, and 14(a) claims fail because the AC does not adequately allege that PwC made a false or misleading statement. Under *Omnicare*'s framework for opinion statements, Plaintiff must allege specific facts showing either (i) "that PwC did not *sincerely believe* that [View's] financial statements present[ed] fairly, in all material respects, the financial position of the Company," *Bloom Energy*, 2021 WL 4461171, at *15 (emphasis added), or (ii) that PwC omitted material facts "about the inquiry [it] did or did not conduct or the knowledge it did or did not have," *In re Lehman Brothers Sec. & ERISA Litig.*, 131 F. Supp. 3d 241, 252 (S.D.N.Y. 2015).  Plaintiff does neither.  *See* AC ¶¶ 131, 179 ("disclaim[ing] any allegation that could be construed as alleging or sounding in fraud or intentional misconduct").  Instead, Plaintiff tries to sidestep *Omnicare* by recasting PwC's opinions as statements of fact.  That argument fails.

The overwhelming consensus among federal courts is that an audit opinion is a statement of opinion that must be subjectively false to be actionable. *See, e.g.*, *Bloom Energy Corp.*, 2021 WL 4461171, at *13-15; *Johnson v. CBD Energy Ltd.*, 2016 W: 3654657, at *11 (S.D. Tex. July 6, 2016); *Querub v. Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016); *Se. Pennsylvania Transp. Auth. v. Orrstown Fin. Servs.*, 2015 WL 3833849, at *34 (M.D. Pa. June 22, 2015); *In re Am. Int'l Grp., Inc., 2008 Sec. Litig.*, 2013 WL 1787567, at *5 (S.D.N.Y. Apr. 26, 2013). That consensus emerged for good reason. The standard language in an audit opinion—and the language used by PwC here—clearly identifies the opinion as such. AC ¶ 93 ("***In our opinion***, the consolidated financial statements present fairly, in all material respects, the financial position of the Company . . . ." (emphasis added)); *id.* ("Our responsibility is to ***express an opinion*** . . . ." (emphasis added)). Indeed, Plaintiff itself refers to PwC's "audit ***opinion***." Opp. at 2 (emphasis added).

Plaintiff points to *In re Washington Mut., Inc. Sec. Deriv. & ERISA Litig.*, which found that an audit opinion may contain "actionable statement[s] of fact." 694 F. Supp. 2d 1192, 1223-24 (W.D. Wash. 2009). But *Washington Mutual*'s reasoning has been expressly rejected in multiple subsequent decisions in this Circuit. *See, e.g.*, *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *12 (C.D. Cal. Mar. 25, 2019); *Hufnagle v. Rino Int'l Corp.*, 2013 WL 160223, at *2 (C.D. Cal. Jan. 14, 2013). In fact, to the best of PwC's counsel's knowledge, every other federal district court in California to decide this question has concluded that an audit opinion is a statement of opinion under Omnicare. *See Bloom Energy Corp.*, 2021 WL 4461171, at *13-15; *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *17-18 (N.D. Cal. Oct. 1, 2015); *Buttonwood Tree Value Partners, LP v. Sweeney*, 910 F. Supp. 2d 1199, 1208 (C.D. Cal. 2012).

Plaintiff cites *Cosby v. KPMG, LLP*, 2018 WL 3723712, at *8 (E.D. Tenn. Aug. 2, 2018), for the proposition that an audit opinion is a statement of fact, but *Cosby* applied *Omnicare*. *Id.* ("The Court must determine whether 'plaintiff has pleaded particular facts sufficient to demonstrate that [KPMG] did not believe' the statements at the time they were made." (citation omitted)). And while Plaintiff cites *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 134 (S.D.N.Y. 2013), for a similar proposition, *McIntire* expressly declined to decide the question because it was "a distinction without a difference" to the outcome of that case. 927 F. Supp. 2d at 134. Plaintiff's

cited cases, therefore, fail to support its position, and the Court should conclude—as others in this District have before—that PwC's audit opinions are opinion statements under *Omnicare*. *See Bloom Energy Corp.*, 2021 WL 4461171, at *13-15.

### B.     Plaintiff fails to plead a strong inference of scienter.

Plaintiff's Section 10(b) claims fail for an independent reason. To satisfy the PSLRA, Plaintiff must plead particularized facts giving rise to a "strong inference" of scienter that is "at least as compelling as any opposing inference one could draw." *Webb v. Solarcity Corp.*, 884 F.3d 844, 850 (9th Cir. 2018). Here, View disclosed in its 2021 10-K that its former CFO and staff had "***intentionally failed to disclose*** certain information to . . . [PwC] regarding the applicable costs incurred and expected to be incurred in connection with the warranty-related obligations." Dkt. 136 Ex. 12 at 12-3 (emphasis added). Thus, the "competing inference that [PwC] was deceived is stronger" than any purported inference of fraudulent intent. *W. Virginia Inv. Mgmt. Bd. v. Doral Fin. Corp.*, 344 F. App'x 717, 721 (2d Cir. 2009).

Plaintiff urges the Court to close its eyes to that disclosure because it is supposedly "outside the complaint." Opp. at 29. But documents quoted and cited in a complaint are treated as "part of the complaint" for purpose of a motion to dismiss. *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014); AC ¶¶ 15, 58, 60-61, 128-29. And SEC filings are "routinely considered in deciding a motion to dismiss in a securities case." *Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6; *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (instructing courts to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when assessing scienter).

Plaintiff's other allegations do not overcome that compelling inference of non-fraudulent intent. Plaintiff points to supposed "red flags" that PwC allegedly ignored during its audits. Opp. at 30. These "boilerplate" red flags have been repeatedly rejected. *See Buttonwood*, 2012 WL 2086607, at *2 (C.D. Cal. June 7, 2012). Similarly, Plaintiff's unsupported assertion that PwC "fail[ed] to comply with PCAOB standards and GAAS," Opp. at 28, is insufficient as a matter of law. *In re Software Toolworks Inc.*, 50 F.3d 615, 615, 627–28 (9th Cir. 1994). At bottom, the only reasonable inference from Plaintiff's allegations is that PwC acted without fraudulent intent.

Dated:  December 14, 2022

Respectfully submitted,

HUESTON HENNIGAN LLP


By: ___/s/ Moez M. Kaba___

Moez M. Kaba
Michael M. Purpura
Emerson Bursis
Attorneys for Defendant
PricewaterhouseCoopers LLP

- 4 -