JOHN W. BERRY (SBN 295760)
john.berry@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LAUREN C. BARNETT (SBN 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendants View, Inc. f/k/a CF
Finance Acquisition Corp. II, Rao Mulpuri, Nigel
Gormly, Toby Cosgrove, Lisa Picard, Tom
Cheung, Tom Patterson and Bill Veghte*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, TOM LEPPERT, HAROLD HUGHES, NIGEL GORMLY, TOBY COSGROVE, LISA PICARD, TOM CHEUNG, TOM PATTERSON, BILL VEGHTE, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., CF GROUP MANAGEMENT, INC., AND PRICEWATERHOUSECOOPERS LLP,<br><br>        Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; STIPULATION TO RELATE CASES; [PROPOSED] ORDER**<br><br>(Civil L.R. 3-12, 7-11) |

In accordance with Civil Local Rules 3-12 and 7-11, Defendants View, Inc. f/k/a CF Finance Acquisition Corp. II ("View"), Rao Mulpuri, Nigel Gormly, Toby Cosgrove, Lisa Picard, Tom Cheung, Tom Patterson, and Bill Veghte (with View, "View Defendants"), notify the Court that this action, *Mehedi v. View, Inc., et al.*, No. 21-cv-06374-BLF (the "Securities Action"), is related to the action, **Roberts v. Mulpuri, et al.**, **No. 23-cv-02248-YGR** (the "Derivative Action"), filed by non-party Alexandre Roberts (the "Non-Party Derivative Plaintiff") in the United States District Court for the Northern District of California, the Honorable Yvonne Gonzalez Rogers presiding.

Pursuant to the attached stipulation, the View Defendants, additional Defendants Vidul Prakash, Tom Leppert, Harold Hughes, Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald L.P., CF Group Management, Inc., and PricewaterhouseCoopers LLP (collectively, "Defendants"), Plaintiff Stadium Capital LLC, and Non-Party Derivative Plaintiff (collectively, the "Parties") have stipulated that the Securities Action and the Derivative Action should be related.  The Parties further respectfully suggest that the Derivative Action before Judge Gonzalez Rogers should be reassigned to this Court.

Non-Party Derivative Plaintiff listed the Securities Action as a "related case" on his civil cover sheet for the Derivative Action (No. 23-cv-02248-YGR, Dkt. No. 1-1).

Moreover, the Securities Action and the Derivative Action meet the definition of "Related Cases" under Civil Local Rule 3-12.

First, the two cases "concern substantially the same parties, property, transaction, or event."  Civil Local Rule 3-12(a)(1).

- The Securities Action amended complaint, which the Court dismissed with leave to amend (Dkt. No. 168), alleges that Defendants made false and misleading statements during the period November 30, 2020 to May 10, 2022 (the "Class Period") concerning, among other things, View's warranty-related obligations and its business, operations, and prospects.  Plaintiff Stadium Capital LLC asserts

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

claims under the Securities Act of 1933 and the Securities Exchange Act of 1934, on behalf of a putative class of purchasers of View common stock (Dkt. No. 96).

- The Derivative Action complaint alleges that Defendants Mulpuri, Prakash, Cosgrove, Picard, and Gormly "caus[ed] or allow[ed] the Company to disseminate to View shareholders materially misleading and inaccurate information through the Company's SEC filings" during the Class Period, referring to the same statements at issue in the Securities Action.  Non-Party Derivative Plaintiff asserts claims for alleged breach of fiduciary duty, unjust enrichment, waste of corporate assets, and violations of sections 10(b) and/or 20(a) of the Exchange Act, derivatively on behalf of Nominal Defendant View (No. 23-cv-02248-YGR, Dkt. No. 1).

Second, there likely would be "an unduly burdensome duplication of labor and expense or conflicting results" if the Securities Action remains pending before this Court and the Derivative Action remains pending before Judge Gonzalez Rogers.  Civil Local Rule 3-12(a)(2).  Because of the overlapping factual allegations, parties, and claims, the Securities Action and the Derivative Action will require determination of substantially similar legal issues.

For the foregoing reasons, and pursuant to the attached stipulation, the Parties respectfully suggest that the Derivative Action (*Roberts v. Mulpuri, et al.*, No. 23-cv-02248-YGR) should be related to this case, the lower-numbered Securities Action (*Mehedi v. View, Inc., et al.*, No. 21-cv-06374-BLF), and that the Derivative Action should be reassigned to this Court, Hon. Beth Labson Freeman presiding.

Dated:  July 31, 2023                    MUNGER, TOLLES & OLSON LLP

By: */s/ John W. Berry*
     John W. Berry

*Attorneys for Defendants*
*View, Inc. f/k/a CF Finance Acquisition Corp. II, Rao Mulpuri, Nigel Gormly, Toby Cosgrove, Lisa Picard, Tom Cheung, Tom Patterson, and Bill Veghte*

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED