# EXHIBIT 16

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MURRAY ZUCKER, and MIDDLESEX
RETIREMENT SYSTEMS, on behalf of
himself and all others similarly situated,

        Plaintiffs,

   v.

ZORAN CORPORATION, UZIA GALIL,
LEVY GERZBERG, KARL SCHNEIDER,
ISAAC SHENBERG, RAYMOND A.
BURGESS, JAMES D. MEINDL, JAMES B.
OWENS, JR., DAVID RYNNE, ARTHUR B.
STABENOW, PHILIP M. YOUNG,

        Defendants.

_____/

No. C 06-04843 WHA

**ORDER STRIKING CAPITALIA
ASSET MANAGEMENT SGR SPA
FROM ACTION**

    Capitalia Asset Management may not willy-nilly and unilaterally jump into this action without a proper motion to intervene or to be added as a party. Middlesex Retirement Systems convinced the Court that it should be the lead plaintiff under the PSLRA. The appointment order recognized that Middlesex may be limited in the claims it can assert but felt constrained to conform to the presumption established by the circuit law and the PSLRA. The order did not authorize Middlesex to invite others into the case as additional plaintiffs. As matters now stand, Middlesex is the *only* plaintiff. All claims purportedly asserted by Capitalia are **STRICKEN** and Capitalia is not a party to this action.

    If Capitalia moves to intervene or moves to join as a representative plaintiff under Rule 20, then a proper motion must be made. If such a motion is made, the motion should address:

**United States District Court**
For the Northern District of California

(i).     When and how Capitalia came to the attention of Middlesex and why Capitalia refrained from seeking to participate as a class representative earlier;

(ii).    What steps Middlesex has taken to ensure that the addition of a new plaintiff will not interfere with its ability to discharge its duties to the class;

(iii).   Whether other would-be plaintiffs were considered;

(iv).   What due diligence (if any) Middlesex has undertaken with respect to Capitalia;

(v).    Counsel should submit a declaration showing that Capitalia has been acquired as a client in a professionally proper way;

(vi).   Does counsel have a conflict in representing the two separate clients;

(vii).  As a class representative, would Capitalia have a duty to make its own fiduciary decisions with respect to litigating the Section 10 claims, including settlement? What would be the decisional mechanism were it to develop that Capitalia disagreed with Middlesex's judgment in this regard?

This order does not change the schedule for defendants' motions to dismiss set forth in the order dated February 16, 2007.

**IT IS SO ORDERED.**

Dated:  February 20, 2007

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2

**Ex. 16 - 2**