ANNA ERICKSON WHITE (CA SBN 161385)
AWhite@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
MICHAEL KOMOROWSKI (CA SBN 323517)
MKomorowski@mofo.com
LARA MCDONOUGH (CA SBN 340017)
LMcDonough@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522


Attorneys for Defendant
VIDUL PRAKASH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC.,<br><br>Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**DEFENDANT VIDUL PRAKASH'S NOTICE OF JOINDER AND MOTION TO DISMISS LEAD PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    Hon. Beth Labson Freeman<br>Date:     March 14, 2024<br>Time:    9:00 a.m.<br>Ctrm:    3 |

**NOTICE OF JOINDER AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL:  Please take notice that on March 14, 2024, at 9:00 a.m., or at such other time as the matter may be heard, in the courtroom of the Honorable Beth Labson Freeman, in Courtroom 3 of the U.S. District Court, 280 South 1st Street, San Jose, CA 95113, Defendant Vidul Prakash ("Prakash") joins in Sections III(A), III(B), and III(D) of the Motion to Dismiss and Strike Allegations filed by Defendants View, Inc., f/k/a CF Finance Acquisition Corp. II ("View") and Rao Mulpuri ("Mulpuri"), as well as the request for judicial notice contained therein (the "View Motion").  All abbreviations used herein are defined in the View Motion.  Defendant Prakash separately moves to dismiss the Second Amended Complaint (ECF No. 175) ("SAC") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), given Plaintiff's failure to state a claim against him in compliance with Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure or the PSLRA's "exacting pleading standards." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), as amended (Feb. 10, 2009).

Prakash's motion is based on this notice of joinder and motion to dismiss, the attached Memorandum of Points and Authorities, and upon such other arguments as may be presented before the Court takes this matter under submission.

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Court should dismiss Plaintiff's Section 10(b) claim against Prakash given Plaintiff's failure to plead (a) facts giving rise to a "strong inference" of Prakash's scienter; and (b) loss causation.

2.    Whether the Court should dismiss Plaintiff's Section 14(a) claim against Prakash given Plaintiff's failure to plead (a) that Prakash acted with negligence; (b) that Prakash solicited any proxy; and (c) causation.

3.    Whether the Court should dismiss Plaintiff's Section 20(a) claim against Prakash given Plaintiff's failure to plead (a) a predicate violation; and (b) Prakash's "control" over others.

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   BACKGROUND ............................................................................................. 1

III.  ARGUMENT .................................................................................................. 2

    A.    Plaintiff's Section 10(b) Claim Fails. .................................................. 2

        1.    The SAC Fails to Plead a Strong Inference of Fraudulent Intent. .............. 2

        2.    The SAC Fails to Plead Loss Causation. ...................................... 4

    B.    Plaintiff's Section 14(a) Claim Fails. .................................................. 4

        1.    The SAC Fails to Allege Prakash Acted with the Requisite Negligence. ...................................... 4

        2.    The SAC Fails to Allege that Prakash Solicited Proxies. ........................... 5

        3.    The SAC Fails to Plead Causation. ............................................. 6

    C.    Plaintiff's Section 20(a) Claim Fails. .................................................. 6

    D.    Plaintiff's Improper Attempt to Add New Parties Should be Rejected. ................. 7

IV.   CONCLUSION .............................................................................................. 7

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Aaron v. SEC,*
   446 U.S. 680 (1980) ...................................................................................................................3

5

6

*In re Bank of Am. Corp. ERISA Litig.,*
   757 F. Supp. 2d 260 (S.D.N.Y. 2010) ......................................................................................6

7

8

*In re Finjan Holdings, Inc. Sec. Litig.,*
   58 F.4th 1048 (9th Cir. 2023) ...................................................................................................4

9

*Howard v. Everex Sys., Inc.,*
   228 F.3d 1057 (9th Cir. 2000) ..................................................................................................7

