ANNA ERICKSON WHITE (CA SBN 161385)
AWhite@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
MICHAEL KOMOROWSKI (CA SBN 323517)
MKomorowski@mofo.com
LARA MCDONOUGH (CA SBN 340017)
LMcDonough@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
VIDUL PRAKASH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC., <br><br> Defendants. | Case No. 5:21-cv-06374-BLF <br><br> **CLASS ACTION** <br><br> **DEFENDANT VIDUL PRAKASH'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Judge:  Hon. Beth Labson Freeman <br> Date:   March 14, 2024 <br> Time:   9:00 a.m. <br> Ctrm:   3 |

PRAKASH'S REPLY ISO MOTION TO DISMISS LEAD PLAINTIFF'S SAC
CASE NO. 5:21-CV-06374-BLF
sf-5676396

## I.    INTRODUCTION

The Opposition confirms that the SAC offers nothing new other than allegations improperly copied from the SEC's negligence complaint and the Audit Committee's bald legal conclusions.  Plaintiff's fraud theory still makes no sense, which is fatal to its 10(b) claim.

The Opposition rehashes those same conclusory allegations in support of its 14(a) claim.  That is no substitute for the factual allegations required to plead that claim either.  What's more, Prakash never should have been added as a Section 14(a) defendant because he had no role in the solicitation effort.  Plaintiff's baseless claims against Prakash should be dismissed with prejudice.

## II.    ARGUMENT

### A.    Plaintiff's Section 10(b) Claim Fails.

Plaintiff does not dispute that pleading scienter here requires particularized facts showing that Prakash intentionally deceived investors about View's warranty accrual accounting.  As the Motion showed, Plaintiff's new allegations are insufficient on their own, and Plaintiff's scienter allegations make no sense when analyzed holistically.  (Dkt. 184 ("MTD") at 2-4.)

**The SEC Complaint**.  Plaintiff cannot plead a strong inference of Prakash's fraudulent intent based on negligence allegations copied from the SEC Complaint.  (MTD at 2-3.)  As View demonstrates, those allegations should be disregarded.  (Dkt. 181 ("View MTD") at 5-8.)  But even if the Court considers them, what Plaintiff contends are "specific allegations that describe specific occurrences on specific dates" (Dkt. 185 ("Opp.") at 20) show nothing more than what Prakash purportedly knew about View's anticipated Installation Costs.  Plaintiff still lacks any specific facts showing that Prakash knew View's warranty accrual accounting was improper.  Under controlling Ninth Circuit authority, that is fatal.  *See, e.g.*, *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1206 (9th Cir. 2016).

**The Audit Committee Conclusions**.  For the same reasons, Plaintiff fails to demonstrate scienter based on what View's Audit Committee "concluded" months after the challenged statements were made.  (MTD at 3.)  Plaintiff has no response to the fact that the Audit Committee did not even purport to find that Prakash intentionally engaged in improper accounting.  Instead, Plaintiff focuses only on the "conclu[sion]" that Prakash "intentionally

failed" to provide "certain information" to View's Board and auditors regarding "the applicable costs incurred and expected to be incurred" in connection with the defect. (Opp. at 22.) That is insufficient. Plaintiff once again fails to plead facts establishing not merely that Prakash was aware of anticipated future Installation Costs, but that he knew View's accounting was improper.

**Holistic Analysis**. Plaintiff does not even attempt to clear its "substantial hurdle" to pleading a holistic inference of scienter. (MTD at 3-4.) In response to the lack of any motive (MTD at 3), Plaintiff offers only silence. Nor does Plaintiff try to explain how it makes any sense that Prakash would assemble a team of experts, repeatedly seek to confirm his understanding of View's Installation Costs, and yet knowingly approve a warranty accrual that was both understated and partially overstated. (MTD at 3-4.) Plaintiff's theory of fraud is "divorced from common experience" rather than the "cogent and compelling" inference that is required. *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1107, 1111 (9th Cir. 2021).

Plaintiff also fails to meaningfully distinguish controlling authorities that rejected allegations more specific than those here. (Opp. at 22.) For example, in *Webb v. SolarCity Corp.*, 884 F.3d 844, 855-56 (9th Cir. 2018), the complaint included statements from eleven confidential witnesses detailing what the individual defendants knew about the company's accounting. Similarly, in *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1067 (9th Cir. 2008), the CFO sold large amounts of stock during the class period and confidential witnesses provided specific details about his awareness of the improper revenue recognition practices. Plaintiff does not plead anything like that here.

Plaintiff's Section 10(b) claim against Prakash should be dismissed.

**B.    Plaintiff's Section 14(a) Claim Fails.**

The SAC fails to plead (i) Prakash's negligence; and (ii) that Prakash solicited any proxies. Each failure is independently fatal.

**No Negligence**. As the Motion showed, Plaintiff's Section 14(a) claim is subject to heightened pleading standards. (MTD at 4.) Plaintiff's Opposition fails to demonstrate that the SAC alleges Prakash's negligence under any pleading standard.

First, Plaintiff fails to show that Prakash owed any duty to Plaintiff. The Opposition

makes the conclusory argument that "Prakash also had a duty to ensure that View properly accounted for and disclosed its liabilities." (Opp. at 3.)  But Plaintiff offers no support other than Prakash's role as View's CFO, which is insufficient.  (MTD at 5:14-18.)

