1  Laurence D. King (SBN 206423)
   Blair E. Reed (SBN 316971)
2  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
3  Oakland, CA 94612
   Telephone:  415-772-4700
4  Facsimile:   415-772-4707
   Emails: *lking@kaplanfox.com*
5             *breed@kaplanfox.com*

6  **KAPLAN FOX & KILSHEIMER LLP**
   Frederic S. Fox (admitted *pro hac vice*)
7  Donald R. Hall (admitted *pro hac vice*)
   Jason A. Uris (admitted *pro hac vice*)
8  800 Third Avenue, 38th Floor
   New York, NY 10022
9  Telephone: 212-687-1980
   Facsimile: 212-687-7714
10 Emails:  *ffox@kaplanfox.com*
            *dhall@kaplanfox.com*
11          *juris@kaplanfox.com*

12 *Lead Counsel for Lead Plaintiff Stadium
   Capital LLC, Plaintiff David Sherman and the*
13 *Proposed Class*

14
                    **UNITED STATES DISTRICT COURT**
15                  **NORTHERN DISTRICT OF CALIFORNIA**
                           **SAN JOSE DIVISION**
16

17 ASIF MEHEDI, Individually and on Behalf of All   Case No.: 5:21-cv-06374-BLF
   Others Similarly Situated,
18                                                  **CLASS ACTION**
                       Plaintiff,
19                                                  **LEAD PLAINTIFF'S REQUEST FOR
          v.                                        JUDICIAL NOTICE OF NEWLY-
20                                                  AVAILABLE INFORMATION**
   VIEW, INC. f/k/a CF FINANCE ACQUISITION
21 CORP. II, RAO MULPURI, VIDUL PRAKASH,            Judge:  Hon. Beth L. Freeman
   HOWARD W. LUTNICK, PAUL PION, ALICE              Courtroom:  3, 5th Floor
22 CHAN, ANSHU JAIN, ROBERT J.
   HOCHBERG, CHARLOTTE S. BLECHMAN,
23 CF FINANCE HOLDINGS II, LLC, CANTOR
   FITZGERALD & CO., CANTOR FITZGERALD,
24 L.P., AND CF GROUP MANAGEMENT, INC.,

25                     Defendants.

26
27
28
                                                    Case No. 5:21-cv-06374-BLF
   LEAD PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF NEWLY-AVAILABLE INFORMATION

1    Lead Plaintiff hereby requests that this Court take judicial notice of the derivative complaint
2    filed in *Siseles v. Lutnick, et al.*, Case No. 2023-1152-JTL, Verified Class Action Complaint, ECF
3    No. 9 (Del. Ch. Nov. 20, 2023), attached as Exhibit 1 to the Declaration of Laurence D. King in
4    Support of Lead Plaintiff's Request for Judicial Notice (the "King Decl.") filed concurrently
5    herewith (the "Deriv. Compl."), which was unsealed on November 20, 2023.
6    In particular, ¶ 53 of the Deriv. Compl. contains a slide from Cantor Fitzgerald, L.P.'s
7    ("Cantor") and Cantor Fitzgerald & Co.'s ("CF&Co.") presentation of the results of their due
8    diligence to CF II's Board (the "Due Diligence Presentation"), which was produced by CF II (k/n/a
9    View) in response to the derivative plaintiffs' demands for inspection of books and records under
10   8 Del. C. §220. Deriv. Compl. ¶¶53, 22 fn. 2.  The slide is titled "Executive Summary" and states
11   that in addition to the "$24.5M liability for an issue identified in IGU's manufactured and sold prior
12   to June'19" recorded in 2019 (the warranty accrual) for the "Type II Spacer" (the Defect), Cantor
13   and CF&Co. "have identified an additional $59mm of potential debt-like items at July '20"
14   requiring "[a]djustments [that] are mainly comprised of the Type II loss contingency noted above
15   ($24.5M)" and other items.  Deriv. Compl. ¶53. This information is consistent with and supports
16   the SAC's allegations because it shows that the CF Defendants had in fact identified "an additional
17   $59mm of potential debt-like items at July'20" that were "mainly comprised" of costs attributable
18   to the Defect yet failed to disclose these costs. *Id*.
19   For the reasons set forth below, consideration of this document is permitted pursuant to the
20   incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting
21   case law.

