JOHN W. BERRY (SBN 295760)
John.Berry@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
John.Gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendants View, Inc., f/k/a CF Finance Acquisition Corp. II, and Rao Mulpuri*

ANNA ERICKSON WHITE (SBN 161385)
AWhite@mofo.com
RYAN M. KEATS (SBN 296463)
RKeats@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:      (415) 268-7000
Facsimile:      (415) 268-7522

*Attorneys for Defendant Vidul Prakash*

JEFFREY L. STEINFELD (SBN 294848)
jlsteinfeld@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone:      (310) 615-1700
Facsimile:      (310) 615-1750

JAMES P. SMITH III (admitted *pro hac vice*)
jpsmith@winston.com
THANIA CHARMANI (*pro hac vice* forthcoming)
ACharmani@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone:      (212) 294-6700
Facsimile:      (212) 294-4700

*Attorneys for Defendants Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and CF Group Management, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., and CF GROUP MANAGEMENT, Inc.,<br><br>Defendants. | Case No. 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' JOINT OPPOSITION TO LEAD PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:   March 14, 2024<br>Time:   9:00 a.m.<br>Judge:   Hon. Beth Labson Freeman<br>Court:   Courtroom 3 – 5th Floor<br>   (San Jose) |

## I. INTRODUCTION

Defendants jointly oppose Lead Plaintiff's request for judicial notice and/or incorporation by reference. *See* Dkt. No. 193 ("RJN"). Lead Plaintiff ostensibly asks the Court to judicially notice the Delaware stockholder complaint filed in *Siseles v. Lutnick, et al.*, C.A. No. 2023-1152-JTL (Del. Ch.) (the "*Siseles* Complaint"). *See id.* at 1. But Lead Plaintiff is not seeking judicial notice of the mere fact that the complaint was filed. Instead, it asks the Court to "consider" the Complaint and an excerpt of a PowerPoint presentation mentioned therein (the "PowerPoint Excerpt"), because Lead Plaintiff believes this excerpt "supports" the allegations in its Second Amended Complaint ("SAC") (*id.* at 1, 4)—the pleading that is already subject to fully briefed motions to dismiss. The Court should deny the request. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (reversing district court order because it improperly considered "the facts recited [in court documents]," and not merely "the existence of" such filings). Likewise, the Court should deny Lead Plaintiff's request for incorporation by reference because the SAC does not refer "extensively"—or at all—to the *Siseles* Complaint or the PowerPoint Excerpt. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).

Lead Plaintiff's RJN is a thinly veiled attempt to amend its complaint for a third time. Lead Plaintiff may not do so. *Puma SE v. Forever 21, Inc.*, 2017 WL 4771004, at *7 (C.D. Cal. June 29, 2017) ("even if properly subject to judicial notice, the referenced documents cannot be used to amend the FAC").

## II. THE COURT SHOULD DENY THE REQUEST FOR JUDICIAL NOTICE

The Court should deny Lead Plaintiff's request for judicial notice because it asks the Court to take judicial notice of the **contents** of the unadjudicated *Siseles* Complaint and the PowerPoint Excerpt therein. *See Prager Univ. v. Google*, 2018 WL 1471939, at *4 (N.D. Cal. Mar. 26, 2018) (taking judicial notice of other complaints against defendant but refusing to "take judicial notice of the facts contained within those complaints"). While courts "may take judicial notice of some public records," they "may only take judicial notice of adjudicative facts that are 'not subject to reasonable dispute.'" *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (quoting Fed. R. Evid. 201(b)). Facts are not subject to reasonable dispute "only if they are either generally known … or

capable of accurate and ready determination" under Rule 201.  *Id.* at 909.  "[F]acts relevant to the adjudication of th[is] case . . . do not remotely fit the requirements of Rule 201."  *Id.*

Where, as here, the subject document is an unadjudicated complaint, **the Court may take judicial notice only of the fact that the complaint was filed**, **not of its contents**.  *See, e.g., Prager*, 2018 WL 1471939, at *4 (refusing to "take judicial notice of the facts contained within [other] complaints" against defendant); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."); *Aguilera v. Ducart*, 2019 WL 4168892, at *4 n.1 (N.D. Cal. Sept. 3, 2019) (same); *Hicks v. Evans*, 2012 WL 398821, *4 (N.D. Cal. Feb. 7, 2012) ("court can take judicial notice that certain filings exist … [b]ut that is a far cry from being able to judicially notice that the contents of those filings are true"); *see also Lee*, 250 F.3d at 690 (reversing district court because it improperly considered "the facts recited [in court documents]" and not merely "the existence of" such filings); *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2018 WL 11365567, at *4 (N.D. Cal. Nov. 27, 2018) (limiting judicial notice to "to the existence of each document" and refusing to consider "facts or findings recited therein").

