JOHN W. BERRY (SBN 295760)
John.Berry@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
John.Gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendant Rao Mulpuri*

ANNA ERICKSON WHITE (SBN 161385)
AWhite@mofo.com
RYAN M. KEATS (SBN 296463)
RKeats@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     (415) 268-7000
Facsimile:     (415) 268-7522

*Attorneys for Defendant
Vidul Prakash*

JEFFREY L. STEINFELD (SBN 294848)
jlsteinfeld@winston.com
JAMES P. SMITH III (*pro hac vice*)
JPSmith@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone:     (213) 615-1700
Facsimile:     (213) 615-1750

*Attorneys for Defendants Howard W. Lutnick,
Paul Pion, Alice Chan, Anshu Jain, Robert J.
Hochberg, Charlotte S. Blechman, CF Finance
Holdings II, LLC, Cantor Fitzgerald & Co.,
Cantor Fitzgerald, L.P., and CF Group
Management, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., and CF GROUP MANAGEMENT, Inc.,<br><br>        Defendants. | Case No. 5:21-cv-06374-BLF<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Date:      September 5, 2024<br>Time:      9:00 a.m.<br>Crtrm.:    3<br><br>Judge:    Hon. Beth Labson Freeman |

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  ARGUMENT ......................................................................................................................2

     A.   Plaintiff's Motion for Reconsideration Is Procedurally Improper ...........................2

     B.   The Court's Ruling Was Correct on the Merits ........................................................3

          1.   Plaintiff fails to identify viable grounds for reconsideration ........................4

               a.   Plaintiff mischaracterizes the relevant standard for assessing Article III standing at the pleading stage ..........................................4

               b.   Extensive case law holds that a shareholder who fails to allege injury and causation lacks standing ........................................6

               c.   Plaintiff fails to cite adequate support for its contrary view .............8

               d.   Plaintiff does not challenge, nor could it, the Court's reliance on *MacPhee* in holding that Plaintiff cannot plead loss causation ...................................................................................11

          2.   Reconsideration will not affect the bottom-line conclusion.........................11

III. CONCLUSION ....................................................................................................................12

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Allstate Ins. Co. v. Herron*,
634 F.3d 1101 (9th Cir. 2011)...................................................................................................3

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
579 F. Supp. 3d 1133 (N.D. Cal. 2022) ....................................................................................5

*Bardo v. Clark*,
No. 19-00759 BLF (PR), 2021 WL 2778532 (N.D. Cal. July 2, 2021) ............................2, 3, 4

*Belinda K. v. Baldovinos*,
No. 10-CV-02507-LHK, 2012 WL 3249481 (N.D. Cal. Aug. 7, 2012) ......................................2

*Bond v. United States*,
564 U.S. 211 (2011) ...................................................................................................................9

*Boquist v. Courtney*,
32 F.4th 764 (9th Cir. 2022)....................................................................................................11

*In re Bos. Sci. Corp. ERISA Litig.*,
254 F.R.D. 24 (D. Mass. 2008) .................................................................................................8

*Bricklayers & Masons Loc. Union No. 5 Ohio Pension Fund v. Transocean Ltd.*,
866 F. Supp. 2d 223 (S.D.N.Y. 2012).................................................................................7, 10

*Brown v. Medtronic, Inc.*,
628 F.3d 451 (8th Cir. 2010)..................................................................................................6, 7

*City of Oakland v. Oakland Raiders*,
20 F.4th 441 (9th Cir. 2021)..................................................................................................5, 8

*Daniel v. Nat'l Park Serv.*,
891 F.3d 762 (9th Cir. 2018)......................................................................................................5

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005) ...................................................................................................................6

*Fleming v. Charles Schwab Corp.*,
878 F.3d 1146 (9th Cir. 2017)..................................................................................................10

*Forte v. U.S. Pension Comm.*,
No. 15-CV-4936 (PKC), 2016 WL 5922653 (S.D.N.Y. Sept. 30, 2016) ...................................7

*Fuller v. M.G. Jewelry*,
950 F.2d 1437 (9th Cir. 1991)....................................................................................................3

DEFENDANTS' JOINT OPPOSITION TO MOTION FOR RECONSIDERATION

*Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100 (11th Cir. 2022).................................................................................8

*Hollingsworth v. Perry*,
570 U.S. 693 (2013) ..........................................................................................................9

