1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

11

12

13

14

15

16

17

ASIF MEHEDI, Individually, and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH,

Defendants.

Case No.: 5:21-cv-06374-BLF

[PROPOSED] **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, this consolidated putative class action (the "Action") comes before the Court

2    on Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Motion") and on the

3    Stipulation and Agreement of Settlement dated April 25, 2025 ("Stipulation") entered into by Lead

4    Plaintiff Stadium Capital LLC ("Lead Plaintiff") and (1) View, Inc., f/k/a CF Finance Acquisition

5    Corp. II and n/k/a/ View Operations, LLC ("View" or the "Company") and Rao Mulpuri;

6    (2) Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jian, Robert J. Hochberg, Charlotte S.

7    Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and CF

8    Group Management, Inc.; (3) and Vidul Prakash, (collectively, the "Defendants", and together with

9    Lead Plaintiff, the "Parties"), by and through their respective counsel;

10    WHEREAS, the Stipulation sets forth the terms and conditions for the proposed settlement

11    of the Action, and is subject to review under Rule 23 of the Federal Rules of Civil Procedure

12    ("Rule 23"); and

13    WHEREAS, the Court is familiar with and has reviewed the record in the Action and has

14    reviewed the Motion and the Stipulation, together with the exhibits attached thereto and

15    incorporated by reference therein, and found good cause for entering the following Order;

16    **NOW, THEREFORE, IT IS HEREBY ORDERED**:

17    1.    This order (the "Preliminary Approval Order") hereby incorporates by reference the

18    definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in

19    the Stipulation.

20    2.    **Class Certification**. The Court preliminarily certifies, solely for purposes of

21    effectuating the Settlement, pursuant to Rule 23, a class consisting of: (1) all persons or entities

22    who purchased or otherwise acquired View and/or CF II securities between November 30, 2020

23    and May 10, 2022, inclusive (the "Class Period"); (2) all persons or entities who were holders of

24    CF II Class A common stock as of the January 27, 2021 record date (the "Record Date") that were

25    entitled to vote to approve the Business Combination as set forth in the February 16, 2021 Proxy

26    Statement; and (3) all persons or entities who purchased or otherwise acquired View securities

27    pursuant to or traceable to the De-SPAC Registration Statement. Excluded from the Settlement

28    Class are Defendants; subsidiaries of any entity Defendant; the current and/or former officers and

directors of any entity Defendant; members of the Immediate Family of any Defendant; any Defendant's successors and assigns, in their capacity as such; and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are persons who solely held shares of the privately held common stock and preferred stock of Legacy View outstanding prior to closing of the Business Combination.

3.      Pursuant to Rule 23 and for purposes of settlement only, the Court preliminarily certifies Lead Plaintiff Stadium Capital LLC and plaintiff David Sherman as Class Representatives for the Settlement Class and appoints Kaplan Fox & Kilsheimer LLP as Class Counsel for the Settlement Class ("Class Counsel").  Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

4.      With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions.  The claims of Plaintiffs are typical of the claims of the Settlement Class and Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

5.      **Preliminary Approval of the Settlement**. The Court preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, having found that the Parties have shown

the Court that it will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2), and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

6.    **Retention of Claims Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain RG/2 Claims Administration LLC as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims as more fully set forth below:

a.    No later than twenty (20) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached hereto as Exhibits A(1) and A(2), respectively, to be mailed by first class mail, postage prepaid, to all members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of View and/or its transfer agents to provide security holder lists as set forth in the Stipulation (the "Notice Date");

b.    Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A(3), to be published once in the national edition of *Investor's Business Daily* and over the *PR Newswire* no later than ten (10) calendar days after the Notice Date;

c.    Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Final Approval Hearing.

d.    Class Counsel shall cause the Notice, the Summary Notice, and the Claim Form to be placed on a website developed for the Settlement and maintained by the

Claims Administrator, www.viewsecuritieslitigation.com, on or before the Notice Date.

    e.    Class Counsel may pay from the Settlement Fund up to one hundred seventy eight thousand and five hundred dollars ($178,500 USD), without further order of the Court, all notice and administration costs actually incurred and paid or payable.

7.    **CAFA Notice**. Not later than ten (10) calendar days after the submission of the Stipulation to the Court, View, of behalf of all Defendants, shall serve notice on the State and Federal officials as required by 28 U.S.C. §1715(b).

8.    **Approval of Form and Content of Notice**. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, attached hereto as Exhibits A-1, A-2 and A-3, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of this Preliminary Approval Order meet the requirements of Rule 23, the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 *et seq.*, as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States (including the Due Process Clause), and constitute the best notice practicable under the circumstances.

9.    **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who satisfy the requirements to be a Settlement Class Member. Those brokers and other nominees are directed to either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within ten (10) calendar days after receipt thereof.

10.    Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary

Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Claim Form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

11.    **Settlement Fairness Hearing**. Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on November 6, 2025, at 9:00 a.m., by Zoom videoconference, the Honorable Beth Labson Freeman presiding, for the following purposes:

a.    to determine whether the Court should grant final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

b.    to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be finally approved by the Court;

c.    to determine whether the Plan of Allocation for the Net Settlement Fund should be approved by the Court as fair and reasonable;

d.    to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims;

e.    to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and

f.    to rule on such other matters as the Court may deem appropriate.

Instructions for accessing the Settlement Hearing by Zoom videoconference will be available on the Court's website at https://cand.uscourts.gov/judges/freeman-beth-l-blf/ and shall be made available on the case website, www.viewsecuritieslitigation.com.

12.     The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of Litigation Expenses, or to make such modification as may be consented to by the Parties to the Stipulation, without further notice to the Settlement Class.

13.     **Appearance and Objections at Settlement Fairness Hearing**. Any member of the Settlement Class who wishes to object to the Settlement and who does not request exclusion from the Settlement Class must, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, file with the Court a written statement of objection to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses in connection with the representation of the Settlement Class.

14.     Any member of the Settlement Class who does not request exclusion from the Settlement Class and timely submits and serves a written objection to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, or who otherwise wishes to be heard, may appear in person or by and through an attorney, at his/her/its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant. Such Settlement Class Member may do so provided that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court, unless such submission is filed with the Court within twenty-one (21) calendar days prior to the Settlement Fairness Hearing, and contains:

a.     The case name and docket number, *Mehedi v. View, Inc. et al.*, Case No. 5:21-cv-06374-BLF (N.D. Cal.);

b.     The name, address, and telephone number of the person objecting, signed by the objector;

c.     A statement of such person's objections to any matters before the Court concerning the Settlement and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

      d.      The specific grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider;

      e.      Whether that person intends to present any witnesses and/or experts, the identity of any such witnesses and/or experts, and the nature of the witness and or expert testimony;

      f.      Proof of the person's membership in the Settlement Class, which proof shall demonstrate the person's purchases of View or CF II securities during the Class Period, holdings of CF II Class A common stock on January 27, 2021, and/or purchases of View securities pursuant to or traceable to the De-SPAC Registration Statement and any sales of any of these securities, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; and

      g.      Such filings shall be served upon the Court.

15.      Any person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers in response to any such objections shall be served and filed no later than fourteen (14) days prior to the Settlement Fairness Hearing.

16.      **<u>Request for Exclusion</u>**. Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Fairness Hearing. To be valid, a Request for Exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) the number of shares (a) the person purchased or acquired of View or CF II securities during the Class Period, (b) of CF II Class A common stock the person held on January 27, 2021, and/or (c) the person purchased or acquired of View securities pursuant to or traceable to the De-SPAC Registration Statement, and any sales thereof, including the dates of such purchase(s) and/or

sale(s), and the price(s) paid and received for each such purchase(s) and/or sale(s); (3) that the person "requests exclusion from the Settlement Class in *Mehedi v. View, Inc. et al.*, Case No. 5:21-cv-06374-BLF (N.D. Cal.)"; and (4) must include the person's signature. No further opportunity to request exclusion will be given in this Action. Requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

17.    All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the settlement, including but not limited to the Releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have timely and validly requested exclusion from the Settlement Class. The persons and entities who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Claim Forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

18.    Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings.

19.    **Participation in the Settlement**. Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order.  A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Claim Form must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (2) include the Releases by the claimant of

all Released Parties as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall, (subject to the effectuation of the Settlement reflected in the Stipulation), agree and enter into the Releases as provided in the Stipulation. All Settlement Class Members who do not submit a valid and timely Claim Form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Claim Form, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein.

