IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MEHEDI, ET AL                          )   CV-21-6374-BLF
                                       )
              PLAINTIFFS,              )   SAN JOSE, CALIFORNIA
                                       )
         VS.                           )   JULY 17, 2025
                                       )
VIEW, INC. F/K/A CF FINANCE            )   PAGES 1-19
ACQUISITION CORP. II ET AL             )
                                       )
              DEFENDANTS.              )
_____       )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:      KAPLAN FOX & KILSHEIMER LLP
                        1999 HARRISON STREET, SUITE 1560
                        OAKLAND, CA 94612
                   BY:  **LAURENCE KING**

                        KAPLAN FOX & KILSHEIMER LLP
                        800 THIRD AVENUE, 38TH FLOOR
                        NEW YORK, NY 10022
                   BY:  **JASON URIS**

APPEARANCES CONTINUED ON THE NEXT PAGE

OFFICIAL COURT REPORTER:      SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

APPEARANCES CONTINUED:

FOR THE DEFENDANT:        MUNGER, TOLLES & OLSON LLP
VIEW, INC.                350 S. GRAND AVENUE, 50TH FLOOR
MULPURI                   LOS ANGELES, CA 90071
                 BY:   **JOHN BERRY**


FOR THE DEFENDANT:        WINSTON & STRAWN/CHICAGO
CANTOR DEF'S              333 SOUTH GRAND AVENUE, STE 38TH FLOOR
                          LOS ANGELES, CA 90071
                 BY:   **JEFFREY STEINFELD**


FOR THE DEFENDANT:        MORRISON & FOERSTER LLP
PRAKASH                   425 MARKET STREET, 32ND FLOOR
                          SAN FRANCISCO, CA 94105
                 BY:   **RYAN KEATS**

SAN JOSE, CALIFORNIA                    JULY 17, 2025

P R O C E E D I N G S

(COURT CONVENED AT 9:03 A.M.)

THE CLERK:  CALLING CASE 21-6374.  MEHEDI, ET AL. VERSUS VIEW, INC., ET AL.

COUNSEL, PLEASE STATE YOUR APPEARANCES, AND IF WE COULD BEGIN WITH PLAINTIFF AND THEN MOVE TO DEFENDANT.

MR. KING:  GOOD MORNING, YOUR HONOR.

LAURENCE KING FROM KAPLAN FOX FOR PLAINTIFFS.  WITH ME IS MY COLLEAGUE JASON URIS WHO WILL TAKE THE LEAD FOR US TODAY.

THE COURT:  ALL RIGHT.  THANK YOU.

GOOD MORNING, MR. URIS.

MR. URIS:  GOOD MORNING, YOUR HONOR.

MR. BERRY:  GOOD MORNING, YOUR HONOR.

IT'S JOHN BERRY FROM MUNGER, TOLLES & OLSON ON BEHALF OF VIEW, INC., WHICH IS NOW KNOWN AS VIEW OPERATIONS, LLC, AND FOR DEFENDANT RAO MULPURI.

THE COURT:  ALL RIGHT.  GOOD.  THANK YOU.

IS THAT EVERYONE?

MR. STEINFELD:  GOOD MORNING, YOUR HONOR.

JEFFREY STEINFELD OF WINSTON STRAWN ON BEHALF OF DEFENDANTS HOWARD LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT HOCHBERG, CHARLOTTE BLECHMAN, THAT WE REFER TO AS THE CANTOR INDIVIDUAL DEFENDANTS.

THE COURT:  GOOD MORNING.

MR. KEATS:  GOOD MORNING, YOUR HONOR.

RYAN KEATS ON BEHALF OF DEFENDANT VIDUL PRAKASH.

THE COURT:  GOOD MORNING.

ALL RIGHT.  WE HAVE REACHED THE POINT OF PRELIMINARY APPROVAL.  I'M GLAD TO SEE THAT.  I MUST SAY, MR. KING AND MR. URIS, THIS CASE HAS GONE THROUGH A NUMBER OF TWISTS AND TURNS TO GET US TO THIS PLACE.  YOUR PAPERS APPEAR TO BE IN GOOD ORDER.  LET ME TELL YOU HOW I WOULD LIKE TO PROCEED.

FIRST I WILL HEAR YOUR COMMENTS THAT YOU WOULD LIKE TO MAKE AND THEN I'M GOING TO WALK THROUGH THE DOCUMENTS.  I HAVE A VERY FEW TECHNICAL CORRECTIONS I WOULD LIKE YOU TO MAKE BUT YOU'VE DONE A NICE JOB WITH THE PAPERS.

