Angel Marti III (SBN 305300)
AMarti@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 892 - 7900
Facsimile: (213) 892-7999

Rafael Rivera, Jr. (*Pro Hac Vice* – Pending)
rafaelrivera@cozen.com
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Telephone: (212) 453-3879
Facsimile: (646) 588-1372

*Attorneys for Defendant*
*StarStone Specialty  Insurance Company*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| STARSTONE SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> VIEW OPERATING CORPORATION, F/K/A VIEW, INC. AND VIDUL PRAKASH, <br><br> Defendants. | Case No.: 5:25-cv-06485 <br><br> **STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP** |

Pursuant to Northern District Civil Local Rule 3-12(e) and Local Rule 7-11, Plaintiff, StarStone Specialty Insurance Company ("StarStone"), submits the following Response in Support of the Sua Sponte Judicial Referral for Purpose of Determining Relationship filed by U.S. Magistrate Judge Nathanel M. Cousins (ECF Doc. 7), and states as follows:

1. On August 1, 2025, StarStone filed the above-captioned lawsuit against Defendants View Operating Corporation, f/k/a a private company called View, Inc. ("Private View"), and Vidul

- 1 -
STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP

Prakash, who was Private View's chief financial officer ("StarStone's Coverage Lawsuit"). (ECF No. 1)

2. The complaint seeks a declaration that a Management and Professional Liability Follow Form Excess Liability Insurance Policy issued to Private View ("StarStone Policy") does not afford defense or indemnification coverage to Private View and Prakash in connection with two underlying lawsuits: (1) *Mehedi v. View, Inc. f/k/a CF Finance Acquisition Corp. II, et al.*, No. 5:21-cv-06374, U.S. District Court for the District of Northern California ("Mehedi Lawsuit"); and (2) *SEC v. Prakash*, No. 5:23-cv-03300, U.S. District Court for the District of Northern California ("SEC Lawsuit"). (ECF No. 1, ¶ 2)

3. The complaint also seeks a declaration that the StarStone Policy does not afford coverage for costs incurred in responding to third-party discovery subpoenas issued in the SEC Lawsuit. (ECF No. 1, ¶ 3)

4. On August 4, 2025, Judge Cousins ordered that StarStone's Coverage Lawsuit be referred to the Honorable Beth Labson Freeman for consideration of whether the case is related to the Mehedi Lawsuit for purposes of Civil Local Rule 3-12(c). (ECF Doc. 7)

5. Pursuant to Civil Local Rule 3-12, "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

6. Solely for purposes of Civil Local Rule 3-12(c), StarStone supports the Sua Sponte Judicial Referral for Purpose of Determining Relationship filed by U.S. Magistrate Judge Nathanel M. Cousins and requests that the Coverage Lawsuit be considered related to the Mehedi Lawsuit.

7. Judge Freeman is presiding over both the SEC Lawsuit and the Mehedi Lawsuit.

- 2 -

**STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

8.      StarStone is seeking a judicial determination that coverage is unavailable under the StarStone Policy for both the SEC Lawsuit and Mehedi Lawsuit.

9.      StarStone's Coverage Lawsuit and the Mehedi Lawsuit also concern substantially the same transaction and event—that is, the de-SPAC merger transaction between Private View and special purpose acquisition company CF Finance Acquisition Corp. II ("CF II"), resulting in a combined public entity called View, Inc. ("Public View").

10.      The StarStone Policy is subject to a Securities Exclusion, which states that coverage is unavailable for Loss "on account of any Claim alleging, based upon, arising out of, or attributable to any public offering of equity securities of the Company or the purchase or sale of, or offer or solicitation of an offer to purchase or sell, such equity securities subsequent to such public offering."

11.      The Mehedi and SEC Lawsuits allege, are based upon, arise out of, and are attributable to a public offering of Private View's equity securities, namely the de-SPAC merger transaction, which in turn triggers the application of a Securities Exclusion in the StarStone Policy to bar coverage for these matters, as well as the third-party discovery subpoenas issued in the SEC Lawsuit, in their entirety.

12.      The Mehedi and SEC Lawsuits also allege, are based upon, arise out of, and are attributable to the purchase or sale of equity securities subsequent a public offering by Private View, namely the de-SPAC merger transaction, which in turn triggers the application of a Securities Exclusion in the StarStone Policy to bar coverage for the these matters, as well as the third-party discovery subpoenas issued in the SEC Lawsuit, in their entirety.

13.      Judge Freeman has a unique understanding of the de-SPAC merger transaction underlying StarStone's Coverage Lawsuit, because she is presiding over both the Mehedi Lawsuit and SEC Lawsuit.

**STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

14. Deeming the lawsuits related would also potentially eliminate an unduly burdensome duplication of labor and expense, since a different judge assigned to StarStone's Coverage Lawsuit would have to incur time in learning about the SEC Lawsuit, Mehedi Lawsuit, and de-SPAC merger transaction to determine the coverage issues.

15. Judge Freeman is already familiar with the allegations, facts, and transactions associated with the SEC Lawsuit, Mehedi Lawsuit, and de-SPAC merger transaction.

16. Accordingly, per Civil Local Rule 3-12(c), the StarStone Coverage Lawsuit should be considered related to the Mehedi Lawsuit, so that Judge Freeman is assigned to this case.

Dated: August 7, 2025

Respectfully submitted,

*/s/ Angel Marti, III*
Angel Marti III (SBN 305300)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213-892-7979
Facsimile: 213-784-9090
AMarti@cozen.com

Rafael Rivera, Jr. (*Pro Hac Vice* – Pending)
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Telephone: (212) 453-3879
Facsimile: (646) 588-1372
rafaelrivera@cozen.com

Gary L. Gassman (To be admitted *Pro Hac Vice*)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 382-3100
Facsimile: (312) 382-8910

*Attorneys for Defendant*
*StarStone Specialty  Insurance Company*

- 4 -
**STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Cozen O'Connor, 601 S. Figueroa Street, Suite 3700, Los Angeles, CA  90017.  On **August 7, 2025,** I served the within document(s):

**STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

☑        MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| View Operating Corporation<br>6280 America Drive, Suite 200<br>San Jose, CA 94089 | **Defendant** |
| Vidul Prakash<br>832 Nash Road<br>Los Altos, CA 94024 | **Defendant** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **August 7, 2025**, at Los Angeles, California.

*/s/ Angel Marti III*
Angel Marti III

STARSTONE'S RESPONSE IN SUPPORT OF THE SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP