UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 5:21-cv-06374-BLF<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER APPROVING FEE AND EXPENSE APPLICATION**<br><br>Judge:  Hon. Beth L. Freeman |

WHEREAS, this matter came before the Court on Lead Counsel's Fee and Expense Application;

WHEREAS, the Court has considered all matters submitted to it in connection with the Application, including the Declaration of Jason A. Uris filed October 2, 2025, and the exhibits thereto, and Lead Counsel's Motion and Memorandum in Support of Lead Counsel's Fee and Expense Application, filed October 2, 2025;

WHEREAS, the Court-approved form of Notice disseminated in this matter advised Settlement Class Members that Lead's Counsel intended to submit a Fee and Expense Application in which they would apply for an award of attorneys' fees in an amount not to exceed 33 $^1/_3$% of the Settlement Fund, and for reimbursement of litigation expenses in an amount not to exceed $375,000, plus awards not to exceed $10,000 to Lead Plaintiff Stadium Capital LLC and $2,500 to named plaintiff David Sherman, respectively, pursuant to 15 U.S.C. §78u-4(a)(4); and that all Settlement Class Members had the right to submit to the Court objections to the Fee and Expense Application or any portion thereof, by following the procedures set forth in the Notice;

WHEREAS, the Court has considered all materials submitted in connection with the Fee and Expense Application, and reviewed the relevant standards and factors for assessing the fairness and reasonableness of the requested Fee and Expense Application.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 25, 2025 (ECF No. 246-1) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Lead Counsel is hereby awarded as attorneys' fees a sum equal to 33 $^1/_3$% of the Settlement Amount, plus $363,336.68 in litigation expenses (both amounts to be paid from the Settlement Fund), together with any interest thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid pursuant to the terms set forth in the Stipulation. The Court finds that the amount of fees hereby awarded is fair, reasonable, and appropriate, after taking into consideration (among other things):

(a) the results achieved by Lead Counsel for the benefit of the Settlement Class, notably the creation of an all-cash $11,000,000 Settlement Fund;

(b) the significant litigation risks involved in pursuing the action, in terms of establishing both liability and damages, as well as in terms of collectability even assuming that Lead Plaintiff was to ultimately prevail on the merits at trial, such that absent the Settlement there was a high risk that Lead Plaintiff and the Settlement Class would have recovered little or nothing from the Defendants after trial;

(c) the complexity of the claims alleged, and the perseverance, diligence, and skill required from Lead Counsel;

(d) the fully contingent nature of the representation;

(e) fee awards in similar cases;

(f) the time and effort expended by Plaintiff's Counsel to the litigation and settlement of the Claims, which involved 4,170.9 hours of attorney and

paraprofessional time with a combined lodestar value of $4,339,256.50;

(g)   consideration of a "lodestar cross-check," which indicates that the requested 33 $^{1}/_{3}$% fee (or $3,666,666.67 before interest) equates to a negative multiplier of 0.84 on the value of Lead Counsel's above-referenced combined lodestar; and

(h)   the reaction of the Class, including that [no] [no more than ___] Settlement Class Members have objected to the requested fees or expenses.

4.   The Court also finds that the requested expenses are reasonable in amount and are for expenses of a type (*e.g.*, filing fees, electronic legal research fees, expert fees, mediation fees) that are customarily awarded in class action cases of this type.

5.   Such fees and expenses may be paid out of the Settlement Fund to Lead Counsel at any time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, PROVIDED, however, that such payments shall be subject to all of the terms, conditions and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

6.   Lead Plaintiff Stadium Capital is hereby awarded $10,000, and plaintiff David Sherman is hereby awarded $2,500, pursuant to U.S.C. §78u- 4(a)(4) for their reasonable costs and expenses (including lost wages) incurred in connection with their service as a representatives of the Settlement Class, which sum the Court finds to be fair and reasonable.

7.   Any appeal or any challenge affecting this Court's order approving the Fee and Expense Application shall in no way disturb or affect the finality of the Court's Judgment approving the Settlement, or any other judgment that may be entered in this Action.

8.   There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ___ day of _____, 2025.

_____
HON. BETH L. FREEMAN
UNITED STATES DISTRICT COURT JUDGE