# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PETER K. STRIS IN SUPPORT OF LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge: Hon. Beth L. Freeman<br>Courtroom: 1, 5th Floor<br>Date: November 6, 2025<br>Time: 9:00 a.m. |

I, Peter K. Stris, declare as follows:

1. I am a Founding Partner of Stris & Maher LLP. I am a member in good standing of the State Bar of California. I submit this declaration in support of Lead Counsel's motion for attorneys' fees and litigation expenses. I make this declaration based on personal knowledge and if called at trial, could and would testify competently to the facts stated herein.

2. I graduated from Harvard Law School in 2000, where I served as an editor of the *Harvard Law Review*. I received my B.A. in music from the University of Pennsylvania in 1997.

3. I have a prominent appellate practice. *Chambers USA* ranks me "Band 1" for appellate litigation in California, identifying me as one of the five leading appellate lawyers in California, and it ranks me "Band 2" for appellate litigation nationwide, identifying me as one of the thirty-six leading appellate lawyers in the country.

CASE No. 5:21-CV-06374-BLF

DECLARATION OF PETER K. STRIS IN SUPPORT OF LEAD COUNSEL'S MOTION
FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

4.      I have personally argued ten cases before the U.S. Supreme Court, including appeals involving Article III standing (*Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1616 (2020)), class action procedure (*Microsoft Corp. v. Baker,* 137 S. Ct. 1702 (2017)), and the federal securities laws (*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning,* 136 S. Ct. 1562 (2016)).

5.      My partners and I have handled cases in every federal circuit, including regularly in the Ninth Circuit where we have argued and won significant appeals such as *Baleja v. Northrop Grumman*, No. 22-56042 (9th Cir. Aug. 19, 2024); *Grasshopper House LLC v. Clean & Sober Media*, No. 19-56008 (9th Cir. Aug. 20, 2021); *In re Volkswagen "Clean Diesel"*, 959 F.3d 1201 (9th Cir. 2020); *The Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019); *Hunsaker v. United States*, 902 F.3d 963 (9th Cir. 2018), and *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698 (9th Cir. 2016).

6.      Beyond appellate work, my firm and I regularly litigate complex class actions in district courts nationwide. In the last twelve months, we—serving as class or co-counsel—have successfully resolved three such cases: *Urlaub v. Citgo Petroleum Corp.*, No. 1:21-cv-04133 (N.D. Ill.) (settled for $10 million, plus an additional $4.75 million in attorneys' fees); *Burnett v. Prudent Fiduciary Services LLC*, No. 1:2022-cv-00270 (D. Del.) (settled for $14.5 million); and *Hensiek v. Board of Directors of Casino Queen Holding Company, Inc.*, No. 3:20-cv-377-DWD (S.D. Ill.) (settled for $7.1 million).

7.      My firm and I were retained on September 30, 2024 to serve as lead appellate counsel before the Ninth Circuit in connection with the 1292(b) petition and cross-petition that were granted on September 19, 2024. From the date of our retention until settlement of this matter in principle in January of 2025, my colleagues and I reviewed and analyzed the district court record and prior briefing, researched the Ninth Circuit's procedures applicable to interlocutory appeals, developed appellate strategy, and prepared written work product in connection with the cross-petitions. We also communicated with co-counsel regarding case strategy.

8.      All of the work we performed was reasonable and necessary to prosecute this litigation. The following table accurately sets forth the total hours devoted by myself and others at my firm to this litigation:

| Name | Title | Hours | Rate | Amount |
|------|-------|-------|------|--------|
| Peter K. Stris | Partner | 16.1 | $1,450 | $23,345.00 |
| Tillman Breckenridge | Partner | 5.7 | $1,200 | $6,840.00 |
| Douglas D. Geyser | Partner | 16.6 | $1,050 | $17,430.00 |
| John Magloire | Law Clerk | 26.7 | $425 | $11,347.50 |
| **Total** | | **65.1** | | **$58,962.50** |

9.      In my professional opinion, and based on my personal knowledge of the work that was performed and the requirements of this case and similar cases, the lodestar expended on this litigation by myself and the professionals at my firm was reasonable and necessary.[1]

10.      My firm's compensation for services rendered in this case was wholly contingent on the success of this action and was completely at risk.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 1, 2025, in Cerritos, California.

_____

Peter K. Stris

---

[1] Details supporting the time records referenced in this Declaration are available upon the request of the Court.