# EXHIBIT 7

Laurence D. King (SBN 206423)
Blair E. Reed (SBN 316971)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
Emails: *lking@kaplanfox.com*
         *breed@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Donald R. Hall (admitted *pro hac vice*)
Jason A. Uris (admitted *pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
Emails:  *ffox@kaplanfox.com*
         *dhall@kaplanfox.com*
         *juris@kaplanfox.com*

*Lead Counsel for Lead Plaintiff Stadium Capital LLC, Plaintiff David Sherman and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JOSEPH ZICHERMAN IN SUPPORT OF (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge:  Hon. Beth L. Freeman<br>Courtroom:  1, 5th Floor<br>Date:  November 6, 2025<br>Time: 9:00 a.m. |

1

Case No. 5:21-cv-06374-BLF

I, Joseph Zicherman, declare as follows:

1. I, Joseph Zicherman, am the sole owner and Managing Director of Stadium Capital LLC ("Stadium Capital"). Stadium Capital is the Court appointed Lead Plaintiff in the above captioned action. I am the individual responsible for monitoring and directing this litigation on behalf of Stadium Capital. I submit this Declaration in support of (A) Lead Plaintiff's motion for final approval of proposed class action settlement and plan of allocation and (B) Lead Counsel's motion for attorneys' fees and litigation expenses. I am aware of and understand the requirements and responsibilities of a class representative in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995. I have personal knowledge of the matters set forth in this Declaration as I have been directly involved in monitoring and overseeing the prosecution and settlement of the Action, and I could and would testify competently thereto.

2. I graduated from the University of Vermont in 1965. I began working at Morgan Stanley in April 1978 and was a partner and managing director in their high net worth practice group until April 1998. I have over 50 years of experience working on Wall Street.

3. For the last approximately 25 years I have worked as the Managing Director of Stadium Capital, managing my own money, researching investments and placing trades on my own behalf. The overwhelming majority of my income comes through trading for myself.

4. I chose to be involved in this action as Lead Plaintiff because I was committed to vigorously prosecuting this lawsuit. In fulfillment of my responsibilities as Court-appointed Lead Plaintiff, and on behalf of all members of the Settlement Class, I diligently undertook to perform my role as Lead Plaintiff in pursuit of a favorable resolution of this litigation. Stadium Capital closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action. On behalf of Stadium Capital, I had communications during the litigation with Lead Counsel Kaplan Fox. I received periodic status reports from counsel on case developments, reviewed all significant pleadings and briefs filed in the Action, and participated in discussions with counsel concerning the prosecution of the Action and progress of the case, case strategy, the strengths of and risks to the claims, and potential settlement. In particular, in connection

DECL. OF JOSEPH ZICHERMAN ISO LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

with Stadium Capital's representation of the Class, throughout the course of the Action I have, among other things:

- researched and followed the performance View and/or CF II securities;

- monitoring developments in the news with respect to Defendants;

- communicated with members of Kaplan Fox to discuss the basis of possible securities claims against the Defendants;

- reviewed the initial complaint filed in the Action, as well as the two later amended complaints filed by Kaplan Fox on my and the Class's behalf in this matter;

- discussed with my counsel the Court's Order granting Defendants' motions to dismiss the First Amended Complaint;

- discussed with my counsel the Court's Order granting Defendants' motions to dismiss the Second Amended Complaint, Lead Plaintiff's Reconsideration Motion, and the Court's amended order granting in part and denying in part Defendants' motions to dismiss the Second Amended Complaint;

- discussed with my counsel Defendants' joint motion to certify the Court's Order granting reconsideration for interlocutory appeal, the Court's Order certifying an interlocutory appeal to the Ninth Circuit and staying the case, Defendants' petition for permission to appeal filed with the Ninth Circuit, and the Ninth Circuit motions panel's order granting Defendants' petition for permission to appeal and Plaintiffs' conditional cross-petition;

- discussed with my counsel View's filing for bankruptcy and Lead Plaintiff's objection to the prepackaged plan of reorganization of View, Inc. and its debtor affiliates;

- discussed with my counsel the settlement agreement in the *Siseles* Action and Plaintiffs' objection to the proposed settlement;

- prior to mediations, discussing with my counsel the strengths and weaknesses of the Action, the prospects for a successful mediation, and overall settlement objectives;

- following the mediations, discussing with my counsel the various factors noted above which have led me to support the proposed $11 million Settlement.

DECL. OF JOSEPH ZICHERMAN ISO LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

5.     Over the course of the litigation, I estimate that I spent approximately 35 hours in furtherance of the prosecution of the litigation. But for my role in this case, I would have spent all of this time researching investments and placing trades on my own behalf. Although it is difficult to quantify an hourly rate for my time, and while I feel proud to have served as the Lead Plaintiff in this case on behalf of the Settlement Class, it is certainly accurate to say that at a rate of approximately $286/hr ($10,000/35 hours), my time spent on this case is a fraction of my normal hourly return for managing Stadium Capital.

6.     Based on the time and effort I have spent on this case, the success that has been achieved in obtaining the $11 million settlement for the benefit of the Class, and my understanding from my counsel that 15 U.S.C. §78u-4(a)(4) permits a court to award plaintiffs reasonable costs and expenses (including lost wages) incurred as a result of serving as a representative of a plaintiff class, I respectfully request that the Court approve my request for an award of $10,000.

7.     Stadium Capital also believes that Lead Counsel's request for an award of attorneys' fees in the amount of 33 1/3% of the Settlement Fund is fair and reasonable in light of the work performed, the many risks and challenges in the litigation, as well as the recovery obtained for the Settlement Class. Stadium Capital understands that Lead Counsel will also devote additional time in the future to administering the Settlement.

8.     Stadium Capital further believes that the litigation expenses requested are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case.

9.     Based on the foregoing, Stadium Capital endorses the Settlement as fair, reasonable, and adequate to the Settlement Class. I believe that the Settlement represents a favorable recovery for the Settlement Class, given the substantial and certain monetary recovery achieved in the face of the substantial risks of continuing to prosecute the claims in this case, including the risk that nothing at all might be recovered after the passage of a considerable amount of additional time if the litigation continued through the summary judgement stage, trial, and any subsequent appeal. Further, and consistent with its obligation to the Settlement Class to obtain the best result at the most efficient cost, Stadium Capital further supports Lead Counsel's attorneys' fees and litigation expense request and

DECL. OF JOSEPH ZICHERMAN ISO LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

believes that it represents fair and reasonable compensation for counsel in light of the work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of October, 2025 at New York, New York.

_____
Joseph Zicherman
Managing Director
Stadium Capital LLC

- 4 -                                    Case No. 5:21-cv-06374-BLF