# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Oracle Corporation Securities Litigation* | CLASS ACTION<br><br>Case No. 5:18-cv-04844-BLF<br><br>**[PROPOSED] ORDER**<br>**AWARDING ATTORNEYS' FEES**<br>**AND LITIGATION EXPENSES**<br><br>Dept.:    Courtroom 3, 5th Floor<br>Judge:   Honorable Beth Labson Freeman<br><br>Hearing Date:<br>January 12, 2023 at 9:00 a.m. |

This matter came on for hearing on January 12, 2023 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 23, 2022 (ECF No. 128-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES
Case No. 5:18-cv-04844-BLF

1

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund). Lead Counsel is also hereby awarded $795,465.17 for payment of its litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable. The Court overrules the objection to the motion for attorneys' fees and expenses submitted by Scott Noyes.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $17,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b. The fee sought is based on a retainer agreement entered into by Lead Counsel and Lead Plaintiff at the outset of the litigation and the requested fee has been again reviewed and approved as reasonable by Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action, at the conclusion of the Action;

c. Copies of the Notice were mailed to over 979,000 potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 20% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $900,000 and only one objection to the requested award of attorneys' fees or Litigation Expenses was submitted (which the Court finds to lack merit and overrules);

d. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

g. Lead Counsel devoted over 17,900 hours, with a lodestar value of approximately $9.1 million, to achieve the Settlement; and

h. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Union Asset Management Holding AG is hereby awarded $64,750 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __13__ day of __January__, 2023.

_____
The Honorable Beth Labson Freeman
United States District Judge

ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES
Case No. 5:18-cv-04844-BLF

3