10

11

*Kelley v. Rambus, Inc.,*
   No. C 07-1238 JF (HRL), 2008 WL 5170598 (N.D. Cal. Dec. 9, 2008) .................................6

12

13

*Lloyd v. CVB Fin. Corp.,*
   811 F.3d 1200 (9th Cir. 2016) ..................................................................................................3

14

*Luna v. Marvell Tech. Grp.,*
   No. C 15-05447 WHA, 2017 WL 2171273 (N.D. Cal. May 17, 2017) ....................................7

15

16

*In re McKesson HBOC, Inc. Sec. Litig.,*
   126 F. Supp. 2d 1248 (N.D. Cal. 2000) .................................................................................4, 5

17

*Mendell v. Greenberg,*
   612 F. Supp. 1543 (S.D.N.Y. 1985) ..........................................................................................6

18

19

*Mendoza v. HF Foods Grp. Inc.,*
   No. 2:20-CV-02929-ODW(JPRX), 2021 WL 3772850
   (C.D. Cal. Aug. 25, 2021) .........................................................................................................5

20

21

*In re NVIDIA Corp. Sec. Litig.,*
   768 F.3d 1046 (9th Cir. 2014) ..................................................................................................6

22

23

*Prodanova v. H.C. Wainwright & Co., LLC,*
   993 F.3d 1097 (9th Cir. 2021) ..................................................................................................3

24

*Webb v. SolarCity Corp.,*
   884 F.3d. 844 (9th Cir. 2018) ...................................................................................................3

25

26

*Yamamoto v. Omiya,*
   564 F.2d 1319 (9th Cir. 1977) ..................................................................................................6

27

28

*Zucco Partners, LLC v. Digimarc Corp.,*
   552 F.3d 981 (9th Cir. 2009) ................................................................................................... ii

PRAKASH'S NOTICE OF JOINDER & MOTION TO DISMISS LEAD PLAINTIFF'S SAC
CASE NO. 5:21-CV-06374-BLF                                                                                             iv

**Federal Statutes**

Securities Act of 1933, § 17(a)(3), 15 U.S.C. §77q(a)(3) ............................................................2, 3

Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*:

    § 10(b), 15 U.S.C. § 78j .................................................................................. *passim*

    § 14(a), 15. U.S.C. § 78n(a) .......................................................................... *passim*

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1) ...................................4

**Federal Rules**

Fed. R. Civ. P. 8 ........................................................................................................ ii

Fed. R. Civ. P. 9(b) ............................................................................................... ii, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................ ii

17 C.F.R. § 240.13b2-1 ..............................................................................................2

17 C.F.R. § 240.14a-9 .......................................................................................4, 5, 6

## I.    INTRODUCTION

Plaintiff's new allegations undermine its claims against Prakash.  Plaintiff attempts to plead Prakash's scienter based on the SEC Complaint and the announcement of the Audit Committee's conclusions.  But, following their investigations, neither the SEC nor the Audit Committee even suggested that Prakash intentionally engaged in improper accounting.  To the contrary, both assert that Prakash was (at most) negligent.  Plaintiff does not attempt to allege that Prakash had any motive to defraud investors, and the Court has already rejected Plaintiff's remaining scienter allegations.  Plaintiff fails to state a claim against Prakash under Section 10(b).

Plaintiff's new Section 14(a) claim against Prakash fares no better.  Plaintiff fails to allege with particularity that Prakash acted negligently by following the recommendations of View's accounting and finance personnel.  And Plaintiff fails to plead the required "substantial connection" between the use of Prakash's name in CFII's filings and the solicitation of any proxy.

For those reasons, and the many additional grounds set forth in Sections III(A), III(B), and III(D) of View's Motion, the SAC should be dismissed with prejudice.