Second, Plaintiff fails to show that Prakash breached any such duty.  Rather, Prakash's efforts to establish and oversee the Warranty Liability Team (Opp. at 11-12) show the opposite of negligence.  (MTD at 5.)  Plaintiff's allegations improperly copied from the SEC Complaint fare no better.  Plaintiff asserts that Prakash "failed to ensure" the team "considered View's decision and actual practice of covering Installation Costs when it prepared its recommendation."  (Opp. at 11.)  But that theory is implausible in light of the allegations that View's decision was "widely known," including within the "Finance department."  (Dkt. 175 ("SAC") ¶ 190.)  And even if true, Plaintiff's allegations plead (at most) material error, not lack of due care.  (MTD at 5.)

Plaintiff's reliance on the Audit Committee's "conclusions" fails here, too.  Plaintiff does not and cannot argue that those conclusions (unaccompanied by factual support) are particularized facts sufficient to meet the applicable heightened pleading standards.  (MTD at 5.)  Indeed, such conclusory allegations are insufficient even under Rule 8.

Third, the Opposition's authorities underscore the SAC's pleading failures.  In *SEC v. Pocklington*, 2018 WL 6843665, at *3, *8-9 (C.D. Cal. Nov. 29, 2018), the SEC's complaint was sufficient under the more lenient plausibility standard where it contained detailed factual allegations about the defendant CFO's role in the alleged fraud, including that he (i) knew company funds were being used to make payments to the personal credit card of the founder's wife without any legitimate business purpose; (ii) falsely attributed those funds; and (iii) failed to take any steps to determine whether those payments were consistent with the disclosures to investors.  And in *Wilson v. Great American Industries, Inc.*, 855 F.2d 987, 992 (2d Cir. 1988), the facts at trial established that defendants knew that the company had been found liable to the employee's union for significant damages, but the proxy statement falsely stated that "no decision has yet been rendered by the court" and that counsel's view is that "there is no basis for any recovery."  Plaintiff's allegations are not even close.

PRAKASH'S REPLY ISO MOTION TO DISMISS LEAD PLAINTIFF'S SAC
CASE NO. 5:21-CV-06374-BLF
sf-5676396

3

**No Solicitation**.  An independent basis for dismissal is that Plaintiff's Opposition fails to demonstrate a "substantial connection between the use of [Prakash's] name and the solicitation effort."  *Yamamoto v. Omiya*, 564 F.2d 1319, 1323 (9th Cir. 1977) (citation omitted).  Plaintiff concedes that Prakash did not directly solicit proxies, draft any part of the proxy, or even sign it.  (MTD at 5-6.)  Plaintiff offers three baseless arguments for adding Prakash to this claim.

First, Plaintiff rehashes its allegations about the presence of Prakash's name and bio in the proxy and presentation.  As the Motion showed, those allegations are insufficient.  (MTD at 5-6.)

Second, Plaintiff argues that Prakash would benefit from the transaction by remaining CFO of View.  Plaintiff's authorities demonstrate the type of "benefit" that is required (Opp. at 16), and it is missing here.  *See SEC v. Falstaff Brewing Corp.*, 629 F.2d 62, 69 (D.C. Cir. 1980) (proxy for transaction in which defendant would becoming controlling shareholder); *SEC v. Hurgin*, 484 F. Supp. 3d 98, 117-18 (S.D.N.Y. 2020) (same, and defendant signed consent for use of his name to solicit proxies); *Lewis v. Byrnes*, 538 F. Supp. 1221, 1224 (S.D.N.Y. 1982) (transaction with a corporation 75% owned by defendant, who received substantial shares and a contractual board seat).  Here, Prakash merely remained employed in the same role he had before.

Third, Plaintiff asserts that Prakash controlled the contents of CFII's proxy statement because he was responsible for View's warranty liabilities.  (Opp. at 16.)  That makes no sense.  Not surprisingly, Plaintiff's theory finds no support in the sole authority cited in the Opposition, *Kelley v. Rambus, Inc.*, 2008 WL 5170598, at *7 (N.D. Cal. Dec. 9, 2008), *aff'd*, 384 F. App'x 570 (9th Cir. 2010).  In that case, before dismissing plaintiff's claims, the court explained that the statements in the proxy could be attributed to the director defendants because the proxy was signed on behalf of the board of directors.  Here, it is undisputed that Prakash was not a signatory.

**C.    Plaintiff's Section 20(a) Claim Fails.**

The Opposition fails to show a primary violation or that Prakash's status as CFO and his signature on company filings are sufficient to state a claim under Section 20(a).  (MTD at 6-7.)

**III.    CONCLUSION**

For the reasons above, in the Motion, and in Sections II(A), II(B)(1), II(B)(3), (II)(C), and II(D) of the View Reply, the claims against Prakash should be dismissed with prejudice.

Dated: December 8, 2023                          MORRISON & FOERSTER LLP


                                                 By: /s/ *Ryan M. Keats*
                                                     Ryan M. Keats

                                                 Attorneys for Defendant Vidul Prakash