22   **I.    LEGAL STANDARD**
23   In considering a Rule 12(b)(6) motion to dismiss, courts may consider "documents attached
24   to the complaint, documents incorporated by reference in the complaint, or matters of judicial
25   notice — without converting the motion to dismiss into a motion for summary judgment." *U.S. v.*
26   *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "Courts may take judicial notice of facts that are "not
27   subject to 'reasonable dispute.'" *Perez v. DXC Tech. Servs. LLC*, No. 17-CV-06066-BLF, 2020 WL
28   5517276, at *2 (N.D. Cal. Sept. 14, 2020) (Freeman, J.) (citing Fed. R. Evid. 201(b)).  Such

"[i]ndisputable facts" are those that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Perez*, 2020 WL 5517276, at *2; Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *3 (N.D. Cal. Feb. 8, 2016) (granting request for judicial notice of complaints filed in separate action "[b]ecause the exhibits are court records, which are judicially noticeable . . . and Defendant contests neither their authenticity nor their accuracy") (Freeman, J.); *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 964 (N.D. Cal. 2017) (taking judicial notice of complaints filed in other actions); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record). "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

**II.     ARGUMENT**

The contents of the Due Diligence Presentation are judicially noticeable for two key reasons. **First**, the Due Diligence Presentation was incorporated by reference into the SAC. *Id*. ¶ 64 ("Before reaching its decision, the CF II Board reviewed the results of the due diligence conducted by its management, employees of Cantor and CF II's advisors . . . ."); *see also* ¶¶ 57-60, 39-40. As such, the Court may take into account the Due Diligence Presentation. *See, e.g., Perez*, 2020 WL 5517276 at *2 (finding Amended Private Attorneys General Act Notice was incorporated by reference where complaint alleged "Plaintiff has complied with the procedures for suit specified in the Labor Code section 2699.3."); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (the Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there

1  are no disputed issues as to the document's relevance."); *United States v. Ritchie*, 342 F.3d 903, 908
2  (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by
3  reference into a complaint if the plaintiff refers extensively to the document or the document forms
4  the basis of the plaintiff's claim."); *Ali v. Intel Corp.*, No. 18-CV-03981-LHK, 2018 WL 5734673,
5  at *3 (N.D. Cal. Oct. 31, 2018) (taking judicial notice of documents "incorporated into the
6  complaint by reference").  And, because the Due Diligence Presentation was incorporated by
7  reference, the Court "may assume [its] contents are true for purposes of a motion to dismiss under
8  Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003, 1015 (9th Cir. 2018) (internal citation omitted).

9  ***Second***, even if the results of Cantor and CF&Co.'s due diligence were not incorporated by
10 reference (they were), consideration of the Due Diligence Presentation is proper because courts
11 may "take judicial notice of documents on which allegations in the complaint necessarily rely, even
12 if not expressly referenced in the complaint, provided that the authenticity of those documents are
13 not in dispute." *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021)
14 (citing *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019), *aff'd*, 994 F.3d 1102
15 (9th Cir. 2021), and *aff'd*, 847 F. App'x 368 (9th Cir. 2021)); *see also*; *United Specialty Ins. Co. v.*
16 *Certain Underwriters at Lloyd's of London*, No. 18-CV-07504-SK, 2019 WL 7810813, at *2 (N.D.
17 Cal. Mar. 19, 2019) (taking judicial notice of insurance policy "because it is integral to the
18 allegations presented in the Complaint and because neither party disputes its authenticity") (citing
19 *Tercica, Inc. v. Insmed Inc.*, No. C 05–5027 SBA, 2006 WL 1626930, at *8 (N. D. Cal. June 9,
20 2006) (observing that "a court may consider documents alleged in a complaint and essential to a
21 plaintiff's allegations" and may even "take judicial notice of documents on which allegations in the
22 complaint *necessarily* rely, even if not expressly referenced in the complaint, provided that the
23 authenticity of those documents is not in dispute.")) (emphasis in original); *Cloud v. Brennan*,
24 436 F. Supp. 3d 1290, 1303 (N.D. Cal. 2020) (noting that a Court may take judicial notice of
25 document on which allegations in the complaint necessarily rely and noting "[g]iven that both
26 parties rely on Cloud's EEO filings, they are likely essential to her claims here.").

27 Moreover, given that CF II (n/k/a View) itself produced the Due Diligence Presentation
28 (which is Cantor's and CF&Co.'s *own* presentation) in response to a books and records inspection

demand made pursuant to 8 Del. C. § 220, its authenticity cannot be subject to "**reasonable** dispute" *In re Qualcomm*, 292 F. Supp. 3d at 964 (emphasis added) (citing *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute." (internal quotation marks omitted)), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Khoja*, 899 F.3d at 999 (9th Cir. 2018) (a court may take judicial notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)); *Flowers Bakeries, LLC*, 2016 WL 469370, at *3 (similar).

### III.   CONCLUSION

For all of the foregoing reasons, Lead Plaintiff respectfully requests that the Court consider Exhibit 1 to the King Decl. when deciding defendants' motions to dismiss the SAC.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: December 15, 2023

By:   /s/  *Laurence D. King*
          Laurence D. King

Laurence D. King (SBN 206423)
Blair E. Reed (SBN 316971)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*breed@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Donald R. Hall (admitted *pro hac vice*)
Jason A. Uris (admitted *pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*juris@kaplanfox.com*

*Lead Counsel for Lead Plaintiff Stadium Capital LLC, Plaintiff David Sherman and the Proposed Class*