Despite this authority, Lead Plaintiff impermissibly seeks judicial notice of the contents of the *Siseles* Complaint to establish facts stated therein.  *See* RJN at 1 (arguing that allegations in the *Siseles* Complaint, including the PowerPoint Excerpt, are "consistent with and supports the SAC's allegations because it shows that the CF Defendants had in fact identified an additional $59mm of potential debt-like items at July'20 that were mainly comprised of costs attributable to the Defect yet failed to disclose these costs"); *id.* at 3 (seeking "consideration of the [PowerPoint] Presentation").

Unsurprisingly, Lead Plaintiff does not cite a single case taking judicial notice of the contents of a complaint.  *In re Qualcomm*, 292 F. Supp. 3d 948, 964 (N.D. Cal. 2017) denied plaintiff's request for consideration of the contents of a complaint, holding that it could only take judicial notice of "the existence" of the complaint and not "any facts in that document."  The rest of Lead Plaintiff's authority is likewise inapposite.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038

(9th Cir. 2010) (citing *Lee,* 250 F.3d at 689) ("a district court may not take judicial notice of a disputed fact in a public record"); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of the fact of a final judgment having being entered against defendant); *Ritchie*, 342 F.3d at 908 (9th Cir. 2003) (rejecting plaintiff's request for judicial notice); *Romero v. Flowers Bakeries*, 2016 WL 469370, at *3 (N.D. Cal. Feb. 8, 2016) (taking judicial notice of prior court filings in considering preclusion and estoppel effects thereof, but noting that they would "not be noticed" "for the truth of the matter asserted therein"); *Tercica, Inc. v. Insmed*, 2006 WL 1626930, at *9 (N.D. Cal. June 9, 2006) (denying consideration of court documents filed in a related action for "the truth of the matters asserted therein"); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of the fact that a complaint was filed); *see also Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020) (taking judicial notice of an earlier-filed EEOC complaint to determine if plaintiff "complied with administrative exhaustion"); *Perez v. DXC Tech. Servs.*, 2020 WL 5517276, at *2 (N.D. Cal. Sept. 14, 2020) (granting unopposed request for judicial notice of plaintiff's PAGA notice because a PAGA claim "depends upon the sufficiency of the [notice's] content"); *United Specialty Ins. Co. v. Certain Underwriters at Lloyd's of London*, 2019 WL 7810813, at *2 n.2. (N.D. Cal. Mar. 19, 2019) (in a breach of contract case, taking judicial notice of the contract at issue because it "is integral" to the complaint).

The Court should deny Lead Plaintiff's request for judicial notice.

## III. THE COURT SHOULD DENY THE REQUEST FOR INCORPORATION BY REFERENCE

Lead Plaintiff's request for incorporation by reference should be denied because the SAC does not refer, at all, to the *Siseles* Complaint or the PowerPoint Excerpt, and allowing incorporation by reference here would flip the doctrine on its head. Documents may be incorporated by reference only "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *See Ritchie*, 342 F.3d at 908. Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting [harmful] portions" and is "designed to prevent artful pleading by plaintiffs." *Khoja,* 899 F.3d at 1002-03. But that is exactly what Lead Plaintiff seeks to do by asking the Court to consider a single slide from a

PowerPoint excerpted in the *Siseles* Complaint.

Regardless of the doctrine's purpose, Plaintiff's request fails because the SAC does not refer to the *Siseles* Complaint or the PowerPoint Excerpt ***at all***, let alone "extensively."  *See id.; Ritchie*, 342 F.3d at 908.  In *Estorga v. Santa Clara Valley Transportation Authority,* this Court denied the plaintiff's request for incorporation by reference because "the complaint did not allege the contents of the [documents] and thus failed to incorporate them by reference."  2016 WL 11523668, at *1 (N.D. Cal. Sept. 12, 2016) (Freeman, J.).  The Court should do the same here.  As Lead Plaintiff acknowledges, the *Siseles* Complaint was filed in November, months ***after*** the SAC, so it could not have been incorporated therein.  Dkt. No. 191.