*re Impax Labs., Inc. Sec. Litig.*,
No. C 04-04802 JW, 2008 WL 1766943 (N.D. Cal. Apr. 17, 2008) ...........................6

*In re Infineon Techs. AG Sec. Litig.*,
266 F.R.D. 386 (N.D. Cal. 2009) ....................................................................................6

*Jewel v. Nat'l Sec. Agency*,
673 F.3d 902 (9th Cir. 2011)............................................................................................9

*Jones v. Ford Motor Co.*,
85 F.4th 570 (9th Cir. 2023).............................................................................................9

*Jones v. L.A. Cent. Plaza LLC*,
74 F.4th 1053 (9th Cir. 2023)....................................................................................1, 5, 6

*Kona Enters., Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000)............................................................................................2

*Loos v. Immersion Corp.*,
762 F.3d 880 (9th Cir. 2014)..........................................................................................11

*MacPhee v. MiMedx Grp., Inc.*,
73 F.4th 1220 (11th Cir. 2023)............................................................................ 1, passim

*Magadia v. Wal-Mart Assocs., Inc.*,
999 F.3d 668 (9th Cir. 2021)............................................................................................9

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)....................................................................................1, 5, 6

*McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020)............................................................................................5

*Me. St. Ret. Sys. v. Countrywide Fin. Corp.*,
No. 2:10-CV-0302-MRP, 2011 WL 13127544 (C.D. Cal. Sept. 13, 2011)................7

*Meyer v. Greene*,
710 F.3d 1189 (11th Cir. 2013)......................................................................................11

*Morrison v. Nat'l Australia Bank Ltd.*,
561 U.S. 247 (2010) ..........................................................................................................9

*Nacarino v. Kashi Co.*,
77 F.4th 1201 (9th Cir. 2023)..........................................................................................11

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
926 F.3d 528 (9th Cir. 2019)...........................................................................................9

*New York City Employees' Retirement System v. Jobs*,
593 F.3d 1018 (9th Cir. 2010)........................................................................................10

*Novak v. United States*,
795 F.3d 1012 (9th Cir. 2015)......................................................................................5, 11

*Reyes v. Checksmart Fin., LLC*,
701 F. App'x 655 (9th Cir. 2017)....................................................................................9

*Stahl v. Gibraltar Fin. Corp.*,
967 F.2d 335 (9th Cir. 1992)..........................................................................................10

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ...........................................................................................................9

*Taylor v. KeyCorp*,
680 F.3d 609 (6th Cir. 2012)............................................................................................7

*Thole v. U.S. Bank N.A.*
590 U.S. 538 (2020) .....................................................................................................4, 10

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ..........................................................................................................4

*Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*,
843 F.3d 561 (2d Cir. 2016).............................................................................................7

*Van Buren v. Gee*,
No. 22-CV-01563-BLF, 2023 WL 2621345 (N.D. Cal. Mar. 23, 2023) ............................2, 3, 4

*Vermeylen v. ProQuest Co.*,
No. 06-12327, 2007 WL 1218713 (E.D. Mich. Apr. 23, 2007)....................................................7

*Williams v. Cnty. of Monterey*,
No. 19-CV-01811-BLF, 2021 WL 1966711 (N.D. Cal. May 17, 2021) .....................................2

*In re Willis Towers Watson PLC Proxy Litig.*,
No. 1:17-CV-1338-AJT-JFA, 2020 WL 5361582 (E.D. Va. Sept. 4, 2020) ..............................7

*In re Wilmington Tr. Corp. ERISA Litig.*,
943 F. Supp. 2d 478 (D. Del. 2013) ................................................................................7

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023)..........................................................................................5, 8

DEFENDANTS' JOINT OPPOSITION TO MOTION FOR RECONSIDERATION

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................2, 5

Fed. R. Civ. P. 12(b)(6) .............................................................................................................2, 5, 6

Fed. R. Civ. P. 59(e) ...................................................................................................................2, 3, 4

Fed. R. Civ. P. 60(b) ..................................................................................................................2, 3, 4

DEFENDANTS' JOINT OPPOSITION TO MOTION FOR RECONSIDERATION

## I.    INTRODUCTION

There is no reason for the Court to reconsider its thorough—and correct—ruling dismissing Plaintiff's claims.  Plaintiff's motion for reconsideration fails on both procedural and substantive grounds.  It is procedurally improper because it raises arguments that Plaintiff could have previously raised but did not.  And the motion is substantively meritless because Plaintiff has failed to show that the Court's dismissal order is erroneous, let alone that the Court committed the type of "clear error" warranting reconsideration.  Defendants other than View (Plaintiff withdrew its motion as to View) accordingly request that the Court deny the motion for reconsideration.