20.     If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

21.     **Stay and Temporary Injunction**. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead Plaintiff and all Settlement Class Members are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Released Plaintiff's Claims against the Defendant Releasees.

22.     **Settlement Fund**. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Payment of Taxes and Claims Administration Fees and Expenses**. Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax

reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund of notice and administration fees and expenses in accordance with the Stipulation.

24.   **Use of this Order**. This Preliminary Approval Order, the Settlement, the Stipulation, the Term Sheet, the Supplemental Agreement, and all negotiations, statements, and proceedings in connection therewith, shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant, any member of the Settlement Class, or any other person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, David Sherman, any member of the Settlement Class, or any other person, has or has not suffered any damage.

25.   **Supporting Papers**. All motions and papers in support of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Fairness Hearing.

26.   The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

IT IS SO ORDERED this 18th day of _____ July _____, 2025.

Honorable Beth Labson Freeman
United States District Judge

# EXHIBIT
# A-1

1  Laurence D. King (SBN 206423)
2  Blair E. Reed (SBN 316791)
   **KAPLAN FOX & KILSHEIMER LLP**
3  1999 Harrison Street, Suite 1560
   Oakland, CA 94612
4  Telephone:  415-772-4700
   Facsimile:  415-772-4707
5  lking@kaplanfox.com
   breed@kaplanfox.com
6
   *Lead Counsel for Lead Plaintiff Stadium*
7  *Capital LLC, Plaintiff David Sherman, and*
   *the Proposed Settlement Class*
8

9
                    **UNITED STATES DISTRICT COURT**
10                  **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN JOSE DIVISION**
11
   ASIF MEHEDI, Individually and on Behalf of        Case No.: 5:21-cv-06374-BLF
12 All Others Similarly Situated,

13                                   Plaintiff,       **NOTICE OF (I) PENDENCY OF CLASS**
                                                      **ACTION AND PROPOSED**
14          v.                                        **SETTLEMENT; (II) MOTION FOR AN**
                                                      **AWARD OF ATTORNEYS' FEES AND**
   VIEW, INC. f/k/a CF FINANCE                        **REIMBURSEMENT OF LITIGATION**
15 ACQUISITION CORP. II, RAO MULPURI,                 **EXPENSES; AND (III) SETTLEMENT**
   VIDUL PRAKASH, HOWARD W.                           **FAIRNESS HEARING**
16 LUTNICK, PAUL PION, ALICE CHAN,
   ANSHU JAIN, ROBERT J. HOCHBERG,
17 CHARLOTTE S. BLECHMAN, CF
   FINANCE HOLDINGS II, LLC, CANTOR
18 FITZGERALD & CO., CANTOR
   FITZGERALD, L.P., and CF GROUP
19 MANAGEMENT, INC.,

20                                   Defendants.

21       ***A FEDERAL COURT HAS AUTHORIZED THIS NOTICE. THIS IS NOT A***
                   ***SOLICITATION FROM A LAWYER.***
22
   **NOTICE OF PENDENCY OF CLASS ACTION AND SETTLEMENT:** Please be advised
23 that your rights may be affected by the above-captioned action ("Action") pending in the United
   States District Court for the Northern District of California, San Jose Division ("Court") if you:
24 (1) purchased or otherwise acquired View and/or CF II securities between November 30, 2020 and
   May 10, 2022, inclusive (the "Class Period"); (2) held CF II Class A common stock as of the
25 January 27, 2021 record date (the "Record Date"); or (3) purchased or otherwise acquired View
   securities pursuant to or traceable to the De-SPAC Registration Statement (the "Settlement
26 Class").[1] Please also be advised that the Court-appointed Lead Plaintiff Stadium Capital LLC

27 _____
   [1] See exclusions to the Settlement Class in paragraph 1, below. All capitalized terms used in this Notice that are not
28 otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated April
   25, 2025 (the "Stipulation"), which is available on the website for the Settlement at www.viewsecuritieslitigation.com.
   NOTICE OF PENDENCY OF CLASS ACTION        1                           Case No. 5:21-cv-06374-BLF
   & PROPOSED SETTLEMENT

("Lead Plaintiff"), on behalf of itself and the Settlement Class has reached a proposed Settlement of the Action for a total of Eleven Million Dollars ($11,000,000.00) in cash that, if approved, will resolve all claims in the Action.

**PLEASE READ THIS NOTICE CAREFULLY. It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Settlement Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Defendants, their counsel, or the Court. All questions should be directed to Lead Counsel or the Claims Administrator.**

1. **Description of the Action and Settlement Class**: This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants View, Inc., f/k/a CF Finance Acquisition Corp. II and n/k/a/ View Operations, LLC, Rao Mulpuri, Howard W. Lutnick, Paul Pion, Alice Chan, Anshu Jian, Robert J. Hochberg, Charlotte S. Blechman, CF Finance Holdings II, LLC, Cantor Fitzgerald & Co., Cantor Fitzgerald, L.P., and CF Group Management, Inc., and Vidul Prakash (collectively, the "Defendants"), violated the federal securities laws by, among other things, allegedly making false and misleading statements in View's financial statements for fiscal years ending 2019-2020 and certain quarterly financials during the Class Period (November 30, 2020 and May 10, 2022, inclusive). The proposed Settlement, if approved by the Court, will settle all claims of the Settlement Class in the Action. Excluded from the Settlement Class are Defendants; subsidiaries of any entity Defendant; the current and/or former officers and directors of any entity Defendant; members of the Immediate Family of any Defendant; any Defendant's successors and assigns, in their capacity as such; and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are persons who solely held shares of the privately held common stock and preferred stock of Legacy View outstanding prior to closing of the Business Combination, and any persons and entities who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

2. **Statement of the Settlement Class's Recovery**: Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of Eleven Million Dollars ($11,000,000.00) in cash (the "Settlement Amount") to be deposited into an interest-bearing Escrow Account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon while in escrow (the "Settlement Fund") less (i) any Taxes and Tax Expenses, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any service awards to named plaintiffs), will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 11-20, below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of the relevant View and CF II securities that were purchased during the Class Period or held as of the January 27, 2021 record date and may have been affected by the conduct alleged in the Action, and assuming that all

Settlement Class Members elect to participate in the Settlement, the estimated average recovery will be approximately $0.19 per share of stock and $0.03 per warrant, before deduction of attorneys' fees, costs and expenses awarded by the Court, and the costs of providing notice and administering the Settlement. **Settlement Class Members should note, however, that the foregoing average recovery figures per eligible share are only estimates.** A Settlement Class Member's actual recovery will depend on several things, including: (1) the total number of Claims filed; (2) when and at what price they purchased their securities; (3) whether and when they sold their securities; (4) the amount of Notice and Administration Costs; (5) the amount of attorneys' fees and Litigation Expenses awarded by the Court; and (6) the amount of any service awards to the Lead and named Plaintiffs. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth below (see pages 11-20 below) or such other plan of allocation as may be ordered by the Court.

4.    **Estimate of Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail in the Action. Among other things, Defendants do not agree with the assertion that they engaged in any actionable misconduct under the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kaplan Fox & Kilsheimer LLP ("Lead Counsel") has been prosecuting the Action on a wholly contingent basis, has not received any payment of attorneys' fees for its representation of the Settlement Class, and has advanced substantial funds to pay expenses necessarily incurred in order to prosecute the Action. As set forth in greater detail below, Lead Counsel, among other things: (i) conducted an extensive investigation into the claims; (ii) drafted two detailed amended complaints; (iii) opposed Defendants' motions to dismiss; (iv) engaged experts to evaluate the claims and damages; (vi) briefed an independent and experienced mediator; and (vii) engaged in three mediation sessions before reaching an agreement in principle to settle. Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed thirty-three and one-third percent (33 1/3%) of the Settlement Fund. Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $375,000. In addition, Lead Plaintiff and named plaintiff David Sherman will apply for awards under the PSLRA of up to $10,000 and up to $2,500, respectively, in reimbursement for the time that they dedicated to the Action. If the Court approves Lead Counsel's fee and expense application, including the service awards to the named plaintiffs, the average cost per affected share of View common stock will be approximately $0.07, and per affected warrant will be $0.01. **Please note that these amounts are only an estimates.**

6.    **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are being represented by Laurence D. King of Kaplan Fox & Kilsheimer LLP, 1999 Harrison Street, Suite 1560, Oakland, CA 94612, lking@kaplanfox.com, and Jason A. Uris of Kaplan Fox & Kilsheimer LLP, 800 Third Avenue, 38th Floor, New York, NY 10022, juris@kaplanfox.com. The contact phone for Mr. King and Mr. Uris is 1-800-290-1952.