SO I WILL LET YOU MAKE YOUR INITIAL COMMENTS.  MR. URIS, ARE YOU GOING TO TAKE THE LEAD ON THAT?

MR. URIS:  YES.  THANK YOU, YOUR HONOR.

AND I APPRECIATE YOUR KIND WORDS.  I WILL BE BRIEF, AS I BELIEVE WE LAID EVERYTHING OUT IN THE PAPERS.

WE ARE HERE TO ASK YOUR HONOR TO PRELIMINARILY APPROVE THE PROPOSED $11 MILLION CASH SETTLEMENT OF THIS ACTION.  THE INITIAL COMPLAINT WAS FILED ALMOST FOUR YEARS AGO IN AUGUST OF 2021, SINCE THEN THE COMPLAINT HAS BEEN AMENDED TWICE AND EACH AMENDED COMPLAINT WAS SUBJECT TO EXTENSIVE BRIEFING ON SEPARATE MOTIONS TO DISMISS FROM EACH OF THE PLAINTIFF GROUPS.

AFTER INITIALLY GRANTING THE MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND ENTERING JUDGEMENT FOR THE DEFENDANTS,

YOUR HONOR GRANTED PLAINTIFF'S MOTION FOR RECONSIDERATION AND ISSUED AN AMENDED ORDER GRANTING IN PART AND DENYING IN PART THE MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT.

DEFENDANTS THEN MOVED TO CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S ORDER GRANTING RECONSIDERATION, WHICH YOUR HONOR GRANTED.  FOLLOWING BRIEFING BEFORE THE NINTH CIRCUIT MOTION PANEL, THE NINTH CIRCUIT AGREED TO HEAR DEFENDANTS' INTERLOCUTORY APPEAL AND PLAINTIFF'S RELATED CROSS-APPEAL.

I WILL ALSO NOTE THIS WAS ACTUALLY THE SECOND TIME WE WERE BEFORE THE NINTH CIRCUIT IN THIS CASE.

THE COURT:  YES.

MR. URIS:  DEFENDANT VIEW ALSO WENT THROUGH BANKRUPTCY IN THE SPRING OF 2024.  WHILE PLAINTIFF'S MOTION FOR RECONSIDERATION WAS STILL PENDING, PLAINTIFF FILED AN EXTENSIVE OBJECTION TO THE PREPACKED PLAN OF REORGANIZATION BEFORE THE BANKRUPTCY COURT SEEKING TO THE PRESERVE VARIOUS CLAIMS AND CAUSES OF ACTION AGAINST MANY OF THE DEFENDANTS IN THIS CASE WHICH WOULD HAVE OTHERWISE BEEN RELEASED.

ADDITIONALLY IN THE FALL AND WINTER OF 2024, THE PARTIES IN A PROPOSED CLASS ACTION IN DELAWARE CHANCERY COURT BRINGING CLAIMS FOR BREACH OF FIDUCIARY DUTY AGAINST CERTAIN OF THE DEFENDANTS IN THIS ACTION, SOUGHT APPROVAL OF A SETTLEMENT AGREEMENT IN THAT ACTION.

PLAINTIFFS SIMILARLY UNDERTOOK VARIOUS EFFORTS TO ENSURE THE CLAIMS IN THIS ACTION WOULD NOT BE RELEASED AS A RESULT OF

THAT SETTLEMENT. ULTIMATELY, IT WAS ONLY AFTER THREE SEPARATE MEDIATION SESSIONS OVER THE COURSE OF MANY MONTHS, AND AS THE PARTIES WERE PREPARING THEIR RESPECTIVE APPEALS BEFORE THE NINTH CIRCUIT MERITS PANEL, THAT THE PARTIES AGREED TO SETTLE THIS ACTION.

WE THINK IT IS A VERY GOOD SETTLEMENT CONSIDERING THE RISKS SET FORTH IN THE PAPERS AND ALSO THE IMMEDIATE BENEFIT PROVIDED TO THE CLASS.

AND OF COURSE, IF YOU HAVE ANY QUESTIONS, YOUR HONOR, I'M HAPPY TO ANSWER THEM.

THE COURT: THANK YOU.

WELL I WILL TELL YOU THAT THE ISSUE THAT YOU WERE HOPING TO TAKE TO THE NINTH CIRCUIT THAT NOW GOES BY THE BOARDS IS ONE THAT I HAD HOPED WE WOULD GET SOME CLARITY FROM THE NINTH CIRCUIT ON.