## II.    BACKGROUND

Prakash served as View's CFO from March 2019 through November 2021.  (*See* Berry Decl. Ex. 14 at ¶ 17.)  Prakash has an MBA degree and decades of prior operational experience at a range of companies.  (*Id.*)  Plaintiff does not allege any further details about Prakash's professional experience or qualifications.  Plaintiff does not and cannot allege that Prakash is a CPA.

On November 8, 2021, Prakash resigned as View's CFO.  (¶ 28.)  The next day, View announced that its Audit Committee had conducted an investigation and concluded that Prakash and others had "negligently failed" to properly record the Company's warranty accruals and had "intentionally failed" to disclose certain (unidentified) information to the Company's board and auditors regarding the "applicable costs incurred and expected to be incurred in connection with the warranty-related obligations." (¶ 84.)  Plaintiff does not allege that the Audit Committee investigation concluded that Prakash knew the Company's accounting was improper.

After View restated its financials for fiscal years 2019 – 2020, Plaintiff filed this securities

1   class action asserting claims against Prakash under Sections 10(b) and 20(a) of the Exchange Act.

2   (*See* Complaint (ECF No. 1).)  On May 22, 2023, the Court dismissed those claims for failure to

3   plead a strong inference of scienter.  Allegations that Prakash knew about quality issues requiring

4   a warranty accrual failed to plead that he knew the warranty accrual was improperly calculated.

5   (Order at 30.)  The Court also rejected Plaintiff's remaining scienter allegations and found that

6   Plaintiff's allegations failed to plead scienter when considered holistically.  (*See* Order at 28-33.)

7          In parallel to these proceedings, the SEC conducted an investigation.  In connection with

8   the investigation, View produced "documents and witnesses (including both informal interviews

9   and subpoenaed testimony) and detailed explanations and summaries of specific factual issues."

10   (¶¶ 19 n.1, 62 n.2.)  On July 3, 2023, the SEC filed a complaint against Prakash asserting claims

11   under Section 17(a)(3) of the Securities Act and Section 14(a) and Rule 13b2-1 of the Exchange

12   Act.  (Berry Decl. Ex. 14 at ¶¶ 76-84.)  Notably, following its investigation, the SEC asserted only

13   negligence-based claims against Prakash and did not allege intentional misconduct.

14          On August 21, 2023, Plaintiff filed the SAC, copying allegations from the SEC Complaint,

15   adding a claim against Prakash under Section 14(a) of the Exchange Act, and re-asserting claims

16   against Prakash under Section 10(b) and 20(a).  (*See* ¶¶ 182, 199-205, 256-266.)

17   **III.    ARGUMENT**

18          **A.    Plaintiff's Section 10(b) Claim Fails.**

19                 **1.    The SAC Fails to Plead a Strong Inference of Fraudulent Intent.**

20          Plaintiff previously failed to plead a strong inference that Prakash knew View's warranty

21   accrual accounting was improper.  (Order at 28-33.)  In response to the Order, Plaintiff added two

22   categories of allegations to the SAC: (1) those directly copied from the SEC Complaint; and

23   (2) View's announcement that its Audit Committee concluded that Prakash had "negligently failed"

24   to "properly record" the warranty accrual.  Those allegations undermine any inference of scienter.

25          **The SEC Complaint**.  As Plaintiff admits, the vast majority of the SAC's new allegations

26   are "based on the pleadings and other filings in the SEC Action."  (¶¶ 19 n.1, 62 n.2.)  Plaintiff

27   attempts to bolster the SAC's allegations by emphasizing that the SEC Complaint resulted from an

28   investigation during which View provided documents, witnesses, and detailed factual analysis.

1   (*Id.*)  But the SEC's investigation culminated in claims against Prakash that allege only negligence.

2   (*See* Berry Decl. Ex. 14 at ¶¶ 76-84.); *see also Aaron v. SEC*, 446 U.S. 680, 697 (1980) (Section

3   17(a)(3) claims require only negligence).  Plaintiff cannot support scienter based on unproven

4   allegations that are copied and pasted from the SEC Complaint. (*See* View Mot. at 5-8.)  But if the

5   Court does consider those allegations, the only plausible inference to be drawn from them is that

6   the SEC's investigation did not uncover a basis for alleging fraud.