Lead Plaintiff's sole contention is that the PowerPoint Excerpt is incorporated by reference by the single generic allegation that "the CF II Board reviewed the results of the due diligence conducted by its management, employees of Cantor and CF II's advisors."  RJN at 2 (quoting SAC ¶64).  But there is no reference to the PowerPoint Excerpt or the *Siseles* Complaint, nor does the SAC rely on their contents.  Even if the SAC had referred to the PowerPoint Excerpt (it does not), that would still be insufficient because "the mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference."  *See Ritchie*, 342 F.3d at 908 (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (2d ed.1990)); *see also Khoja*, 899 F.3d at 1003 ("[f]or 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once").

Once again, Plaintiff's authority does not support its position.  For example, *Khoja* held that the district court abused its discretion by incorporating documents where the complaint did "not refer to the particular documents," and also by considering a document that the complaint quoted "once."  899 F.3d at 1003–04, 1007.  Similarly, *Ritchie* rejected a request for incorporation by reference because the movant did not "reference extensively" the document and it "was not integral to her claim."  342 F.3d at 908.  The remainder of Plaintiff's authority is likewise unavailing.  *See Coto*, 593 F.3d at 1038 (incorporation by reference applies where "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint …"[b]ut the mere mention of the existence of a document is insufficient to incorporate the contents of a document");

*Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (granting defendants' request to incorporate by reference a document where "a portion [thereof] is quoted or relied on in the complaint" because the incorporation-by-reference doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (allowing defendants to incorporate by reference documents plaintiff selectively quoted in the complaint); *Ali v. Intel Corp.*, 2018 WL 5734673, at *3 (N.D. Cal. Oct. 31, 2018) (noting that courts cannot take judicial notice or incorporate by reference "any facts in documents … subject to reasonable dispute").  The Court should deny Lead Plaintiff's request for incorporation by reference.

## IV.   PLAINTIFF CANNOT AMEND THE SAC THROUGH JUDICIAL NOTICE

Even if the Court could theoretically take judicial notice of, or incorporate by reference, the *Siseles* Complaint and PowerPoint Excerpt therein (it cannot), Plaintiff may not use such procedures to "amend [its] complaint and defeat defendants' motions to dismiss."  *Oklahoma Firefighters Pension & Ret Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) (denying plaintiff's request for judicial notice "because plaintiffs are attempting to use [the requested documents] to supplement allegations included in the complaint"); *see D & D Greek Rest., Inc. v. Great Greek Franchising, LLC*, 2021 WL 4459063, at *3 (C.D. Cal. May 19, 2021) ("plaintiff cannot utilize judicially noticed documents for the purpose of supplementing the allegations in a complaint"); *Puma*, 2017 WL 4771004, at *7 ("[T]he referenced documents cannot be used to amend the [complaint].").  But, as it openly acknowledges, that is exactly what Lead Plaintiff is trying to do.  *See* RJN at 1 (requesting judicial notice because "[t]his information is consistent with and supports the SAC's allegations").  Accordingly, the request for judicial notice and/or incorporation by reference should be denied.

Dated:   December 22, 2023

Respectfully submitted,

WINSTON & STRAWN LLP

Jeffrey L. Steinfeld
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700

James P. Smith III (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York NY 10166
Telephone: (212) 294-6700

*Attorneys for Defendants Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and CF Group Management, Inc.*

MUNGER, TOLLES & OLSON LLP

/s/ John. W. Berry
John W. Berry

*Attorneys for View, Inc., f/k/a CF Finance Acquisition Corp. II, and Rao Mulpuri*

MORRISON & FOERSTER LLP

/s/ Ryan M. Keats
Anna Erickson White
Ryan M. Keats
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000

*Attorneys for Defendant Vidul Prakash*

-6-                                    Case No. 5:21-cv-06374-BLF
DEFENDANTS' JOINT OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

**FILER'S ATTESTATION**

I, Jeffrey L. Steinfeld, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their signatures on this document.  Civil. L.R. 5-1(i)(3).

Dated: December 22, 2023

_____

Jeffrey L. Steinfeld

DEFENDANTS' JOINT OPPOSITION TO REQUEST FOR JUDICIAL NOTICE