Despite what Plaintiff argues for the first time in its motion about standing, the Ninth Circuit and Supreme Court precedent is clear:  a plaintiff who cannot clearly and plausibly allege loss causation for any of its claims has no Article III standing.  Plaintiff's argument rests on the flawed premise that Article III standing is subject to less stringent pleading requirements than other aspects of Plaintiff's claims.  But that premise is based on *Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011), a decade-old Ninth Circuit case that Plaintiff cites even though the Ninth Circuit declared it "no longer good law."  *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1056 n.1 (9th Cir. 2023) (overruling *Maya*).  Under the *current* Ninth Circuit law, *Twombly* and *Iqbal* govern how a plaintiff must plead Article III standing.  Dozens of cases have held, as this Court did in its ruling, that a plaintiff who cannot sufficiently plead injury-in-fact and causation does not have standing.  Plaintiff also relies heavily on *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220 (11th Cir. 2023), presumably because the Court, like the Defendants in their motions, correctly relied on its reasoned holding on the element of loss causation.  *See* Dkt. No. 200 (Order) at 12-13.  Yet Plaintiff's newfound emphasis on the *standing* portion of that case shows how improper its motion is—Plaintiff could have addressed these issues earlier, but did not.  Regardless, while *MacPhee*'s analysis of securities fraud loss causation is fully consistent with the Ninth Circuit's approach, its analysis of Article III standing is not.  This Court was right to rely on the former aspect of *MacPhee* but not the latter.

As such, Plaintiff's failure to plead loss causation for all of its claims remains the valid basis to dismiss its claims in full, to hold that Plaintiff has no Article III standing, and to reject its

attempt to add an "additional plaintiff" to try and cure loss causation for claims it has no standing to pursue. The Court therefore was correct to dismiss the Second Amended Complaint.

## II.   ARGUMENT

### A.   Plaintiff's Motion for Reconsideration Is Procedurally Improper

"Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court." *Bardo v. Clark*, No. 19-00759 BLF (PR), 2021 WL 2778532, at *1 (N.D. Cal. July 2, 2021) (Freeman, J.).

As an initial matter, even without reaching the merits, Plaintiff's motion fails because Plaintiff is raising new arguments despite having extensive opportunities to raise these issues earlier. "'A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Van Buren v. Gee*, No. 22-CV-01563-BLF, 2023 WL 2621345, at *3 (N.D. Cal. Mar. 23, 2023) (Freeman, J.) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The same is true of Rule 60(b). *Williams v. Cnty. of Monterey*, No. 19-CV-01811-BLF, 2021 WL 1966711, at *1 (N.D. Cal. May 17, 2021) (Freeman, J.); *see also Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012) (collecting cases holding that a motion for reconsideration under Rules 59(e) and 60(b) is an improper vehicle for asserting arguments not previously raised).

Plaintiff had numerous opportunities to respond to Defendants' standing arguments before the Court issued its dismissal order. Defendants' motions to dismiss specifically attacked Plaintiff's standing and explicitly argued that the Court has no subject matter jurisdiction because Plaintiff lacked standing. View's Notice of Motion specifically indicated its motion was filed pursuant to Rule 12(b)(1) (*i.e.*, for a lack of jurisdiction) in addition to Rule 12(b)(6). *See* Dkt. No. 181 (View Mot.) at 2 of 21. And, like the other defendants' motions, View's brief argued that because the Lead Plaintiff "owned no View stock before the alleged corrective disclosures in November 2021 and May 2022, Lead Plaintiff suffered no actionable injuries and so has no standing to pursue the SAC's claims." *Id*. at 20 of 21; *see also* Dkt. No. 190 (View Reply Br.) at 8; Dkt. No. 183 (CF Def. Br.) at 9; Dkt. No. 189 (CF Def. Reply) at 6. View's motion also cited

the Eleventh Circuit's ruling in *MacPhee* that Plaintiff previously ignored but now cites to make new arguments about standing.  *See* Dkt. No. 181 at 11 of 21.  Plaintiff is thus wrong when it argues that the issue of standing was not "explicitly raised by Defendants" in their motions to dismiss.