7.    **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class, without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit must

be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after a trial of the Action and the likely appeals that would follow a trial, a process that could last many months, or even years, into the future. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (as defined in paragraph 56 below) that you have against Defendants and the other Defendants' Releasees (as defined in paragraph 55 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 16, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or the other Defendants' Releasees concerning the claims that were, or could have been, asserted in this Action. It is also the only way for Settlement Class Members to remove themselves from the Settlement Class. If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred. *See* paragraph 61 below. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 16, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses and service awards, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, and/or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 16, 2025, AND APPEAR AT THE HEARING ON NOVEMBER 6, 2025 AT 9:00 A.M.** | Filing a written objection and notice of intention to appear by October 16, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses and service awards to named |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **BY ZOOM VIDEOCONFERENCE** | plaintiffs. If you submit a written objection, you may (but do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a Claim Form by _____, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Fairness Hearing – currently scheduled for November 6, 2025 at 9:00 a.m. – is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the website www.viewsecuritieslitigation.com or contact Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

| | PAGE |
|---|---|
| Why Did I Get This Notice? | Page ___ |
| What Is This Case About? | Page ___ |
| How Do I Know If I Am Affected by the Settlement? Who is included in the Class? | Page ___ |
| What Are Lead Plaintiff's Reasons for the Settlement? | Page ___ |
| What Might Happen If There Were No Settlement? | Page ___ |
| How Much Will My Payment Be? | Page ___ |
| How Are Settlement Class Members Affected by the Action and the Settlement? | Page ___ |
| What Payment Are the Attorneys for the Settlement Class Seeking? How Will the Lawyers Be Paid? | Page ___ |
| What If I Do Not Want to be a Member of the Settlement Class? How Do I Exclude Myself? | Page ___ |
| How Do I Participate in the Settlement? What Do I Need to Do? | Page ___ |
| When and Where Will the Court Decide Whether to Approve the Settlement? Do I Have to Come to the Hearing? May I Speak at the Hearing If I Don't Like the Settlement? | Page ___ |
| What If I Bought Eligible View or CF II Securities On Someone Else's Behalf? | Page ___ |
| Can I See the Court File? Whom Should I Contact If I Have Questions? | Page ___ |

**WHY DID I GET THIS NOTICE?**

8.    This Notice was sent to you pursuant to an Order of the Court because you, someone in your family, or an investment account for which you serve as custodian may have purchased the securities that are the subject of this Action. As a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, RG/2 Claims Administration ("RG/2"), the Claims Administrator retained by Lead Counsel and approved by the Court, will distribute payments pursuant to the Plan of Allocation after any objections and appeals are resolved.

9.    This Notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you that a Settlement has been reached in the Action and how you might be affected. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and service awards to the named plaintiffs (the "Settlement Fairness Hearing").  See ¶¶ 67-76 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. The claims process could take substantial time to complete fully and fairly; we appreciate your patience.

**WHAT IS THIS CASE ABOUT?**

**A.    Summary of Procedural History and Background on Lead Plaintiff's Claims**

11.    This is a securities class action against Defendants for alleged violations of the federal securities laws.  Lead Plaintiff alleges that Defendants made material misrepresentations and omissions of material facts in the proxy statement issued in connection with the Business Combination in which CF II "de-SPACed," combining with View to become a single public company. Lead Plaintiff also alleges that Defendants made material misrepresentations and omissions of material facts in other public statements during the Class Period. Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Settlement Class.

12.    On August 18, 2021, the initial complaint was filed in the Action. In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13.    By Order dated February 8, 2022, the Court appointed Stadium Capital LLC as Lead Plaintiff and Kaplan Fox & Kilsheimer LLP as Lead Counsel.

14.  On July 15, 2022, Lead Plaintiff filed the Amended Complaint for Violations of the Federal Securities Laws. On October 6, 2022, Defendants filed motions to dismiss the Amended Complaint. On November 15, 2022, Lead Plaintiff filed its opposition to Defendants' motions to dismiss. After further briefing and oral argument, on May 22, 2023, the Court granted Defendants' motions to dismiss with leave to amend.

15.  The Second Amended Complaint for Violations of the Federal Securities Laws ("Second Amended Complaint") was filed on August 21, 2023. The Second Amended Complaint asserts claims against Defendants under Sections 10(b), 14(a), and 20(a) of the Exchange Act on behalf of a class consisting of (i) all persons or entities who purchased or otherwise acquired View and/or CF II securities between November 30, 2020 and November 9, 2021, inclusive and (ii) all persons or entities who were holders of CF II Class A common stock as of the Record Date that were entitled to vote to approve the Business Combination between View and CF II as set forth in the February 16, 2021 Proxy Statement. It alleged that Defendants made materially false and/or misleading statements and failed to disclose material facts about the Company's business, operations, and prospects. Specifically, View's financial statements for fiscal years ending 2019-2020 and certain quarterly periods were materially false and misleading because they failed to disclose, among other things, that View's warranty-related obligations, and the cost of revenue associated with the recognition of those liabilities, excluded expenses View incurred and expected to incur due to significant quality issues related to defective sealing components for its windows. As a result, Defendants' positive statements about the Company's business, operations, and prospects were false and materially misleading.

16.  On October 2, 2023, Defendants filed motions to dismiss the Second Amended Complaint. On November 14, 2023, Lead Plaintiff filed its opposition to Defendants' motions to dismiss. ECF No. 185. On December 8, 2023, Defendants filed replies in further support of their motions to dismiss the Second Amended Complaint. On March 14, 2024, the Court held oral argument on Defendants' motions, and on April 9, 2024, the Court issued an order granting Defendants' motions to dismiss the Second Amended Complaint without leave to amend and entered judgment for Defendants.

17.  On April 17, 2024, Plaintiffs filed a motion for reconsideration, which Defendants opposed on May 1, 2024. On May 8, 2024, Plaintiffs filed a reply in further support of their motion for reconsideration. On June 12, 2024, the Court granted Plaintiffs' motion and vacated the Judgment. On June 28, 2024, the Court issued an Amended Order on Defendants' motions to dismiss, granting in part and denying in part Defendants' motions. In particular, the Court upheld the Section 14(a) and 20(a) claims for certain Defendants. The Court granted the motion to dismiss for Defendants View, Mulpuri, and Prakash on the 10(b) claim for failure to allege scienter, and with respect to additional defendants on the related 20(a) claim.

18.  Following the Court's denial of Defendants' motions to dismiss in part, the Court set an initial case management conference for October 31, 2024. The parties began negotiating a case schedule and Lead Plaintiff served fifty-seven requests for the production of documents on Defendants on August 5, 2024.

19.  On July 12, 2024, Defendants filed a joint motion to certify the Court's Order granting reconsideration for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay

pending resolution of interlocutory appeal.  On July 26, 2024, Lead Plaintiff filed its opposition, and on August 2, 2024, Defendants filed a joint reply.  On August 8, 2024, the Court granted Defendants' motion, certifying an interlocutory appeal to the Ninth Circuit and staying the case. On August 12, 2024, Lead Plaintiff filed a motion to lift the stay for the limited purpose of seeking leave to file a surreply.  On August 14, 2024, the Court granted Lead Plaintiff's motion and confirmed its August 8, 2024 Order.

20.    On August 16, 2024, Defendants filed their petition for permission to appeal with the Ninth Circuit Court of Appeals. On August 28, 2024, Plaintiffs filed an answer opposing Defendants' petition for permission to appeal and a conditional cross-petition. After further briefing, on September 19, 2024, the Ninth Circuit granted Defendants' petition and Plaintiffs' conditional cross-petition.

## B.    The Parties' Settlement Negotiations

21.    In April of 2024, the Parties agreed to discuss a possible resolution of the Action. To facilitate their negotiations, the Parties scheduled a formal mediation with Greg Danilow of Phillips ADR Enterprises. On May 3, 2024, the parties engaged in a mediation session but did not reach an agreement to settle the Action.

22.    On September 23, 2024, the parties engaged in an additional mediation session. In advance of that session, the Parties exchanged comprehensive opening mediation briefs and supporting materials, and submitted additional reply papers and supporting materials.  The session ended without any agreement being reached.  On January 8, 2025, the Parties conducted a third mediation session, and with the assistance of Mr. Danilow, the Parties agreed to resolve the matter for $11 million. The agreement's terms were memorialized in a term sheet executed on January 22, 2025.

23.    On April 25, 2025, the Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www. viewsecuritieslitigation.com. The Parties also entered into a confidential Supplemental Agreement, which gives Defendants the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by the Parties.