SO I WAS -- AND I APPROVED THAT CERTIFICATION OF AN INTERLOCUTORY APPEAL BECAUSE IT WAS SUCH A VEXING ISSUE, HOWEVER IT'S ALWAYS BETTER FOR THE PARTIES TO RESOLVE THE CASE, SO I COMMEND YOU FOR BEING ABLE TO DO THAT, AND MAYBE SOME DAY IN THE FUTURE THE NINTH CIRCUIT WILL HAVE THE OPPORTUNITY TO HELP THE DISTRICT COURTS TO DEAL WITH THAT ISSUE, BUT NOT IN THIS CASE.

I THINK WE'VE ALL LEARNED OR BEEN ABLE TO TEACH OTHERS A LOT ABOUT SECURITIES LAW THROUGH THIS CASE, AND I CERTAINLY THINK THAT THE PLAINTIFFS HAVE HUNG IN THERE THROUGH THICK AND

THIN IN THIS CASE, SO I'M REALLY DELIGHTED THAT YOU ARE BRINGING THIS TO A SETTLEMENT.

I THINK THAT THE PROPOSED SETTLEMENT LOOKS GOOD.

MR. BERRY, OR ANY OF THE OTHER DEFENSE COUNSEL, DID YOU WISH TO SAY ANYTHING ABOUT THE MERITS OF THIS SETTLEMENT?

MR. BERRY:  I DON'T THINK I HAVE ANYTHING TO ADD, YOUR HONOR, OTHER THAN OBVIOUSLY MY CLIENTS ARE HAPPY TO RESOLVE THIS MATTER AT THIS POINT.

THE COURT:  GOOD.  GOOD.

ANY OF THE OTHER DEFENSE COUNSEL?

MR. STEINFELD:  NOT AT THIS TIME, YOUR HONOR.

THE COURT:  ALL RIGHT.

SO WHAT I WOULD LIKE TO DO IS GO THROUGH SOME OF THE DOCUMENTS AND THEN I CAN MAKE SOME OF MY FINDINGS ON THE PRELIMINARY APPROVAL.

I'M GOING TO START WITH THE SETTLEMENT AGREEMENT, IT'S CALLED STIPULATION AND AGREEMENT OF SETTLEMENT AT ECF 246-1. SOME OF THESE ARE QUESTIONS, NOTHING I'M GOING TO GO OVER, I THINK IN ANY WAY IMPERILS THE SETTLEMENT, AND I DON'T THINK YOU NEED TO GO BACK AND GET NEW SIGNATURES, I REALLY LOOK FOR CONSISTENCY, AND OF COURSE I HAVE TO LOOK AT THE RELEASES VERY CAREFULLY, AND I HAVE NO TROUBLE WITH THE RELEASES.

SO I'M STARTING ON PAGE 5 OF THE SETTLEMENT AGREEMENT. THIS IS MORE -- AND PARAGRAPH 1(B), ALTERNATIVE JUDGMENT.  I'VE NEVER SEEN THAT TERM BEFORE.  I THOUGHT THAT WAS CURIOUS.  I'M

NOT GOING TO SIGN SOMETHING CALLED AN ALTERNATIVE JUDGMENT, I'M GOING TO SIGN A JUDGMENT IN THIS CASE REGARDLESS OF WHAT IT SAYS.

SO I DON'T THINK THAT AFFECTS THESE PAPERS, BUT I RECOGNIZE THAT YOU GOT A PROPOSED JUDGMENT AND IF I DO SOMETHING DIFFERENT, THEN YOU WANTED TO TAG IT THAT WAY, BUT NO DOCUMENT I SIGN WILL BE CALLED THAT, SO IS THAT GOING TO CAUSE YOU A PROBLEM?

MR. URIS:  I DON'T BELIEVE THAT WOULD CAUSE ANY PROBLEM, I THINK THAT WAS JUST A REFERENCE TO ACKNOWLEDGE THAT WHATEVER YOUR HONOR ULTIMATELY SIGNS MAY NOT BE EXACTLY WORD-FOR-WORD THE SAME AS WHAT WAS SUBMITTED AS ATTACHED TO THE SETTLEMENT STIPULATION.

THE COURT:  OKAY.

AND IN SUCH A JUDGMENT, I WOULD HAVE NO PROBLEM WITH A FOOTNOTE THAT INDICATES THAT THIS JUDGMENT IS WHAT'S REFERRED TO IN THE SETTLEMENT AGREEMENT AS "ALTERNATIVE JUDGMENT" THAT I DON'T HAVE A PROBLEM, BUT IT WAS JUST SOMETHING I HAD NEVER SEEN.

OKAY.  I WANT TO MOVE ON THEN TO PAGE -- WHERE I OFTEN FIND INCONSISTENCIES ARE WITH MAIL AND E-MAIL RECEIPT DATES.