7   **The Audit Committee Investigation**.  Plaintiff's other new allegations, regarding View's

8   Audit Committee investigation, likewise weigh against an inference of scienter.  As those

9   allegations show, the Audit Committee did not find that Prakash intentionally engaged in improper

10  accounting.  To the contrary, View announced the Audit Committee's finding that Prakash

11  "*negligently* failed" to "properly record the liabilities for warranty-related obligations and cost of

12  revenue."  (¶ 84 (emphasis added).)

13  At the same time, View also announced that Prakash "intentionally failed" to provide

14  "certain information" to View's Board and auditors regarding "the applicable costs incurred and

15  expected to be incurred" in connection with the defect.  (*Id.*)  Those vague allegations raise more

16  questions than they answer.  What information did Prakash allegedly fail to disclose?  How, if at

17  all, would this information have altered the Company's or its auditor's view of the accounting

18  treatment?  Did Prakash know that View's accounting treatment would be improper without this

19  information?  Plaintiff does not say.  Nor does the SAC allege any facts demonstrating that Prakash

20  "knowingly and recklessly engaged in an improper accounting practice," as required. *Lloyd v. CVB*

21  *Fin. Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (citing *Metzler Inv. GMBH v. Corinthian Colls.,*

22  *Inc.*, 540 F.3d 1049, 1068-69 (9th Cir. 2008)).

23  **Holistic Analysis**.  Considered holistically, the inference of scienter is not as compelling as

24  the nonculpable inferences here.  (Order at 33); *see also Webb v. SolarCity Corp.*, 884 F.3d. 844,

25  850 (9th Cir. 2018).  Plaintiff offers no explanation for why Prakash would risk his reputation and

26  livelihood to engage in accounting improprieties and defraud View's investors.  Without such a

27  motive, Plaintiff "face[s] a substantial hurdle in establishing scienter." *Prodanova v. H.C.*

28  *Wainwright & Co., LLC*, 993 F.3d 1097, 1103 (9th Cir. 2021).

1    The SAC fails to clear that hurdle.  Rather, the SAC's allegations undermine any scienter

2    inference.  Plaintiff alleges that View's decision to cover Installation Costs, was "widely known,"

3    including by the Finance department (¶¶ 190-91).  To determine the appropriate accounting,

4    Prakash assembled a team of experts from View's accounting and finance groups to advise on the

5    warranty accrual. (¶ 209.)  As the SAC alleges, Prakash followed that team's recommendation with

6    respect to the accounting relevant here.  (¶ 211.)  Not only that, but to the extent Prakash himself

7    was uncertain about View's policy on Installation Costs—as the SAC suggests he may have been

8    at times—he repeatedly sought to confirm his understanding with relevant members of View's

9    management.   (*See, e.g.*, ¶¶ 213, 227-28 (alleging that Prakash asked members of View

10   management, throughout the Class Period, whether View was continuing to cover Installation

11   Costs).)  What's more, View restated its warranty accrual to correct **both** an understatement and a

12   "partially offsetting" **overestimate**, which had inflated the accrual.  (¶ 47.)  Taken together, the

13   more compelling inference is an accounting error that occurred *despite* Prakash's best efforts, not

14   as a result of any alleged misconduct.

15                    **2.      The SAC Fails to Plead Loss Causation.**

16         Prakash joins in View's arguments that Plaintiff once again fails to plead loss causation

17   under any theory.  (View Mot. at 3-5.)  That is another independent ground for dismissal.