Yet, in its 30-page opposition to the motion to dismiss, Plaintiff never argued the points it raises now, for the first time, in its motion for reconsideration.  It argued instead that the purported "additional" plaintiff Sherman had standing.  *See* Dkt. No. 185 (Pl. Opp.) at 29-30.  Nowhere in Plaintiff's briefing—and at no point during the three-hour oral argument on the motion—did Plaintiff even *allude* to the standing argument it now raises in the motion for reconsideration.  Accordingly, Plaintiff's motion for reconsideration should be rejected as procedurally improper without even addressing the arguments on the merits.

**B.     The Court's Ruling Was Correct on the Merits**

Plaintiff's request for reconsideration also fails on its own merits.  Plaintiff has not shown *any* error in the Court's ruling, let alone the type of extreme error that justifies reconsideration under Rule 59(e) or 60(b).

Reconsideration under Rule 59(e) is appropriate only "'(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.'"  *Van Buren*, 2023 WL 2621345, at *3 (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)).  "A district court does not commit clear error warranting reconsideration when the question before it is a debatable one."  *Bardo*, 2021 WL 2778532, at *1.

Under Rule 60(b), a court may relieve a party from a final judgment only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed.

R. Civ. P. 60(b). "Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b)." *Van Buren*, 2023 WL 2621345, at *3.

### 1. Plaintiff fails to identify viable grounds for reconsideration

Plaintiff does not contend that there has been an "intervening change in the law" or "discovery of new evidence" relating to Defendants' motions to dismiss the Second Amended Complaint. Instead, Plaintiff merely contends that the Court's conclusion that Stadium Capital did not have constitutional standing was "clear error" under Fed. R. Civ. P. 59(e) or "mistake [or] inadvertence" under Fed. R. Civ. P. 60(b). *See* Dkt. No. 203 (Pl. Mot.) at 4.

Plaintiff is wrong for a number of reasons. Decisions that are correct—such as the Court's conclusion that Stadium Capital did not have standing—should not be reconsidered. As this Court has noted, a "district court does not commit clear error warranting reconsideration when the question before it is a debatable one." *Bardo*, 2021 WL 2778532, at *1. But the issue here is not even debatable. Because the Court's decision is supported by controlling precedent, there is no clear error or any other basis for reconsideration.

### a. Plaintiff mischaracterizes the relevant standard for assessing Article III standing at the pleading stage

In two of its most recent cases addressing private litigants' Article III standing (neither of which is cited in Plaintiff's motion), the Supreme Court summarized the key principles. "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). "As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021).

It is entirely appropriate to dismiss a complaint at the pleading stage for lack of Article III standing if the plaintiff fails to "plausibly and clearly" allege injury or that the injury was caused by the defendant. In *Thole*, the Supreme Court did just that, holding that plaintiffs lacked standing because they "failed to plausibly and clearly allege a concrete injury." 590 U.S. at 544. The Ninth

Circuit has frequently dismissed complaints that fail to allege injury or causation sufficient to satisfy Article III. *See, e.g.*, *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 525 (9th Cir. 2023) (affirming dismissal for lack of Article III standing because plaintiffs "faile[d] to plead causation" and "have not sufficiently alleged that any out-of-pocket financial injuries would be fairly traceable to [defendant's] alleged breach of fiduciary duty"); *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 710 (9th Cir. 2020) (same, because plaintiff "has not plausibly and sufficiently alleged an injury in fact"); *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018) (same, because plaintiff "alleged no link between the [legal violation] and the [injury]"); *Novak v. United States*, 795 F.3d 1012, 1019 (9th Cir. 2015) (same, because "Plaintiffs themselves have alleged facts showing" lack of particularized injury that was caused by defendant); *see also Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp. 3d 1133, 1161 (N.D. Cal. 2022) (dismissing complaint because "Plaintiffs failed to allege an injury in fact caused by Defendants' conduct.").