24.    On _____, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

25.    If you are a member of the Settlement Class, you are subject to the Settlement unless you are excluded from the Settlement Class as set forth below. The Settlement Class consists of: (1) all persons or entities who purchased or otherwise acquired View and/or CF II securities between November 30, 2020 and May 10, 2022, inclusive (the "Class Period"); (2) all persons or entities who were holders of CF II Class A common stock as of the Record Date that were entitled to vote to approve the Business Combination as set forth in the February 16, 2021 Proxy Statement; and (3) all persons or entities who purchased or otherwise acquired View securities pursuant to or traceable to the De-SPAC Registration Statement. Excluded from the Settlement Class are Defendants; subsidiaries of any entity

Defendant; the current and/or former officers and directors of any entity Defendant; members of the Immediate Family of any Defendant; successors and assigns of any Defendant, in their capacity as such; and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are persons who solely held shares of the privately held common stock and preferred stock of Legacy View outstanding prior to closing of the Business Combination, and any persons or entities who submit a request for exclusion from the Settlement Class in connection with this Notice.

**PLEASE NOTE: Receipt of this notice does not mean that you are a Settlement Class member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class member and wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____.**

### WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

26.     The principal reason for Lead Plaintiff's consent to the Settlement is that it provides an immediate and substantial benefit to the Settlement Class, in the form of a substantial monetary recovery. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly many months, or even years, into the future.

27.     But for the Settlement, this Action would have continued on interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Had Lead Plaintiff achieved a successful result with respect to the interlocutory appeal, which was not assured, the Action would have proceeded through fact discovery, expert discovery, a motion for class certification, summary judgment motions and, depending on the outcome, trial. The claims advanced by the Settlement Class in the Action involve numerous complex legal and factual issues. If the Action were to proceed to trial, Lead Plaintiff would have to overcome significant defenses asserted by Defendants. Among other things, the Parties disagree about whether Lead Plaintiff or the Settlement Class have suffered any damages, and whether the Settlement Class would be able to prove loss causation. Even after an extensive investigation, questions remain regarding Defendants' liability or the extent thereof, and whether a jury would find them liable. This Settlement enables the Settlement Class to recover without incurring any additional risk or costs.

28.     Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also continue to believe that the claims asserted against them in the Action are without merit. Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden, and expense of further protracted litigation.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the other members of the Settlement

Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at summary judgment, trial, or on appeal, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW MUCH WILL MY PAYMENT BE?

30.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

31.  Pursuant to the Settlement, Defendants have agreed to pay $11,000,000.00 in cash. The Settlement Amount will be deposited into an interest-bearing Escrow Account. The Settlement Amount plus all interest earned thereon while in escrow is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any service awards to named plaintiffs) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation (as set forth below) or such other plan of allocation as the Court may approve.

32.  The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

33.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

34.  Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

35.  Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired View and/or CF II securities between November 30, 2020 and May 10, 2022, inclusive, or who were holders of CF II Class A common stock as of the January 27, 2021 Record Date, and were damaged as a result of such purchases and who or which are not excluded from the Settlement Class, will be eligible to share in the distribution of the Net Settlement Fund.

36.  Each Settlement Class Member wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, including all required documentation, postmarked (or submitted online) on or before _____ to the address set forth in the Claim Form that accompanies this Notice.

37.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____ shall be

fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims against the Defendant Releasees and will be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendant Releasees, whether or not such Settlement Class Member submits a Claim Form.

38.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds, the Claim of any Settlement Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

### PROPOSED PLAN OF ALLOCATION

39.    The Plan of Allocation set forth below is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website for the Settlement, www.viewsecuritieslitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

40.    The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto. To that end, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the per share price of View and CF II common stock and warrants over the course of the Class Period that was proximately caused by Defendants' allegedly materially false and misleading misrepresentations and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in View and CF II securities in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions. The calculations made pursuant to the Plan of Allocation, however, do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

41.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the investor's loss and inflation paid at the time of purchase must exceed the inflation at time of sale. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, View or CF II securities must have been either: (1) purchased during the Class Period and held through at least one of the alleged corrective disclosures that removed artificial inflation related to

the alleged fraud, or (2) held on the Record Date and held through at least one of the alleged corrective disclosures. In this case, it is alleged that on August 16, 2021 (after the close of trading), November 9, 2021 (after the close of trading), and May 10, 2022 corrective information was released to the market ("Corrective Disclosure") and partially removed artificial inflation from the price of View and CF II securities on those dates.

42.  Pursuant to this Plan of Allocation, Settlement Class Members may have a claim under Section 10(b) ("10(b) Claims") and/or Section 14(a) ("14(a) Claims") of the Securities Exchange Act of 1934.

43.  For Section 14(a) Claims, the Plan of Allocation is intended to compensate investors who owned CF II stock or units on January 27, 2021 and held through the issuance of at least one Corrective Disclosure, and have a "Recognized Loss Amount" as described below.

44.  For Section 10(b) Claims, the Plan of Allocation is intended to compensate investors who purchased or otherwise acquired CF II and/or View stock, warrants, or units during the Class Period, held through the issuance of at least one Corrective Disclosure, and have a "Recognized Loss Amount" as described below.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

45.  A "Recognized Loss Amount" will be calculated as set forth below for each eligible share of View and CF II common stock, warrants, or units that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

**I. Calculation of Recognized Loss Amount for Class Members with 14(a) Claims**[2]

For common shares or units of CF II Class A common stock held of record on January 27, 2021:[3]

A.  For Class A common shares held at the end of trading on August 8, 2022, the Recognized Loss shall be that number of shares multiplied by the lesser of:

---

[2] View, Inc. underwent a 60-for-1 reverse stock split, effective July 26, 2023. All stock prices stated herein reflect historical prices unadjusted for the split.

[3] January 27, 2021 was the ownership "Record Date" for the Special Meeting at which votes were cast on the Business Combination. CF II and Legacy View as set forth in the February 16, 2021 Proxy Statement. In order to have been a record holder on January 27, 2021, securities must have been purchased by January 25, 2021. As a result of the Business Combination, CF II changed its name to View, Inc. ("View").

CF II's units, common stock and warrants were historically quoted on Nasdaq under the symbols "CFIIU", "CFII", and "CFIIW", respectively. On March 9, 2021, the common stock and warrants outstanding after the completion of the Business Combination began trading on Nasdaq under the new trading symbols "VIEW" and "VIEWW," respectively.

In connection with the Closing, all of CF II's outstanding units separated into their component parts of one share of Class A Common Stock and one-third of one warrant to purchase one share of Class A Common Stock at a price of $11.50 per share, and CF II's units ceased trading on Nasdaq.

(1)     the applicable purchase date artificial inflation per share figure, as found in **Table A**; or

(2)     the difference between the purchase price per share and $1.64.[4]

B.     For Class A common shares sold between May 11, 2022 and August 8, 2022, the Recognized Loss shall be the lesser of:

(1)     the applicable purchase date artificial inflation per share figure, as found in **Table A**; or

(2)     the difference between the purchase price per share and the sales price per share; or

(3)     the difference between the purchase price per share and the average closing price between May 11, 2022 and the date of sale, as found in **Table B**[5].

C.     For Class A common shares sold between August 17, 2021 and May 10, 2022[6], the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)     the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in **Table A**; or

(2)     the difference between the purchase price per share and the sales price per share.

D.     For common shares sold prior to August 17, 2021, the Recognized Loss shall be zero.

**II. Calculation of Recognized Loss Amount for Class Members with 10(b) Claims**

For each common share or unit of CF II / common share of View purchased or otherwise acquired between November 30, 2020 and May 10, 2022:[7]

---

[4] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   The mean (average) closing price of VIEW common stock during the period beginning on May 11, 2022 and ending on August 8, 2022 was $1.64 per share.

[5] Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day "lookback period" (May 11, 2022 through August 8, 2022), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[6] For shares sold between August 17, 2021 and November 9, 2021, the Recognized Loss shall be multiplied by 0.5 in recognition of the Court's finding that loss causation was not pled for shares held through the August 16, 2021 disclosure that were sold prior to the November 9, 2021 disclosure.

[7] Class Members who purchased between November 30, 2020 and January 25, 2021 and who were common shares or unit owners of record on January 27, 2021 will recover only for the loss, if any, calculated pursuant to their 14(a) Claim.

A.   For common shares held at the end of trading on August 8, 2022, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (1)   the applicable purchase date artificial inflation per share figure, as found in **Table A**; or

    (2)   the difference between the purchase price per share and $1.64.