SO I'M LOOKING AT PAGE 21 AT PARAGRAPH 30(A), SO THIS IS REGARDING AN AUTHORIZED CLAIMANT.  THE CLAIMANT IS REQUIRED TO SUBMIT A CLAIM IN PAPER FORM OR ELECTRONIC FORM, AND I THINK THAT'S FINE.  NO, I THINK I HAVE NO QUESTION ON THAT, SORRY.

PAGE 24.  I HAVE NEVER SEEN WHAT YOU HAVE IN PARAGRAPH 34, "NO PERSON OR ENTITY SHALL HAVE ANY CLAIM AGAINST LEAD PLAINTIFF, LEAD COUNSEL OR CLAIMS ADMINISTRATOR."  I'VE NEVER SEEN THAT BEFORE.

DO YOU HAVE THAT PARAGRAPH, MR. URIS?

MR. URIS:  YES, SORRY, I WAS JUST TAKING A LOOK AT THAT LANGUAGE.

I BELIEVE THIS IS SOMEWHAT RELATED TO YOUR TYPICAL RELEASE THAT IS PROVIDED BY DEFENDANTS RELATED TO THE LITIGATION, ALTHOUGH I UNDERSTAND THAT --

THE COURT:  BUT THIS SAYS "NO PERSON OR ENTITY." THAT'S WHY I'M JUST QUESTIONING IT, AND I DON'T THINK THE RELEASE ITSELF COVERS THIS.  SO I JUST DON'T KNOW WHAT THIS IS.

MR. URIS:  YEAH, I THINK -- AND IT'S A GOOD QUESTION, YOUR HONOR, I THINK THIS IS INTENDED TO BE SOMEWHAT OF A CATCH-ALL, TO THE EXTENT IF YOUR TYPICAL RELEASE PROVIDED BY DEFENDANTS ARGUABLY DOESN'T COVER CLAIMS BY SOME OTHER PERSON OR ENTITY THAT DOESN'T FALL WITHIN THE DEFENDANT GROUP PROVIDING THE RELEASE.

THE COURT:  SO I'M NOT SUGGESTING IT WOULD EXIST, BUT IF FOR EXAMPLE MR. SHERMAN WERE TO DECIDE THERE WAS MALPRACTICE, THIS SETTLEMENT AGREEMENT WOULD SAY THAT THERE'S NO CLAIM, AND I GUESS MR. SHERMAN ACTUALLY HAS TO SIGN THIS, AS DOES STADIUM.

SO I DON'T KNOW WHAT YOU MEANT BY IT, AND I DON'T KNOW --

MR. URIS:  I THINK IF YOUR HONOR HAS TROUBLE WITH THIS LANGUAGE, I THINK THIS IS LANGUAGE THAT WE COULD TAKE OUT, ASSUMING IT'S OKAY WITH DEFENDANTS, THAT WE CAN TAKE OUT OF THE SETTLEMENT AGREEMENT.

THE COURT:  OKAY.  SO IT LOOKS LIKE -- IF YOU JUST WANT THIS TO BE A BAR OF THE NAMED PARTIES, STADIUM AND SHERMAN -- WELL I DON'T EVEN KNOW IF THAT -- I WOULD RATHER JUST TAKE IT OUT.

MR. URIS:  OKAY.  PLAINTIFFS ARE OKAY WITH THAT.

MR. KEATS:  YOUR HONOR, BECAUSE DEFENDANTS HAVE NO INVOLVEMENT IN THE POINT OF ALLOCATION AND/OR THE DISTRIBUTION OF THE SETTLEMENT FUNDS, TYPICALLY THE DEFENDANTS DO INCLUDE A PROVISION THAT MAKES CLEAR THAT THERE'S NO LIABILITY WITH RESPECT TO ANY OF THEM AS TO THE DISTRIBUTION OF THOSE FUNDS OR THE PLAN OF ALLOCATION.

THE COURT:  THAT WOULD BE FINE.

MR. KEATS:  OKAY.  THANK YOU, YOUR HONOR.

THE COURT:  SO IF YOU WANT TO REWRITE 34 TO SAY THAT, BUT THIS WOULD BE ABSOLVING PLAINTIFF'S COUNSEL AND THE CLAIMS ADMINISTRATOR.

OKAY.  SO WE WILL MOVE ON FROM THAT.  YOU WILL SUBMIT TO ME A NEW VERSION WITH THAT AMENDED.

OKAY.  LET ME THEN GO ON.