18         **B.      Plaintiff's Section 14(a) Claim Fails.**

19                    **1.      The SAC Fails to Allege Prakash Acted with the Requisite Negligence.**

20         Under Section 14(a), Plaintiff is required to "make individualized allegations of

21   negligence," including by alleging "the duty that [Prakash] owed to the Plaintiff and how that duty

22   was breached."  (Order at 24); s*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d

23   1248, 1263 (N.D. Cal. 2000) (applying a negligence standard to Rule 14a-9 claims).  Where, as

24   here, "the Section 14 claim . . . is based on the same course of conduct as the Section 10(b) claims,"

25   both the heightened pleading standard of Rule 9(b) and the particularity requirements of

26   Section 4(b)(1) of the PSLRA apply.  (*See* Order at 23); *see also In re Finjan Holdings, Inc. Sec.*

27   *Litig.*, 58 F.4th 1048, 1057-1059 (9th Cir. 2023) (assessing Section 14 claim pleading standard

28   where the claim is "grounded in fraud").  The SAC fails to plead Prakash's negligence.

1    Plaintiff does not allege that Prakash himself performed an erroneous analysis of the

2    warranty accrual or that he was even involved in the complex accounting judgments necessary to

3    calculate the accrual.  Rather, Prakash followed the recommendation of a team of accounting and

4    finance personnel assembled *by him* specifically to determine the proper warranty accrual for costs

5    associated with the defect.  (¶ 209.)  Nor does Plaintiff allege that the accounting and finance

6    personnel who prepared this recommendation were unaware of the Company's practice of covering

7    installation costs.  In fact, Plaintiff makes clear that View's continuing payment of installation costs

8    was "widely known" and "available from numerous sources."  (¶¶ 190-91.)

9    Instead, Plaintiff asserts that Prakash was negligent in "fail[ing] to ensure" that this team of

10    personnel "considered View's decision and actual practice of covering Installation Costs when it

11    prepared its recommendation."  (¶ 210.)  But an allegation of error, even if material, does not plead

12    a claim for negligence absent a failure to exercise due care.  *See McKesson*, 126 F. Supp. 2d at 1265

13    ("[A] negligence standard protects [defendants] who make immaterial mistakes or who have made

14    material mistakes despite exercising due care.").  Nor can Prakash be liable for errors in View's

15    accounting solely as a result of his former position as CFO.  *See Mendoza v. HF Foods Grp. Inc.*,

16    2021 WL 3772850, at *11 (C.D. Cal. Aug. 25, 2021) (dismissing Section 14(a) claims and rejecting

17    boilerplate references to corporate executive duties").  The SAC raises no reasonable inference that

18    View's accounting error resulted from Prakash's failure to exercise due care.

19    The findings of View's Audit Committee likewise fail to satisfy Plaintiff's pleading burden.

20    (*See* ¶ 84.)  The SAC's mere incorporation of the Audit Committee's legal conclusions, without

21    alleging any underlying facts on which those conclusions are based, is insufficient.  Because the

22    SAC fails to address why or how Prakash should have detected and corrected the misstated accrual,

23    against the advice of accounting and finance personnel, Plaintiff's Section 14(a) claim fails.

24              **2.      The SAC Fails to Allege that Prakash Solicited Proxies.**

25    Plaintiff additionally fails to plead that Prakash "solicit[ed] or . . . permitt[ed] the use of his

26    name to solicit any proxy" as required by Section 14(a) and Rule 14a-9.

27    Plaintiff does not allege any facts suggesting that Prakash solicited any proxies directly.

28    Nor does Plaintiff allege that Prakash had control, including drafting or signing, over the contents

PRAKASH'S NOTICE OF JOINDER & MOTION TO DISMISS LEAD PLAINTIFF'S SAC
CASE NO. 5:21-CV-06374-BLF                                                                                      5

1   of any proxy statement.  Plaintiff alleges only that Prakash's name appeared more than 20 times in

2   the S-4 and Prospectus (as required by SEC regulations), and again in an investor presentation, and

3   that each document included his biography.  (¶ 28.)  But the "mere presence" of his name in these

4   materials is not enough.  *See* 15 U.S.C. § 78n(a); *Yamamoto v. Omiya*, 564 F.2d 1319, 1323 (9th

5   Cir. 1977).  Instead, Plaintiff must allege a "substantial connection" between the use of Prakash's

6   name in these filings and the solicitation effort.  *Yamamoto*, 564 F.2d at 1323 (citation omitted).