This Court's dismissal order was appropriate under this long line of controlling precedents. Yet Plaintiff incorrectly suggests that the Court should not assess Plaintiff's standing allegations under the *Twombly* and *Iqbal* standard that applies to pleading-stage motions because, Plaintiff argues, "*Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context." Dkt. No. 203 (Pl. Mot.) at 4.

In support of this point, Plaintiff cites *Maya* and its progeny to argue that standing is subject to a less-stringent pleading standard. *See* Dkt. No. 203 (Pl. Mot.) at 4; *see also id*. at 2 ("the Court failed to apply the correct Rule 12(b)(1) standard for jurisdictional issues such as Article III standing, instead incorrectly applying the Rule 12(b)(6) standard"). But as the Ninth Circuit confirmed last year, *Maya* is "no longer good law" in light of the Supreme Court's intervening decisions on standing. *Jones*, 74 F.4th at 1056 n.1. Instead, as the Ninth Circuit has explained, courts must assess whether the plaintiff has alleged sufficient facts to establish, under *Twombly* and *Iqbal*, a "'substantial probability'" that it suffered injury as a result of the defendant's alleged misconduct. *Winsor*, 62 F.4th at 525 (quoting *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 452 (9th Cir. 2021)); *see Jones*, 74 F.4th at 1056 n.1 (a court resolves facial attacks to standing "as it would a motion to dismiss under Rule 12(b)(6)'" (citation omitted)).

DEFENDANTS' JOINT OPPOSITION TO MOTION FOR RECONSIDERATION

Plaintiff never acknowledges that *Maya* has been overturned. Nor does it cite *Jones*, even though it undermines the core premise of Plaintiff's motion. If anyone is "walk[ing] the Court into clear error[,]" Dkt. No. 203 (Pl. Mot. at 1), it is Plaintiff, not Defendants.

### b. Extensive case law holds that a shareholder who fails to allege injury and causation lacks standing

Under both Supreme Court and Ninth Circuit case law, a federal court cannot entertain claims by plaintiffs who do not plausibly allege that the defendant's wrongful acts caused the plaintiffs to suffer a legally cognizable injury. The standing cases cited in the Court's dismissal order are not outliers or "faulty cases," as Plaintiff argues. *Id*. at 1; *see re Impax Labs., Inc. Sec. Litig.*, No. C 04-04802 JW, 2008 WL 1766943, at *7 (N.D. Cal. Apr. 17, 2008) (shareholder did not "suffer[] any loss" and "does not have standing to bring suit" because it sold shares before corrective disclosure); *see also In re Infineon Techs. AG Sec. Litig.*, 266 F.R.D. 386, 394 (N.D. Cal. 2009) (agreeing with defendants' argument that plaintiff "lacks standing because it purchased and sold Infineon stock before June 19, 2002, the first date that Infineon released corrective information concerning its participation in a price-fixing scheme").

In claims involving alleged investment losses in the stock market, courts have repeatedly relied on the Supreme Court's loss causation analysis from *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), to dismiss claims that fail to adequately allege the injury-in-fact and causation requirements of Article III standing. Put simply, if a plaintiff's complaint fails to allege any investment losses that are causally connected to alleged wrongful acts by the defendants, the plaintiff lacks standing. For example, in *Brown v. Medtronic, Inc.*, 628 F.3d 451 (8th Cir. 2010), the court held that the plaintiff lacked Article III standing to bring claims based on alleged misrepresentations that were revealed to the public long after he liquidated his stock holdings. "As described by the Court in *Dura*, such a scenario presents no constitutional injury." *Id.* at 458. The plaintiff "suffered no loss traceable to the alleged improper practices because he sold his shares before any public disclosures" that caused the stock price to decline. *Id.* Because the court found "no injury fairly traceable to any of the alleged breaches of duty" relating to that particular

set of disclosures, the court upheld the district court's dismissal of those claims for lack of standing. *Id.*