B.   For common shares sold between May 11, 2022 and August 8, 2022, the Recognized Loss shall be the lesser of:

    (1)   the applicable purchase date artificial inflation per share figure, as found in **Table A**; or

    (2)   the difference between the purchase price per share and the sales price per share; or

    (3)   the difference between the purchase price per share and the average closing price between May 11, 2022 and the date of sale, as found in **Table B**.

C.   For common shares sold between August 17, 2021 and May 10, 2022, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (1)   the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in **Table A**; or

    (2)   the difference between the purchase price per share and the sales price per share.

D.   For common shares sold prior to August 17, 2021, the Recognized Loss shall be zero.

For each whole CF II or View warrant purchased or otherwise acquired between November 30, 2020 and May 10, 2022:

A.   For warrants held at the end of trading on August 8, 2022, the Recognized Loss shall be that number of warrants multiplied by the lesser of:

    (1)   the applicable purchase date artificial inflation per share figure, as found in **Table C**; or

    (2)   the difference between the purchase price per share and $0.14.

B.   For warrants sold between May 11, 2022 and August 8, 2022, the Recognized Loss shall be the lesser of:

    (1)   the applicable purchase date artificial inflation per share figure, as found in **Table C**; or

    (2)   the difference between the purchase price per share and the sales price per share; or

    (3)   the difference between the purchase price per share and the average closing price between May 11, 2022 and the date of sale, as found in **Table D**.

C.   For warrants sold between August 17, 2021 and May 10, 2022, the Recognized Loss shall be that number of warrants multiplied by the lesser of:

    (1)   the applicable purchase date artificial inflation per share figure less the applicable

sales date artificial inflation per share figure, as found in **Table C**; or

    (2)    the difference between the purchase price per warrant and the sales price per warrant.

D.    For warrants sold prior to August 17, 2021, the Recognized Loss shall be zero.

    Recognized Loss Amounts for Class Members with 10(b) Claims determined above will be multiplied by 0.50. Among other factors, in formulating this multiplier, the Class Representatives considered the Court's dismissal of these claims and the particular challenges to being able to establish liability and damages.

    CF II / View units purchased during the Class Period (for 10(b) Claims) or held of record on January 27, 2021 (for 14(a) Claims) that were subsequently separated into their component securities prior to or in connection with the Business Combination (i.e., separated into one share of CF II / View stock and one-third of an CF II / View warrant), shall be treated as a purchase of the component securities received upon the separation of such CF II / View units at a purchase price equal to the sum of the closing price of the stock and one-third the closing price of the warrant on the day of the unit purchase.[8] Class Members who held CF II units on January 27, 2021 do not have 14(a) Claims (a Recognized Loss Amount) for the warrant component securities, but may have 14(a) Claims (a Recognized Loss Amount) for the common stock component securities.

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| All Section 14(a) Claim Purchases | $1.85 |
| 11/30/2020 – 08/16/2021 | $1.85 |
| 08/17/2021 – 11/09/2021 | $0.65 |
| 11/10/2021 – 05/10/2022 | $0.08 |

---

[8] Units purchased prior to the Class Period that were subsequently separated into their component securities during the Class Period are not securities eligible to participate in the Settlement.

1

**Table B**

2

| Date of Sale | Average Closing Price Between 05/11/2022 and Date of Sale | Date of Sale | Average Closing Price Between 05/11/2022 and Date of Sale |
|---|---|---|---|
| 5/11/2022 | $0.52 | 6/27/2022 | $1.40 |
| 5/12/2022 | $0.49 | 6/28/2022 | $1.40 |
| 5/13/2022 | $0.55 | 6/29/2022 | $1.40 |
| 5/16/2022 | $0.56 | 6/30/2022 | $1.41 |
| 5/17/2022 | $0.58 | 7/1/2022 | $1.42 |
| 5/18/2022 | $0.61 | 7/5/2022 | $1.43 |
| 5/19/2022 | $0.62 | 7/6/2022 | $1.43 |
| 5/20/2022 | $0.62 | 7/7/2022 | $1.44 |
| 5/23/2022 | $0.66 | 7/8/2022 | $1.45 |
| 5/24/2022 | $0.70 | 7/11/2022 | $1.46 |
| 5/25/2022 | $0.73 | 7/12/2022 | $1.47 |
| 5/26/2022 | $0.75 | 7/13/2022 | $1.47 |
| 5/27/2022 | $0.78 | 7/14/2022 | $1.48 |
| 5/31/2022 | $0.82 | 7/15/2022 | $1.49 |
| 6/1/2022 | $0.87 | 7/18/2022 | $1.50 |
| 6/2/2022 | $0.92 | 7/19/2022 | $1.51 |
| 6/3/2022 | $0.95 | 7/20/2022 | $1.52 |
| 6/6/2022 | $0.99 | 7/21/2022 | $1.52 |
| 6/7/2022 | $1.04 | 7/22/2022 | $1.53 |
| 6/8/2022 | $1.07 | 7/25/2022 | $1.54 |
| 6/9/2022 | $1.14 | 7/26/2022 | $1.54 |
| 6/10/2022 | $1.20 | 7/27/2022 | $1.55 |
| 6/13/2022 | $1.23 | 7/28/2022 | $1.56 |
| 6/14/2022 | $1.25 | 7/29/2022 | $1.58 |
| 6/15/2022 | $1.27 | 8/1/2022 | $1.59 |
| 6/16/2022 | $1.29 | 8/2/2022 | $1.60 |
| 6/17/2022 | $1.31 | 8/3/2022 | $1.61 |
| 6/21/2022 | $1.33 | 8/4/2022 | $1.62 |
| 6/22/2022 | $1.35 | 8/5/2022 | $1.63 |
| 6/23/2022 | $1.38 | 8/8/2022 | $1.64 |
| 6/24/2022 | $1.39 | | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table C**

|             Artificial Inflation |            |
| Purchase or Sale Date Range | Per Share |
|---|---|
| 11/30/2020 – 08/16/2021 | $0.45 |
| 08/17/2021 – 11/09/2021 | $0.27 |
| 11/10/2021 – 05/10/2022 | $0.10 |

**Table D**

| Date of Sale | Average Closing Price Between 05/11/2022 and Date of Sale | Date of Sale | Average Closing Price Between 05/11/2022 and Date of Sale |
|---|---|---|---|
| 5/11/2022 | $0.06 | 6/27/2022 | $0.16 |
| 5/12/2022 | $0.05 | 6/28/2022 | $0.16 |
| 5/13/2022 | $0.07 | 6/29/2022 | $0.16 |
| 5/16/2022 | $0.07 | 6/30/2022 | $0.16 |
| 5/17/2022 | $0.08 | 7/1/2022 | $0.15 |
| 5/18/2022 | $0.09 | 7/5/2022 | $0.15 |
| 5/19/2022 | $0.09 | 7/6/2022 | $0.15 |
| 5/20/2022 | $0.10 | 7/7/2022 | $0.15 |
| 5/23/2022 | $0.10 | 7/8/2022 | $0.15 |
| 5/24/2022 | $0.11 | 7/11/2022 | $0.15 |
| 5/25/2022 | $0.12 | 7/12/2022 | $0.15 |
| 5/26/2022 | $0.12 | 7/13/2022 | $0.15 |
| 5/27/2022 | $0.12 | 7/14/2022 | $0.15 |
| 5/31/2022 | $0.13 | 7/15/2022 | $0.15 |
| 6/1/2022 | $0.13 | 7/18/2022 | $0.14 |
| 6/2/2022 | $0.14 | 7/19/2022 | $0.14 |
| 6/3/2022 | $0.14 | 7/20/2022 | $0.14 |
| 6/6/2022 | $0.15 | 7/21/2022 | $0.14 |
| 6/7/2022 | $0.15 | 7/22/2022 | $0.14 |
| 6/8/2022 | $0.15 | 7/25/2022 | $0.14 |
| 6/9/2022 | $0.16 | 7/26/2022 | $0.14 |
| 6/10/2022 | $0.16 | 7/27/2022 | $0.14 |
| 6/13/2022 | $0.16 | 7/28/2022 | $0.14 |
| 6/14/2022 | $0.16 | 7/29/2022 | $0.14 |
| 6/15/2022 | $0.16 | 8/1/2022 | $0.14 |
| 6/16/2022 | $0.16 | 8/2/2022 | $0.14 |
| 6/17/2022 | $0.16 | 8/3/2022 | $0.14 |
| 6/21/2022 | $0.16 | 8/4/2022 | $0.14 |
| 6/22/2022 | $0.16 | 8/5/2022 | $0.14 |
| 6/23/2022 | $0.16 | 8/8/2022 | $0.14 |
| 6/24/2022 | $0.16 | | |

## **ADDITIONAL PROVISIONS**

46.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 50 below) is $10.00 or greater.