WHAT I GENERALLY DO, MR. URIS, IS WHEN WE GET TO THE END OF THIS, I'M GOING TO HAVE YOU MODIFY THE PROPOSED ORDER,

PARTLY JUST TO FILL IN DATES, AND IF THERE'S ANYTHING ELSE THAT NEEDS TO BE MODIFIED, AND AS SOON AS YOU SUBMIT THAT TO ME, I WILL SIGN IT.  SO THE SPEED AS WHICH WE DO THIS IS IN YOUR HANDS AND NOT MINE.

SO IN LOOKING AT YOUR PROPOSED ORDER, THERE ARE ALL KINDS OF DATES THAT YOU WILL BE ABLE TO FILL IN AFTER TODAY'S HEARING AND YOU WILL BE ABLE TO ADD THE CLAIMS ADMINISTRATOR'S NAME.  I JUST NOTED -- I NOTED AT PAGE 3 OF THE PROPOSED ORDER, PARAGRAPH 6(A), IT LOOKS LIKE THIS SAYS THAT THE NOTICE WILL BE SENT BY MAIL ONLY, AND I BELIEVE IN THE NOTICE YOU ALSO HAVE E-MAIL.

MR. URIS:  THAT THE NOTICE WILL BE SENT BY E-MAIL?  I DON'T BELIEVE SO.  I COULD BE MISTAKEN.

THE COURT:  SO I THINK THAT THE -- AND IT MAY BE THE SHORT FORM NOTICE IS GOING TO BE E-MAILED.

MR. URIS:  SO THE SHORT FORM NOTICE IS GOING TO BE PUBLISHED, SO THAT WILL BE PUBLISHED OVER NEWS FLIER AND INVESTORS BUSINESS DAILY BUT I DON'T THINK IT WAS CONTEMPLATED THAT THE SHORT NOTICE WOULD BE E-MAILED.

THE COURT:  OKAY.  SO IT'S ONLY BY MAIL.  OKAY.  AND MAIL IS CERTAINLY GOOD.  OKAY.  THANK YOU FOR CLARIFYING THAT.

LET ME GO ON TO THE NOTICE ITSELF.

ALL RIGHT.  SO I NOTICE IN THE CHART ON PAGE 4 THAT THE CLAIM FORM CAN BE -- SAYS THAT IT MUST BE POSTMARKED NO LATER THAN, BUT IN FACT YOU ARE ALLOWING ELECTRONIC SUBMISSION.  SO I

THINK THIS WAS AN ERROR.

MR. URIS:  I BELIEVE IT EITHER HAD TO BE -- TO THE EXTENT IT WAS MAILED, IT HAS TO BE POSTMARKED BY A CERTAIN DATE OR SUBMITTED ONLINE, SUBMITTED BY THAT SAME DATE.

THE COURT:  THAT'S RIGHT.  SEE IN THE ALL CAPS, SUBMIT A CLAIM FORM ONLINE OR --

MR. URIS:  YES.

THE COURT:  OH, OKAY.  GOT IT.  THEN I THINK THAT'S FINE.

THEN IN -- FOR THE EXCLUSION, IT SAYS "RECEIVE NO LATER THAN," SO DOES RECEIVED INCLUDE POSTMARKED?

MR. URIS:  IT DOES NOT, I THINK THIS CONTEMPLATES THAT THE CLAIM FORMS CAN BE POSTMARKED OR SUBMITTED ONLINE BY A CERTAIN DATE, BECAUSE USUALLY THE CLAIMS ARE LESS CONSEQUENTIAL THAN AN EXCLUSION OR AN OBJECTION, SO I THINK THE INTENT HERE WAS TO SET A FIRM DATE BY WHICH EXCLUSIONS, AND THEN BELOW THAT OBJECTIONS WOULD BE RECEIVED.

THE COURT:  SO IF THE DATE IS JANUARY 1ST AND I MAIL IT ON DECEMBER 29TH BUT IT GETS HUNG UP IN THE MAIL, I'M JUST OUT OF LUCK.

MR. URIS:  YES, THAT WOULD BE THE INTENT.

BUT YOU KNOW, CERTAINLY WITH RESPECT TO OBJECTIONS, OUR GENERAL PRACTICE IS TO ADDRESS ANY OBJECTIONS EVEN IF THEY ARE A FEW DAYS LATE, BUT THIS IS AN ATTEMPT TO TRY TO CREATE A CLEAR DEADLINE.

THE COURT:  OKAY.

IN PARAGRAPH 14 ON CY PRES, CERTAINLY THE PROCESS OF DETERMINING WHEN IT'S COST EFFECTIVE TO REDISTRIBUTE IS FINE, BUT YOU HAVEN'T IDENTIFIED AN ORGANIZATION AND I DON'T NEED YOU TO DO THAT, BUT I NEED TO APPROVE THE CY PRES ORGANIZATION, SO ULTIMATELY YOU WILL HAVE TO COME BACK TO ME FOR APPROVAL.