7        Plaintiff cannot do so.  The Form S-4 is 676 pages long and the Prospectus 595 pages.

8   (Berry Decl. Ex. 2; Ex. 4.)  Nothing about Prakash's short biography (which was one of more than

9   a dozen included in both filings and takes up only half a slide, out of 52, in the investor presentation)

10  suggests a substantial connection to the solicitation effort.  (Berry Decl. Ex. 1 at 5; Ex. 2 at 234;

11  Ex. 4 at 241.)  Courts routinely dismiss Section 14(a) claims where, as here, there are no facts

12  showing a substantial connection between the use of a defendant's name and the solicitation effort.

13  *See e.g.*, *Mendell v. Greenberg*, 612 F. Supp. 1543, 1552 (S.D.N.Y. 1985); *Kelley v. Rambus, Inc.*,

14  2008 WL 5170598, at *5 (N.D. Cal. Dec. 9, 2008); *In re Bank of Am. Corp. ERISA Litig.*, 757 F.

15  Supp. 2d 260, 294–95 (S.D.N.Y. 2010).

16       Because Plaintiff fails to allege either the requisite negligence or solicitation under

17  Section 14(a) and Rule 14a-9, the claim should be dismissed.

18               **3.       The SAC Fails to Plead Causation.**

19       Prakash joins in View's arguments that Plaintiff fails to plead causation, as required to state

20  a Section 14(a) claim.  (View Mot. at 8-10.)

21       **C.       Plaintiff's Section 20(a) Claim Fails.**

22       Plaintiff's failure to plead a primary violation under either Section 10(b) or Section 14(a) is

23  fatal to Plaintiff's Section 20(a) claim.  (Order at 42.)

24       Additionally, the SAC fails to plead that Prakash "exercised actual power" over View.  *See*

25  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).  Plaintiff alleges only that

26  Prakash signed certain public filings (¶¶ 104, 112, 116, 117, 125-26) and that "because of [his]

27  position[] at the Company, Prakash possessed the power and authority to control the contents of

28  the Company's reports to the SEC, press releases and presentations to . . . the market."  (¶ 29.)

1   These sparse allegations are insufficient to establish control person liability. *See Howard v. Everex*

2   *Sys., Inc.*, 228 F.3d 1057, 1067 n.13 (9th Cir. 2000) (allegations that a defendant "reviewed and

3   approved" financial statements does not "rise to a level of supervision or participation sufficient

4   for a § 20(a) violation"); *Luna v. Marvell Tech. Grp.*, 2017 WL 2171273, at \*6 (N.D. Cal. May 17,

5   2017) (serving "as CFO and [] signing the public disclosures at issue herein are simply insufficient

6   to establish their liability as control persons under the law.").

7        **D.**     **Plaintiff's Improper Attempt to Add New Parties Should be Rejected.**

8        Prakash joins in View's arguments that the SAC improperly purports to assert claims on

9   behalf of a new named plaintiff, David Sherman. The Court should reject Sherman's improper

10  attempt to join the case. (View Mot. at 12-13.)

11  **IV.**    **CONCLUSION**

12        For the foregoing reasons, the claims against Prakash should be dismissed with prejudice.

13

14  Dated: October 2, 2023              MORRISON & FOERSTER LLP

15

16                       By: /s/ *Ryan M. Keats*

17                            Ryan M. Keats

18                       Attorneys for Defendant Vidul Prakash

19

20

21

22

23

24

25

26

27

28