Numerous other pleading-stage cases are in accord. *See, e.g., Taylor v. KeyCorp*, 680 F.3d 609, 613 (6th Cir. 2012) (affirming dismissal for lack of Art. III standing where plaintiff failed to allege that defendant's misrepresentations caused losses to plaintiff's stock holdings); *In re Wilmington Tr. Corp. ERISA Litig.*, 943 F. Supp. 2d 478, 488 (D. Del. 2013) (dismissing plaintiff who lacked Art. III standing where she did not suffer investment losses during period when stock price was inflated by alleged misrepresentations); *Bricklayers & Masons Loc. Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223, 237 (S.D.N.Y. 2012) (at pleading stage, dismissing plaintiff who failed to "retain[] its Transocean shares after the corrective disclosures began" for lack of Art. III standing), *aff'd after further proceedings sub nom. DeKalb Cnty. Pension Fund v. TransOcean Ltd.*, 817 F.3d 393 (2d Cir. 2016); *Vermeylen v. ProQuest Co.*, No. 06-12327, 2007 WL 1218713, at *1 (E.D. Mich. Apr. 23, 2007) (dismissing complaint for lack of Art. III standing where plaintiff, who sold before corrective disclosure, "suffered no loss as a result of defendants' alleged fiduciary breaches"); *see also Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 569 (2d Cir. 2016) (complaint failed to allege Art. III standing where "there is no cognizable investment loss" to the plaintiff); *Forte v. U.S. Pension Comm.*, No. 15-CV-4936 (PKC), 2016 WL 5922653, at *9 (S.D.N.Y. Sept. 30, 2016) ("The Court has not found support in this Circuit for the theory that plaintiffs who merely held stock during a period of artificial inflation meet the injury requirement of Article III standing."); *Me. St. Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302-MRP (MANx), 2011 WL 13127544, at *5 (C.D. Cal. Sept. 13, 2011) ("A challenge based on the standing requirement that a plaintiff show loss causation would require the same analysis and reach the same conclusion.").

Courts have made the same point about loss causation and standing at other stages of litigation as well. *See, e.g., In re Willis Towers Watson PLC Proxy Litig.*, No. 1:17-CV-1338-AJT-JFA, 2020 WL 5361582, at *12 (E.D. Va. Sept. 4, 2020) ("any proposed Class member who sold the entirety of their Towers stock before the closing of the Merger, the relevant transaction, did not suffer any cognizable loss as a result of the Merger … [and] cannot therefore state an

injury-in-fact") (class certification); *In re Bos. Sci. Corp. ERISA Litig.*, 254 F.R.D. 24, 30 (D. Mass. 2008) ("As long as the undisclosed information remains nonpublic, the fiduciary's failure to disclose cannot harm the participant's investment.") (class certification).

### c. Plaintiff fails to cite adequate support for its contrary view

In light of this extensive and well-reasoned case law, Plaintiff is simply wrong to suggest that the Court committed any error at all, let alone the type of "clear error" that would allow Plaintiff to get a do-over on an issue it previously failed to address.

Plaintiff's lengthy discussion of the Eleventh Circuit's standing analysis in *MacPhee* does not alter this conclusion. *See* Dkt. No. 203 (Pl. Mot.) at 6-8. If anything, Plaintiff's reliance on *MacPhee* underscores just how procedurally improper its motion is—Plaintiff cannot argue about *this* aspect of *MacPhee* now for the first time after arguing so extensively about other aspects of *MacPhee* in the prior briefing and lengthy oral argument. *See supra*, Section II.A.

Even more significantly, the standard for assessing standing at the pleading stage is different in the Eleventh Circuit than it is here in the Ninth Circuit. In *MacPhee*, the only "disputed element of Article III standing" was "traceability," and the court emphasized that the traceability requirement is particularly lenient in the Eleventh Circuit. 73 F.4th at 1239-40 (collecting cases). Applying its own test for traceability, the Eleventh Circuit declined to examine whether the complaint alleged sufficient facts to plausibly support standing. *See id.* at 1240 ("Taken as true, the allegations sufficiently satisfy *our test* for Article III's traceability requirement.") (emphasis added). In the Ninth Circuit, in contrast, the question is whether the complaint pleads sufficient facts to satisfy *Twombly* and *Iqbal* and demonstrate a "'substantial probability'" that the defendant's alleged misconduct caused the plaintiff's injuries. *Winsor*, 62 F.4th at 525 (quoting *City of Oakland*, 20 F.4th at 452). The Eleventh Circuit's less demanding approach to standing simply does not apply here.