47.    For Class Members who held View and CF II securities at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First In, First Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

48.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

49.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

50.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, any of the other Plaintiff Releasees or Defendant Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants and their respective counsel,

and all other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes or Tax Expenses; or any losses incurred in connection therewith.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

51.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants. The Judgment will also provide that, upon the Effective Date of the Settlement, "Plaintiff Releasees" (a) shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (including any Unknown Claims) against the Defendant Releasees, and shall have covenanted not to sue any Defendant Releasees with respect to any Released Plaintiff's Claims (including any Unknown Claims); and (b) shall forever be permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing either directly or in any capacity, any or all of the Released Plaintiff's Claims against any of the Defendant Releasees, in any state, federal, or foreign court of law or equity, arbitration tribunal, administration forum, or other forum of any kind.

52.     "Plaintiff Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

53.     "Defendant Releasees" means Defendants, and their respective (i) attorneys; (ii) Immediate Family members; (iii) present and former parents, subsidiaries, divisions, joint ventures, related or affiliated entities, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, affiliates, insurers, coinsurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates of each of the foregoing; and (iv) current and former officers, directors, employees, members, partners, principals, agents, controlling shareholders, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, in their capacities as such; and (v) any entity in which any Defendant or any Defendant's Immediate Family member(s) has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or any Defendant's Immediate Family member(s).

54.     "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

55. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

56. "Released Plaintiff's Claims" means all claims, causes of action, rights, liabilities, actions, suits, damages, or demands of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether discoverable or undiscoverable, whether contingent or absolute, including those that are concealed or hidden, that any of the Plaintiffs or any member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of, are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that in any way arise out of, relate to, or are based upon, directly or indirectly, the purchase, acquisition, ownership, disposition, redemption, holding, transfer, sale, or voting of View and/or CF II securities during the Class Period. "Released Plaintiff's Claims" do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

57. "Unknown Claims" means any Released Plaintiff's Claims which any of the Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to enter into this Settlement, execute this Stipulation, agree to all the various releases set forth herein, or might have affected his, their, or its decision not to object to the Settlement or to the release of the Released Claims or not to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

## MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or the Released Defendants' Claims, but, upon the Effective Date, any Released Claims based upon those facts shall be barred by operation of the Judgment or the Alternative Judgment, if applicable, without regard to the subsequent discovery or existence of such different or additional facts. Each of Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

58.   Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed thirty-three and one third (33 1/3 %) of the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses incurred in an amount not to exceed $375,000.00. In addition, Lead Plaintiff and named plaintiff David Sherman will apply for awards under the PSLRA for Lead Plaintiff of up to $10,000.00 and for plaintiff David Sherman of up to $2,500.00 in reimbursement for the time that Plaintiffs dedicated to the Action. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

59.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Mehedi v. View, Inc., et. al.*, c/o RG/2, P.O. Box 59479, Philadelphia, PA 19102-9479. The request for exclusion must be received no later than October 16, 2025. You will not be able to exclude yourself from the Settlement Class after that date.

60.   Each request for exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) the person's purchases of View or CF II common stock during the Class Period, holdings of CF II Class A common stock on January 27, 2021, and purchases of View securities pursuant to or traceable to the De-SPAC Registration Statement, and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; (3) a clear and unambiguous statement that the person wishes to be excluded from the Settlement Class; and (4) must include the person's signature. A request for exclusion shall not be valid and effective unless it

provides all of this information and is received within the time stated above, or is otherwise accepted by the Court.

61.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiff's Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

62.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

63.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

64.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked (if mailed), or submitted online at** www.viewsecuritieslitigation.com**, no later than** _____. A Claim Form is included with this Notice, or you may obtain one from the website for the Settlement, www. viewsecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator, RG/2, toll-free at 1-866-742-4955. **Please retain all records of your ownership of and transactions in View and CF II securities, as they may be needed to document your Claim.** If you are excluded from the Settlement Class by definition or you submit a request for exclusion in connection with this Notice, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

65.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

66.    If you are a Settlement Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and reimbursement of Litigation Expenses or the service awards for named plaintiffs, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

**WHEN AND WHERE WILL THE COURT DECIDE
WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

67.     Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.

68.     <u>Please Note</u>: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket in the Action through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or the Settlement website, www.viewsecuritieslitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www. viewsecuritieslitigation.com.**

69.     The Settlement Fairness Hearing will be held on November 6, 2024 at 9:00 a.m. before the Honorable Beth Labson Freeman, by Zoom videoconference.  Instructions for accessing the videoconference will be made available on the case website (www.viewsecuritieslitigation.com) and on the Court's website (https://cand.uscourts.gov/judges/freeman-beth-l-blf/).   At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved and service awards paid to named plaintiffs; and (f) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

70.     You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the proposed Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, and you are a Settlement Class Member who is not requesting exclusion from the Settlement Class, you should object. Objections must be in writing. All written objections and supporting papers must (a) clearly identify the case name and number (*Mehedi v. View, Inc., et. al*., Case No. 5:21-cv-06374-BLF), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Room 2112, San Jose, CA 95113, and (c) be filed electronically or ***received*** on or before  October 16, 2025.

71.     Any objection to the Settlement must include: (1) the name, address, and telephone number

of the person objecting, signed by the objector; (2) a statement of such person's objections to any matters before the Court concerning the Settlement and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) the grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; (4) whether that person intends to present any witnesses and/or experts, the identity of any such witnesses and/or experts, and the nature of the testimony; and (5) proof of the person's membership in the Settlement Class, which proof shall include the person's purchases of View or CF II common stock, warrants, or units during the Class Period, holdings of CF II Class A common stock on January 27, 2021, and/or purchases of View securities pursuant to or traceable to the De-SPAC Registration Statement and any sales of any of these securities, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale.

72. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

73. If you wish to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is ***received*** on or before October 16, 2025. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify, the nature of the testimony, and any exhibits they intend to introduce into evidence at the Settlement Hearing. Such persons may be heard orally at the discretion of the Court.

74. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. If you decide to hire an attorney, however, it will be at your own expense and that attorney must file a notice of appearance with the Court so that the notice is ***received*** on or before October 16, 2025.

75. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

76. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT OR HELD ELIGIBLE VIEW OR CF II SECURITIES ON SOMEONE ELSE'S BEHALF?

77. If, for the beneficial interest of any person or entity other than yourself, you: (1) purchased or otherwise acquired View and/or CF II securities between November 30, 2020 and May 10, 2022, inclusive; (2) held CF II Class A common stock as of the January 27, 2021 Record

Date; or (3) purchased or otherwise acquired View securities pursuant to or traceable to the De-SPAC Registration Statement, you must either: (i) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet")[9] to forward to all such beneficial owners, and within ten (10) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Mehedi v. View, Inc., et. al*., c/o RG/2, P.O. Box 59479, Philadelphia, PA 19102-9479 within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice Packet to such beneficial owners within ten (10) calendar days after receipt thereof.

78.  If you choose the first option, *i.e.*, you elect to mail the Notice Packet directly to beneficial owners, you must retain the mailing records for use in connection with any further notices that may be provided in the Action. Upon mailing the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

79.  If you choose the second option, *i.e.*, to have the Claims Administrator mail the Notice Packets to the beneficial owners, upon full compliance with the directions above, you may seek reimbursement of your reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting such expenses.

### CAN I SEE THE COURT FILE?
### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

80.  This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the proposed Settlement, please see the Stipulation, which is available at www.viewsecuritieslitigation.com, or by contacting Lead Counsel at the address provided below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.canduscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to the Claims Administrator or Lead Counsel. Lead Counsel may be contacted at the following addresses and telephone number:

---

[9] Copies of the Notice Packet may also be obtained from the website for this Action, www.viewsecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-866-742-4955.