MR. URIS:  YES, YES.

THE COURT:  OKAY.  AS LONG AS THAT'S UNDERSTOOD.

MR. URIS:  YES.  AND WE DO STATE THAT IN THE LAST SENTENCE OF PARAGRAPH 49.

THE COURT:  YES.

THIS IS ONE CHANGE THAT'S INSIGNIFICANT, ON PAGE 2 OF THE -- THAT'S THE SHORT NOTICE, LET ME SEE WHAT DOCUMENT I HAVE -- ON THE SUMMARY NOTICE, IT IDENTIFIES COURTROOM 3 OF OUR COURTHOUSE AND I'M IN COURTROOM 1, VERY SMALL CHANGE.

MR. URIS:  WE WILL MAKE THAT CHANGE, YOUR HONOR.

THE COURT:  THE PROOF OF CLAIM WAS FINE.  AND YOU MENTIONED TO ME THE SUMMARY NOTICE IS GOING TO BE PUBLISHED, THAT'S THE PURPOSE OF IT.

MR. URIS:  YES.

THE COURT:  OKAY.  THAT SOUNDS FINE.

OKAY.  YOU MIGHT WANT TO ADD IN THE -- ANY OBJECTORS, THAT I MAY CHOOSE TO HAVE THE HEARING BY VIDEO CONFERENCE.  I DO THAT BECAUSE FRANKLY AT THIS STAGE OF THE PROCEEDING, NONE OF THE LAWYERS ARE GETTING PAID, AT LEAST NOT THE PLAINTIFF'S

LAWYERS, YOU HAVE ALREADY WORKED THAT INTO THE AGREEMENT, SO I TRY TO CUT DOWN ON THE COST FOR ALL OF YOU.

SO IF YOU WANT TO ADD, "OR BY VIDEO CONFERENCE," AND THEN THAT WILL BE POSTED ON THE COURT'S WEBSITE.

MR. URIS:  OKAY.  WE WILL DO THAT.

THE COURT:  OKAY.  AS I SAID, THESE PAPERS ARE IN REALLY GOOD SHAPE.  SO IN TERMS OF THIS PRELIMINARY APPROVAL, I WILL APPROVE APPOINTING STADIUM CAPITAL AND DAVID SHERMAN AS LEAD PLAINTIFFS AND KAPLAN FOX AS LEAD COUNSEL.  I WILL PRELIMINARILY APPROVE THE SETTLEMENT CLASS.  I WILL -- I FIND THAT THIS SETTLEMENT FALLS WITHIN A RANGE OF POSSIBLE APPROVAL, AND FRANKLY IT'S REALLY QUITE A GOOD SETTLEMENT, I THINK, BASED ON OTHERS THAT YOU'VE IDENTIFIED FOR ME.

I WILL APPROVE RG2 AS CLAIMS ADMINISTRATOR.  I APPRECIATE THAT YOU USED A COMPETITIVE BID PROCESS.  I WILL REQUIRE -- WELL LET ME BACK UP.  THERE IS AN ESTIMATED COST THAT'S BEEN IDENTIFIED BY THE CLAIMS ADMINISTRATOR.  I FULLY UNDERSTAND THAT THEY CAN'T KNOW THE COST UNTIL THEY SEE THE CLAIMS AND THE NATURE OF THE CLAIMS, HOWEVER, I AM GOING TO APPROVE THIS AMOUNT AND ANY -- GIVE YOU THE LATITUDE TO PAY ANYTHING UP TO TEN PERCENT MORE, ANYTHING ABOVE THAT I WILL SIMPLY -- IT WILL HAVE TO BE APPROVED BY ME.  AND SO IT'S COMMON IN SECURITIES CASES THAT IT DOES GET HIGHER BUT YOU NEVER KNOW.

SO I DON'T NEED TO DEAL WITH A VERY SMALL VARIANCE, BUT IF IT GETS ABOVE -- REALLY IF IT GETS INTO THE $20,000 RANGE ABOVE

THE TEN PERCENT, I NEED TO SEE IT AGAIN.  AND THEN IT WILL JUST BE A DECLARATION BY THEM EXPLAINING WHY THEIR ESTIMATE WAS INCORRECT.  THEY KNOW HOW TO DO THAT.  THEY ARE USED TO IT.

MR. URIS:  UNDERSTOOD, YOUR HONOR.