In addition, as a technical matter, *MacPhee* relied only on what appears to be erroneous circuit precedent stating that "standing[] is 'determined at the time the plaintiff's complaint is filed.'" *MacPhee*, 73 F.4th at 1239 (quoting *Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1113 (11th Cir. 2022)). Because the

plaintiff in *MacPhee* filed its original complaint *before* the corrective disclosure caused the stock price to drop, the court emphasized that even though its amended complaint failed to plead loss causation, "when [the plaintiff] filed its complaint, it had standing to bring its § 10(b) claims." *Id.* at 1240.  But in the Ninth Circuit (and indeed, under the Supreme Court's case law), "[s]tanding must 'persist throughout all stages of [the] litigation.'" *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 674 (9th Cir. 2021) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)).  Here, Plaintiff was appointed Lead Plaintiff and filed the Consolidated Complaint *after* the corrective disclosures were issued.  So even if the plaintiff in *MacPhee* had standing because it filed its complaint before the corrective disclosures, Plaintiff cannot avail itself of that rule here.

The various other cases cited in Plaintiff's motion are similarly inapposite.  A number of those cases state the truism that standing questions are separate from merits questions and constitutional standing is separate from statutory standing.  *See* Dkt. No. 203 (Pl. Mot.) at 4-5. But those observations do not change the requirement that plaintiffs must plead facts sufficient to satisfy Article III standing rules.  Even the cases Plaintiff cites acknowledge this fundamental point.  *See, e.g.*, *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) ("To establish the constitutional minimum for Article III jurisdiction, a plaintiff must plead an injury-in-fact"); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 910 (9th Cir. 2011) ("Jewel alleged with particularity that *her* communications were part of the dragnet.").  Other cases cited in Plaintiff's brief are simply irrelevant to the issues in this case.  *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 533 (9th Cir. 2019) ("by failing to address its individual standing on appeal, NEI has waived the right to challenge the district court's standing determination"); *Bond v. United States*, 564 U.S. 211, 217 (2011) ("Bond's challenge to her conviction and sentence 'satisfies the case-or-controversy requirement'") (citation omitted); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (discussing dismissal of federal-question cases that lack merit; Court then dismissed for lack of redressability); *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (territorial scope of statute goes to merits, not subject matter jurisdiction); *Reyes v. Checksmart Fin., LLC*, 701 F. App'x 655, 656 (9th Cir. 2017) (plaintiff lacked statutory standing because "she did not fall into the zone of interests the [statute] was intended to protect").

DEFENDANTS' JOINT OPPOSITION TO MOTION FOR RECONSIDERATION

Two cases warrant additional discussion because they underscore salient aspects of this action. Contrary to Plaintiff's suggestion, *Stahl v. Gibraltar Fin. Corp.*, 967 F.2d 335 (9th Cir. 1992), did not hold that plaintiffs had standing to bring a Section 14(a) claim merely by alleging that they received an allegedly misleading proxy and held stock on the record date for the shareholder vote. *See* Dkt. No. 203 (Pl. Mot.) at 9-10 (citing *Stahl*). The court addressed a much narrower question—whether a plaintiff must demonstrate *reliance* on the allegedly misleading proxy in order to have standing to sue for damages under Section 14(a) after a shareholder vote. While the court concluded that reliance is not required in order to state a valid claim, it did not suggest that the constitutional requirements of injury-in-fact and causation/traceability are inapplicable in this context. Instead, as confirmed in *New York City Employees' Retirement System v. Jobs*, 593 F.3d 1018, 1020 (9th Cir. 2010), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012), plaintiffs must allege "cognizable economic loss" to recover under Section 14(a), just like under Section 10(b). The decision in *Bricklayers & Masons Local v. Transocean*, 866 F. Supp. 2d at 237, *see supra*, rejected standing for a similar Section 14(a) claim at the pleading stage precisely because the plaintiff failed to allege it suffered economic loss as a result of the defendant's conduct. Therefore, as discussed above, Plaintiff's allegations fail to show sufficient economic injury and causation to establish standing under Article III. *See Thole*, 590 U.S. at 544 ("'Article III standing requires a concrete injury even in the context of a statutory violation.'") (citation omitted).