1

**KAPLAN FOX & KILSHEIMER LLP**

2

Laurence D. King
1999 Harrison Street, Suite 1501
3
Oakland, CA 94612

4

Jason A. Uris
800 Third Avenue, 38th Floor
5
New York, NY 10022

6

1-800-290-1952

7

8

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK
OF COURT, DEFENDANTS OR THEIR COUNSEL ABOUT THIS SETTLEMENT OR
THE CLAIM PROCESS.**

9

10

11

Dated: _____, 2025                    By Order of the Clerk of Court
United States District Court
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

1  Laurence D. King (SBN 206423)
   Blair E. Reed (SBN 316791)
2  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
3  Oakland, CA 94612
   Telephone: 415-772-4700
4  Facsimile: 415-772-4707
   lking@kaplanfox.com
5  breed@kaplanfox.com

6  *Lead Counsel for Lead Plaintiff Stadium*
   *Capital LLC, Plaintiff David Sherman, and*
7  *the Proposed Settlement Class*

8              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN JOSE DIVISION**

10  ASIF MEHEDI, Individually and on Behalf of
    All Others Similarly Situated,

11                                              Case No.: 5:21-cv-06374-BLF
                        Plaintiff,
12
                                              **PROOF OF CLAIM AND RELEASE**
13        v.

14  VIEW, INC. f/k/a CF FINANCE
    ACQUISITION CORP. II, RAO MULPURI,
15  VIDUL PRAKASH, HOWARD W.
    LUTNICK, PAUL PION, ALICE CHAN,
16  ANSHU JAIN, ROBERT J. HOCHBERG,
    CHARLOTTE S. BLECHMAN, CF
17  FINANCE HOLDINGS II, LLC, CANTOR
    FITZGERALD & CO., CANTOR
18  FITZGERALD, L.P., AND CF GROUP
    MANAGEMENT, INC.,
19
                        Defendants.
20

21  **Deadline for Submission:** _____

22  If you (1) purchased or otherwise acquired View and/or CF II securities between November 30,
    2020 and May 10, 2022, inclusive (the "Class Period"); or (2) held CF II Class A common stock as
23  of the January 27, 2021 record date (the "Record Date") that was entitled to vote to approve the
    Business Combination between View and CF II as set forth in the February 16, 2021 Proxy
24  Statement; or (3) purchased or otherwise acquired View securities pursuant to or traceable to the
    De-SPAC Registration Statement, you are a member of the Settlement Class and you could get a
25  payment from a class action settlement.

26  IF YOU ARE A SETTLEMENT CLASS MEMBER, IN ORDER TO BE ELIGIBLE TO
    RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE
27  PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM
    AND RELEASE ("CLAIM FORM") AND MAIL IT BY FIRST CLASS MAIL TO THE BELOW
28  ADDRESS, OR SUBMIT IT ONLINE AT WWW.VIEWSECURITIESLITIGATION.COM,

**POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2025**:

*Mehedi v. View, Inc., et. al*.
c/o RG/2 Claims Administration
P.O. Box 59479
Philadelphia, PA 19102-9479

YOUR FAILURE TO SUBMIT YOUR CLAIM FORM BY _____, 2025, WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES TO THE ACTION OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS ABOVE, OR ONLINE AT WWW.VIEWSECURITIESLITIGATION.COM.

## GENERAL INSTRUCTIONS

1.   This Claim Form is directed to members of the Settlement Class, as defined in the accompanying Notice.  Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶1 of the Notice.

2.   By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER, OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.   **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.   If you are a member of the Settlement Class and do not timely request exclusion, you will be bound by any judgment entered in the Action whether or not you submit a proof of claim.

5.   Use "Part II – Transactions & Holdings in View and/or CF II Securities" to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the relevant View and/or CF II securities. On this schedule, please provide all of the requested information with respect to your holdings, purchases, and sales of the specified View and/or CF II securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.

6.   You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the relevant View and/or CF II securities set forth in Part II of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the

transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in View and/or CF II securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.

7.    All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased View and/or CF II securities and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased View and/or CF II securities and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.    One Claim Form should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons or entities represented by them, and they must:

        (a) expressly state the capacity in which they are acting;

        (b) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the View and/or CF II securities; and

        (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.  If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, RG/2 Claims Administration, at the above address, by email at info@rg2claims.com, or by toll-free phone at 1-866-742-4955 , or you can visit the website maintained by the Claims Administrator, www.viewsecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

**NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at info@rg2claims.com, or visit the website for the Settlement at www. viewsecuritieslitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I - CLAIMANT INFORMATION

| Beneficial Owner's First Name | MI | | Beneficial Owner's Last Name |
|---|---|---|---|

| Co-Beneficial Owner's First Name | MI | | Co-Beneficial Owner's Last Name |
|---|---|---|---|

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1:

Address 2:

| City | State | ZIP |
|---|---|---|

| Foreign Province | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

Email Address

Account Number:

Specify one of the following:

☐ Individual(s) ☐ Corporation    ☐ UGMA Custodian    ☐ IRA ☐ Partnership
☐ Estate      ☐ Trust
☐ Other: _____

Enter Taxpayer Identification Number below for the Beneficial Owner(s).

Social Security No. (for individuals)    or    Taxpayer Identification No.
                                                (for estates, trusts, corporations, etc.)

| | |
|---|---|

## PART II - TRANSACTIONS IN VIEW AND/OR CF II SECURITIES

**Complete this Part II if and only if you purchased View and/or CF II common stock, warrants, or units during the period from November 30, 2020 through May 10, 2022, inclusive, or held CF II Class A common stock on the Record Date (January 27, 2021).**

**A. CF II Class A Common Stock Holdings On January 27, 2021:**
State the total number of shares held of CF II Class A common stock as of the January 27, 2021 Record Date (*must be documented).* If none, write "zero" or "0."

**B. Beginning Holdings of View and/or CF II Securities:**
State the total number of shares of View and/or CF II common stock, warrants, or units owned at the opening of trading on November 30, 2020, long or short (*must be documented).* If none, write "zero" or "0."

| Stock: | Warrants: | Units: |
|---|---|---|
|  |  |  |

**C. Purchases From November 30, 2020 Through May 10, 2022, Inclusive:**
Separately list each purchase (including free receipts) of View and/or CF II common stock, warrants, or units from the opening of trading on November 30, 2020 through May 10, 2022, inclusive, and provide the following information (*must be documented)*:

| Trade Date (List Chronologically) (Month/Day/Year) | Type of Security Stock (S) Warrants (W) Units (U) | Number of Securities Purchased or Acquired | Price Per Share, Warrant, or Unit | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|---|
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |
|  |  |  | $ | $ |  |

*P – Purchase, R – Received (Transfer-In)

**D. Purchases From May 11, 2022 Through August 8, 2022, Inclusive:**

State the total number of shares of View and/or CF II common stock, warrants, or units purchased from after the opening of trading on May 11, 2022 through the close of trading on August 8, 2022 (*must be documented*). If none, write "zero" or "0."[1]

| Stock: | Warrants: | Units: |
|---|---|---|
| | | |

**E. Sales From November 30, 2020 Through August 8, 2022, Inclusive:**

Separately list each sale/disposition (including free deliveries) of View and/or CF II common stock, warrants, or units during the period from November 30, 2020 through August 8, 2022, inclusive and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Type of Security Stock (S) Warrants (W) Units (U) | Number of Securities Sold | Price Per Share, Warrant, or Unit | Total Amount Received (Excluding Commissions, Taxes, and Fees) | Transaction Type (S/D)* |
|---|---|---|---|---|---|
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |

*S – Sale, D – Disposition (Transfer-Out)

---

[1] Please note: Information requested with respect to your purchases of View and/or CF II common stock from after the opening of trading on May 11, 2022 through the close of trading on August 8, 2022 is needed in order to perform the necessary calculations for your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**F. Ending Holdings of View and/or CF II Securities:**

State the total number of View and/or CF II common stock shares, warrants, and/or units owned at the close of trading on August 8, 2022, long or short (*must be documented*).

| Stock: | Warrants: | Units: |
|---|---|---|
|  |  |  |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

# RELEASE

1. By signing and submitting the Claim Form, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Plaintiff's Claim (including any Unknown Claims) against the Defendant Releasees, and covenant not to sue any Defendant Releasees with respect to any Released Plaintiff's Claims (including any Unknown Claims). I (we) hereby acknowledge that I (we) will forever be permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing either directly or in any capacity, any or all of the Released Plaintiff's Claims against any of the Defendant Releasees, in any state, federal, or foreign court of law or equity, arbitration tribunal, administration forum, or other forum of any kind.

2. "Defendant Releasees" means Defendants, and their respective (i) attorneys; (ii) Immediate Family members; (iii) present and former parents, subsidiaries, divisions, joint ventures, related or affiliated entities, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, affiliates, insurers, coinsurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates of each of the foregoing; and (iv) current and former officers, directors, employees, members, partners, principals, agents, controlling shareholders, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, in their capacities as such; and (v) any entity in which any Defendant or any Defendant's Immediate Family member(s) has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or any Defendant's Immediate Family member(s).