THE COURT:  OKAY.  YOU ARE GOING TO BE REQUESTING FEES OF UP TO 33 1/3 PERCENT.  THAT IS HIGH FOR ME, BUT NOT IN THIS KIND OF CASE.  I UNDERSTAND THAT YOU EXPECT THAT YOUR LODESTAR WILL EXCEED THAT AMOUNT.  AND IN SETTLEMENTS THAT ARE RELATIVELY SMALL IN A CASE OF THIS COMPLEXITY AND THE AMOUNT OF WORK YOU HAD TO DO, THIS IS LOOKING REASONABLE.

WE WILL SEE IF THERE ARE ANY OBJECTORS WHO THINK OTHERWISE, BUT I HAVE BEEN ON THIS RIDE WITH YOU FROM THE BEGINNING SO I KNOW HOW MUCH WORK HAS GONE INTO THIS CASE, SO I DON'T EXPECT THAT TO BE A PROBLEM.

YOUR DEPOSITS LOOK REASONABLE.  THE INCENTIVE AWARD, I APPRECIATE THAT MR. SHERMAN -- THE REQUEST FOR MR. SHERMAN IS MODEST AND I THINK THAT'S APPROPRIATE AND THAT LOOKS JUST FINE.

SO THAT'S ALL THAT I HAVE.  AND I THINK THE LAST THING WE NEED TO DO IS SET A FINAL APPROVAL DATE.  I WOULD BE ABLE TO DO THIS BEFORE THE END OF THE YEAR, I THINK THAT'S WHAT YOU HAD IN MIND.

MR. URIS:  YES.  I THINK IN THE PAPERS WE HAD SUGGESTED NO SOONER THAN 75 DAYS FROM THE PRELIMINARY APPROVAL ORDER, BUT YES, CERTAINLY I THINK IT'S PROBABLY SUBJECT TO YOUR HONOR'S AVAILABILITY.

THE COURT:  OH, YOU THINK 75 DAYS?  I'M GOING TO ASSUME YOU ARE GOING TO TURN AROUND THAT PROPOSED ORDER BY TOMORROW AND I WILL SIGN IT.  YOU CAN DO THIS IN SIX WEEKS?

MR. URIS:  I THINK THAT WOULD BE THE MINIMUM AMOUNT OF TIME WE NEED.  I THINK SOMETHING LIKE 90 DAYS WOULD BE A BIT SAFER.  BUT YEAH, CERTAINLY IT'S SUBJECT TO THE COURT'S AVAILABILITY.  AND I JUST WANT TO NOTE THE DEADLINE FOR THE CLAIMS PERIOD, I BELIEVE WOULD OCCUR 140 DAYS AFTER THE ISSUANCE OF THE PRELIMINARY APPROVAL ORDER.

THE COURT:  THAT'S THE DATE I WAS LOOKING FOR.

MR. URIS:  BUT WE CAN CERTAINLY HAVE THE FINAL APPROVAL HEARING BEFORE THAT, BUT THAT'S SOMETHING I CAN LEAVE UP TO YOUR HONOR AS TO WHETHER OR NOT YOU WOULD PREFER THAT CLAIMS PERIOD TO FULLY RUN BY THE TIME OF THE FINAL APPROVAL HEARING.

THE COURT:  SO WHAT DO YOU THINK ON THAT, MR. URIS?  I'M INDIFFERENT ON IT, BUT YOU'RE THE ONE WHO HAS TO WEATHER AN APPEAL.

SO AS I SAY, I CAN SET THIS IN OCTOBER, EARLY NOVEMBER OR LATER, WHY DON'T YOU TELL ME.

MR. URIS:  YEAH.  I THINK EARLY NOVEMBER WOULD WORK FOR US.

THE COURT:  OKAY.

TIFFANY, DO WE HAVE A THURSDAY IN EARLY NOVEMBER?

THE CLERK:  YES, YOUR HONOR.  NOVEMBER 6TH.

THE COURT:  NOVEMBER 6TH.

AND WOULD YOU LIKE TO DO THIS REMOTELY AGAIN?

MR. URIS:  YES, I BELIEVE THAT WOULD BE PLAINTIFF'S PREFERENCE.

THE COURT:  ANY OF THE DEFENDANTS OBJECT?

MR. BERRY:  NO, YOUR HONOR, THAT WOULD BE ACTUALLY BE OUR PREFERENCE AS WELL.

THE COURT:  YOU CAN CHANGE YOUR NOTICE TO SAY IT WILL BE DONE BY VIDEO CONFERENCE.  OKAY.  THAT'S WHAT WE WILL DO.

MR. URIS:  YOUR HONOR, I HATE TO GO BACK TO THE DOCUMENTS.  I DID HAVE ONE MINOR NIT ON THE NOTICE AND ON THE PRELIMINARY APPROVAL ORDER THAT I THINK IF YOUR HONOR AGREES, IT MAY BE WORTH CORRECTING RATHER THAN --

THE COURT:  OKAY.