Plaintiff's citation to *Fleming v. Charles Schwab Corp.*, 878 F.3d 1146 (9th Cir. 2017), highlights a particularly important distinction between this action and many of the cases Plaintiff cites. *See* Dkt. No. 203 (Pl. Mot.) at 10. In *Fleming*, the court held that the plaintiffs adequately alleged standing because they alleged that the defendant's purported violations of state law caused them to suffer injuries in the form of lost stock-trading profits. *Id.* at 1151. The court rejected the defendant's argument that the plaintiffs needed to "identif[y] particular trades that caused them losses." *Id.* But here, in contrast, Plaintiff *has* identified its particular trades (as required under PSLRA), and those allegations affirmatively demonstrate that Plaintiff lacks standing. Courts must examine the facts as they are alleged in the complaint, even if they defeat the plaintiff's

claims. *See Novak*, 795 F.3d at 1018 (affirming dismissal for lack of Article III standing where "Plaintiffs themselves have alleged facts" that were "fatal to Plaintiffs' effort to allege causation"); *accord Nacarino v. Kashi Co.*, 77 F.4th 1201, 1203 (9th Cir. 2023) ("A district court may dismiss a complaint when its allegations 'give rise to an affirmative defense that clearly appears on the face of the pleading.'") (quoting *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022)). Because Plaintiff's own allegations demonstrate the *absence* of injury and causation, cases involving more generalized allegations are irrelevant. *See, e.g.*, Dkt. No. 203 (Pl. Mot.) at 8 (citing such cases).

> **d.    Plaintiff does not challenge, nor could it, the Court's reliance on**
>
> ***MacPhee* in holding that Plaintiff cannot plead loss causation**

In its motion, Plaintiff does not ask the Court to reconsider its ruling that Plaintiff failed to plead loss causation. As the Court and the parties are aware, the Court relied on the Eleventh Circuit's holding in *MacPhee* to reach that conclusion. *See* Dkt. No. 200 (Order) at 13-14.

The Court was correct to do so, and the fact that *MacPhee*'s unique approach to the separate issue of Article III standing is wrong does not mean the Court needs to revisit its loss causation holding. That is because, unlike its analysis of Article III standing, *MacPhee*'s approach to loss causation is entirely consistent with Supreme Court and Ninth Circuit precedent. *See, e.g.*, *MacPhee,* 73 F.4th at 1242 (citing *Dura*, 544 U.S. 336, and *Meyer v. Greene*, 710 F.3d 1189 (11th Cir. 2013)); *Loos v. Immersion Corp.*, 762 F.3d 880, 889 (9th Cir. 2014) (citing *Meyer* in agreement); *see also* Dkt. No. 200 (Order) at 12:2-5 (noting agreement between Ninth and Eleventh Circuits on loss causation approaches in *Loos* and *Meyer*). Therefore, the Court is on sound footing to rely on the loss causation holding in *MacPhee* since it is in complete harmony with Ninth Circuit law, while rejecting the part of *MacPhee* that addresses Article III standing in a way that is inconsistent with Ninth Circuit and Supreme Court precedent. *See supra*, Section II.B.1.c.

> **2.    Reconsideration will not affect the bottom-line conclusion**

In any event, reconsideration would be futile here because the end result would be the same: dismissal of Plaintiff's claims. As the Court's dismissal order recognized, there are numerous additional independent grounds for dismissal that have not been addressed. *See* Dkt.

No. 200 (Order) at 10 (lack of scienter), 14 n.2 (lack of loss causation because of price recovery), 15 (scienter), 16 (transaction causation, the adequacy of the allegations regarding negligence, solicitation, and exculpation).  For the reasons outlined in prior briefing to the Court, those points would lead to the same ultimate result—dismissal.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for reconsideration.

Dated:  May 1, 2024                    Respectfully submitted,


By:      _/s/ John W. Berry_____
John W. Berry
Jeremy Lawrence
MUNGER, TOLLES & OLSON LLP
*Attorneys for Rao Mulpuri*


By:      _/s/ Jeffrey L. Steinfeld_____
Jeffrey L. Steinfeld
James P. Smith III (*pro hac vice*)
WINSTON & STRAWN LLP
*Attorneys for Defendants Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jain, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and CF Group Management, Inc.*


By:      _/s/ Anna Erickson White_____
Anna Erickson White
MORRISON & FOERSTER LLP
*Attorneys for Defendant Vidul Prakash*


### ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:  May 1, 2024                    By:      _/s/ John W. Berry_____
John W. Berry


-12-                                        Case No. 5:21-cv-06374-BLF
DEFENDANTS' JOINT OPPOSITION TO MOTION FOR RECONSIDERATION