3. "Released Plaintiff's Claims" means all claims, causes of action, rights, liabilities, actions, suits, damages, or demands of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether discoverable or undiscoverable, whether contingent or absolute, including those that are concealed or hidden, that any of the Plaintiffs or any member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of, are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that in any way arise out of, relate to, or are based upon, directly or indirectly, the purchase, acquisition, ownership, disposition, redemption, holding, transfer, sale, or voting of View and/or CF II securities during the Class Period. "Released Plaintiff's Claims" do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4. "Unknown Claims" means any Released Plaintiff's Claims which any of the Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of

such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to enter into this Settlement, execute this Stipulation, agree to all the various releases set forth herein, or might have affected his, their, or its decision not to object to the Settlement or to the release of the Released Claims or not to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or the Released Defendants' Claims, but, upon the Effective Date, any Released Claims based upon those facts shall be barred by operation of the Judgment or the Alternative Judgment, if applicable, without regard to the subsequent discovery or existence of such different or additional facts. Each of Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

5. "Action" means *Mehedi v. View, Inc. f/k/a/ CF Finance Acquisition Corp. II, et al.*, No. 5:21-cv-06374-BLF (N.D. Cal.).

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the Releases contained herein and in the Notice and certifies (certify) as follows:

1. I (we) purchased View and/or CF II securities and was (were) damaged thereby.

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member as defined above and in the Notice, or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the

Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion.

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4. I (we) have set forth where requested above all relevant information with respect to each purchase of View and/or CF II securities during the Class Period, and each sale, if any, as well as my(our) holdings as requested. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of confirmation slips, account statements, or other documents evidencing each purchase, sale or retention of View and/or CF II securities listed above in support of our claim.

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Effective Date, as defined in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, executors, administrators, predecessors, successors and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors and assigns) of each of the "Plaintiff Releasees", as defined in the Notice.

8. I (We) warrant and represent that I (We) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part of portion hereof.

9. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

1
2

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

3
4

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE IS TRUE, CORRECT AND COMPLETE.

5
6

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

7
8

_____
(Signature)

9
10

_____
(Signature)

11
12

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

13

Date: _____

14
15
16
17

**THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.VIEWSECURITIESLITIGATION.COM, POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2025. IF MAILED, THE CLAIMS FORM SHOULD BE ADDRESSED TO:**

18
19
20

*Mehedi v. View, Inc., et. al.*
c/o RG/2 Claims Administration
P.O. Box 59479
Philadelphia, PA 19102-9479

21
22
23
24

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2025, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REMINDER CHECKLIST**

o  Please be sure to sign this Claim Form. If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.

o  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o  Do NOT use highlighter on the Claim Form or any supporting documents.

o  If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.

# EXHIBIT
# A-3

1  Laurence D. King (SBN 206423)
   Blair E. Reed (SBN 316791)
2  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
3  Oakland, CA 94612
   Telephone:  415-772-4700
4  Facsimile:  415-772-4707
   lking@kaplanfox.com
5  breed@kaplanfox.com

6  *Lead Counsel for Lead Plaintiff Stadium*
   *Capital LLC, Plaintiff David Sherman, and the*
7  *Proposed Settlement Class*

8

9                       **UNITED STATES DISTRICT COURT**
10                      **NORTHERN DISTRICT OF CALIFORNIA**
                            **SAN JOSE DIVISION**
11

12 | ASIF MEHEDI, Individually and on Behalf of | Case No.: 5:21-cv-06374-BLF
   | All Others Similarly Situated,
13 |
   |                              Plaintiff,       | **SUMMARY NOTICE OF (I) PENDENCY**
14 |                                               | **OF CLASS ACTION AND PROPOSED**
   |        v.                                     | **SETTLEMENT; (II) MOTION FOR AN**
15 |                                               | **AWARD OF ATTORNEYS' FEES AND**
   | VIEW, INC. f/k/a CF FINANCE                   | **REIMBURSEMENT OF LITIGATION**
16 | ACQUISITION CORP. II, RAO MULPURI,            | **EXPENSES; AND (III) SETTLEMENT**
   | VIDUL PRAKASH, HOWARD W.                      | **FAIRNESS HEARING**
17 | LUTNICK, PAUL PION, ALICE CHAN,
   | ANSHU JAIN, ROBERT J. HOCHBERG,
18 | CHARLOTTE S. BLECHMAN, CF
   | FINANCE HOLDINGS II, LLC, CANTOR
19 | FITZGERALD & CO., CANTOR
   | FITZGERALD, L.P., AND CF GROUP
20 | MANAGEMENT, INC.,
   |
21 |                              Defendants.

22

23 **TO:**  (1) ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED
           VIEW AND/OR CF II SECURITIES BETWEEN NOVEMBER 30, 2020 AND MAY 10,
24         2022, INCLUSIVE (THE "CLASS PERIOD"); (2) ALL PERSONS OR ENTITIES WHO
           WERE HOLDERS OF CF II CLASS A COMMON STOCK AS OF THE JANUARY 27,
25         2021 RECORD DATE (THE "RECORD DATE") THAT WERE ENTITLED TO VOTE
           TO APPROVE THE BUSINESS COMBINATION BETWEEN VIEW AND CF II AS SET
26         FORTH IN THE FEBRUARY 16, 2021 PROXY STATEMENT; AND (3) ALL PERSONS
           OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED VIEW SECURITIES
27         PURSUANT    TO   OR   TRACEABLE   TO   THE   DE-SPAC   REGISTRATION
           STATEMENT.
28

SUMMARY NOTICE EX. A-2                                          Case No. 5:21-cv-06374-BLF

1

2

3    Certain persons and entities are excluded from the Settlement Class as set forth in the Stipulation and Agreement of Settlement dated April 25, 2025 ("Stipulation") and the Notice described below.

4

5    YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, San Jose Division ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement only and that the parties to the Action have reached a proposed settlement of the Action ("Settlement"). A hearing will be held on November 6, 2025 at 9:00 a.m. before the Honorable Beth Labson Freeman, by Zoom videoconference. Instructions for accessing the videoconference will be made available on the case website (www.viewsecuritieslitigation.com) and on the Court's website (https://cand.uscourts.gov/judges/freeman-beth-l-blf/). At the Settlement Hearing, the Court will consider:: a) whether the proposed Settlement of the claims alleged in the Action for Eleven Million Dollars ($11,000,000.00), is fair, reasonable, and adequate and should be approved by the Court; b) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation; c) whether the Settlement Class should be certified for purposes of settlement; d) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; e) whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and service awards to named plaintiffs, should be approved by the Court; and f) any other relief the Court deems necessary to effectuate the terms of the Settlement. The date and time of the Settlement Hearing are subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the Settlement website, www.viewsecuritieslitigation.com to confirm that the date and time of the hearing have not changed.

16   IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.

18   If you have not received a detailed Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (iii) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain a copy by contacting the Claims Administrator by mail at *Mehedi v. View, Inc., et. al.*, c/o RG/2, P.O. Box 59479, Philadelphia, PA 19102-9479, by email at info@rg2claims.com, by telephone toll-free at 1-866-742-4955 or by the website at www.viewsecuritieslitigation.com. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail (***postmarked no later than _____***), or electronically ***no later than _____***, establishing that you are entitled to recover. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

24   If you are a Settlement Class Member, you have the right to object to the Settlement, the Plan of Allocation, or the attorneys' fee and Litigation Expense applications, or otherwise request to be heard. To object, you must submit a written objection in accordance with the procedures described in the more detailed Notice, referred to above. Any written objection must be delivered to the following recipient so that it is ***received no later than October 16, 2025*** by the Clerk's Office, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Room 2112, San Jose, CA 95113. Note that the Court can only approve or deny the Settlement, not change the terms of the Settlement.

2

1

2

3    If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than October 16, 2025***, in accordance with the procedures described in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

4

5

6

7

8    **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the address listed below:

9

10

11    Laurence D. King                                    Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**        **KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1501                     800 Third Avenue, 38th Floor
Oakland, CA 94612                                     New York, NY 10022
1-800-290-1952                                        1-800-290-1952
lking@kaplanfox.com                                   juris@kaplanfox.com

12

13

14    Dated: _____            By Order of the Clerk of Court
United States District Court
15                                          Northern District of California,
San Jose Division
16

17

18

19

20

21

22

23

24

25

26

27

28

3