MR. URIS:  ALSO ON THE NOTICE, THE LONG NOTICE, IN PARAGRAPH 70, AT THE VERY END OF PARAGRAPH 70, THIS CONCERNS SUBMITTING OBJECTIONS TO THE COURT.  AND THE LAST SENTENCE, THE LAST LINE IT SAYS UNDER C, "TO BE FILED OR POSTMARKED" WHICH AS WE DISCUSSED EARLIER, WE WERE NOT CONTEMPLATING A POSTMARK DATE FOR OBJECTIONS, SO I WOULD SUGGEST CHANGING THAT FROM "FILED OR POSTMARKED" TO JUST "RECEIVED," TO BE CONSISTENT WITH WHAT WE HAD EARLIER IN THE NOTICE.

THE COURT:  SO WE CAN SAY "RECEIVED" AND THAT'S FINE, SINCE IT'S WITH THE COURT, YOU CAN ALSO SAY "FILED."

YOU SAY IN B, "SUBMITTED TO THE COURT EITHER BY FILING

THEM ELECTRONICALLY OR IN PERSON," AND THEN YOU SAY C, "BE FILED ON OR BEFORE" -- SO JUST MAKE SURE IF YOU CHANGE IT TO "RECEIVED," YOU HAVE TO CHANGE B AS WELL.  IT SAYS "SUBMITTED EITHER BY FILING THEM ELECTRONICALLY OR IN PERSON."

SO WE'VE GOT "SUBMITTED" AND "FILED" AND THEN "RECEIVED." SO WE HAVE GOT -- I JUST NEED YOU TO PICK A WORD.

MR. URIS:  OKAY.  WE WILL DO THAT.

AND THEN ON THE PRELIMINARY APPROVAL ORDER, I NOTICED IN PREPARING FOR THE HEARING THAT WITH RESPECT TO THE OBJECTIONS, WE STATE IN THE PRELIMINARY APPROVAL ORDER THAT THOSE FILINGS SHOULD BE SERVED UPON THE COURT AND COUNSEL TO THE PARTIES, AND I BELIEVE THAT THE NORTHERN DISTRICT GUIDELINES STATE THAT THOSE OBJECTIONS SHOULD ONLY BE SUBMITTED TO THE COURT.

SO I WOULD SUGGEST WE TAKE OUT THE LANGUAGE ABOUT SUBMITTING THOSE TO THE PARTIES.

THE COURT:  AND WHAT PARAGRAPH?  OF THE PRELIMINARY ORDER, WHAT PARAGRAPH?

MR. URIS:  THAT IS PARAGRAPH --

THE COURT:  PARAGRAPH 14?

MR. URIS:  IT'S ACTUALLY IN PART OF PARAGRAPH 13 AS WELL.  ON PAGE 6, LINE 1, "FILE WITH THE COURT AND SERVE ON THE PARTIES LISTED BELOW" AND THEN IT SAYS THE SAME THING IN LINE 13.

THE COURT:  YEAH.  FILE WITH THE COURT.  SO JUST TAKE OUT, "AND SERVE THE PARTIES."

MR. URIS:  RIGHT.  AND THAT WAS --

THE COURT:  -- WELL I THINK THAT'S A GOOD IDEA. SOMETIMES THE LAWYERS WANT TO MAKE THE OBJECTORS WORK HARDER SO THEY HAVE THEM SERVE IT, BUT I APPRECIATE THAT.

"FILED WITH THE COURT."  GOOD.  OKAY.  I THINK THAT'S GOOD.

ALL RIGHT.  SO WOULD YOU FILE IT IN THE DOCKET AND NOT THE PROPOSED ORDER BOX BECAUSE I WILL GET IT RIGHT AWAY IF IT'S ON THE DOCKET.

MR. URIS:  YES, WE WILL DO SO.

THE COURT:  OKAY.  I THINK THAT'S EVERYTHING THEN. THANK YOU ALL FOR THE HARD WORK ON THE CASE.  I WILL SEE YOU IN NOVEMBER.

MR. URIS:  THANK YOU, YOUR HONOR.

THE COURT:  ALL RIGHT THANK YOU ALL.

MR. BERRY:  THANK YOU, YOUR HONOR.

MR. KEATS:  THANK YOU, YOUR HONOR.

MR. STEINFELD:  THANK YOU, YOUR HONOR.

(THE PROCEEDINGS WERE CONCLUDED AT 9:33 A.M.)

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____

SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185


DATE:  8/5/25