Laurence D. King (SBN 206423)
Blair E. Reed (SBN 316971)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
Emails: *lking@kaplanfox.com*
         *breed@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Donald R. Hall (admitted *pro hac vice*)
Jason A. Uris (admitted *pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
Emails:  *ffox@kaplanfox.com*
         *dhall@kaplanfox.com*
         *juris@kaplanfox.com*

*Lead Counsel for Lead Plaintiff Stadium*
*Capital LLC, Plaintiff David Sherman and the*
*Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 5:21-cv-06374-BLF<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge:  Hon. Beth L. Freeman<br>Courtroom:  1, 5th Floor<br>Date:  November 6, 2025<br>Time: 9:00 a.m. |

Case No. 5:21-cv-06374-BLF
REPLY MEM. ISO (A) MOT. FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) MOT. FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ...................................................................................................................................... 1

    I.      THE REACTION OF THE SETTLEMENT CLASS STRONGLY
           SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF
           ALLOCATION .................................................................................................... 1

    II.     THE REACTION OF THE SETTLEMENT CLASS STRONGLY
           SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS' FEES
           AND EXPENSES ................................................................................................. 4

CONCLUSION ................................................................................................................................... 4

Case No. 5:21-cv-06374-BLF

REPLY MEM. ISO (A) MOT. FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) MOT. FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abadilla v. Precigen, Inc.*,
No. 20-CV-06936-BLF, 2023 WL 7305053 (N.D. Cal. Nov. 6, 2023)......................................... 2

*Acosta v. Frito-Lay, Inc.*,
No.15-cv-02128-JSC, 2018 WL 2088278 (N.D. Cal. May 4, 2018) ........................................... 4

*Atlas v. Accredited Home Lenders Holding Co.*,
No. 07-CV-00488-H (CAB), 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) ............................... 3

*Destefano v. Zynga Inc.*,
No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ..................................... 3, 4

*In re Heritage Bond Litig.*,
No. 02-ML-1475, 2005 WL 1594403 (C.D. Cal. June 10, 2005)............................................ 3, 4

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007)..................................................................................... 4

*In re Nuvelo, Inc. Sec. Litig.*,
No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011) ......................................... 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
986 F. Supp. 2d 207 (E.D.N.Y. 2013) ...................................................................................... 3

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) .............................................................................................. 3

*Taafua v. Quantum Glob. Techs., LLC*,
No. 18-cv-06602-VKD, 2021 WL 579862 (N.D. Cal. Feb. 16, 2021) ..................................... 3

*Vataj v. Johnson*,
No. 19-cv-06996-HSG, 2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) ...................................... 3

**Statutes**

15 U.S.C. §78u-4(a)(4)............................................................................................................. 2, 4

REPLY MEM. ISO (A) MOT. FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) MOT. FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Lead Plaintiff and Lead Counsel respectfully submit this Memorandum of Points and Authorities in further support of (a) Lead Plaintiff's motion for final approval of the proposed Settlement and Plan of Allocation (ECF No. 266); and (b) Lead Counsel's motion for attorneys' fees and litigation expenses (ECF No. 267) (collectively, the "Motions").[1]

## <u>PRELIMINARY STATEMENT</u>

Now that the October 16, 2025 deadline for objections and exclusions from the Settlement Class has passed, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses has been overwhelmingly positive. Following the Court-approved notice program, which included mailing a total of 51,708 Notice Packets to potential Settlement Class Members or their nominees through October 23, 2025, there have been ***no objections*** to any aspect of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, or Lead Counsel's fee and expense application. There have also been ***no requests for exclusion*** from the Settlement Class.

As a result, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class strongly supports approval of the Settlement, the Plan of Allocation, and the requested attorneys' fees and expenses.

## <u>ARGUMENT</u>

**I.    <u>The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation</u>**

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 51,708 copies of the Notice Packet to all potential Settlement Class Members identified by View and nominees. *See* Supplemental Declaration of Tina Chiango Regarding (A) Mailing of the Notice and Claim Form; and (B) Update on Report on Requests for Exclusion, dated October 23, 2025, at ¶4, filed herewith ("Supp. Chiango Decl."). The Settlement Notice informed Settlement Class

---

[1] Unless otherwise defined in this memorandum, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement, dated April 25, 2025 (ECF No. 246-1) (the "Stipulation").

Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33 $^{1}/_{3}$% of the Settlement Fund, payment of litigation expenses in an amount not to exceed $375,000, and awards not to exceed $10,000 to Lead Plaintiff Stadium Capital LLC and $2,500 to named plaintiff David Sherman, respectively, pursuant to 15 U.S.C. §78u-4(a)(4). The Settlement Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, and the October 16, 2025 deadline for filing such objections.

In addition, copies of the Settlement Notice, Claim Form, Stipulation, and other key Settlement documents were posted on the website specifically created for this Action (www.viewsecuritieslitigation.com). *See* Declaration of Tina Chiango Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusions Received to Date, dated October 2, 2025, ECF No. 268-1 at ¶10. Further, on August 11, 2025, the Claims Administrator published the Summary Notice in *Investor's Business Daily* and released it over the internet via *PR Newswire* (*id*. at ¶9), informing readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

On October 2, 2025, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 266-68) and the case website—described Lead Plaintiff's and Lead Counsel's views of the Settlement, work performed in this litigation, and the fee and expense award requested. Following this extensive notice program, ***no Settlement Class Member objected to any aspect of the Settlement, nor has any Settlement Class Member requested exclusion from the Settlement Class***.

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. Indeed, "'[a] court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'" *Abadilla v. Precigen, Inc.*, No. 20-CV-

06936-BLF, 2023 WL 7305053, at *9 (N.D. Cal. Nov. 6, 2023) (internal citation omitted) (Freeman, J.); *see also Vataj v. Johnson*, No. 19-cv-06996-HSG, 2021 WL 5161927, at *7 (N.D. Cal. Nov. 5, 2021) (the "absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). The absence of objections to a settlement, as here, "speaks volumes with respect to the overwhelming degree of support for the proposed Settlement among the Class Members. That unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

Similarly, the lack of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Destefano v. Zynga Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *10 (N.D. Cal. Feb. 11, 2016) (noting that a low number of exclusions supports the reasonableness of a securities class action settlement); *Taafua v. Quantum Glob. Techs., LLC*, No. 18-cv-06602-VKD, 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) ("The lack of objections and low number of requested exclusions . . . indicates support among the class members and weighs in favor of approving the settlement."). Here, no requests for exclusion were received.

Finally, the fact that there are no objections to the Plan of Allocation supports its approval. *See In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *4 (S.D. Cal. Nov. 4, 2009) (noting the "predominantly positive response" to the plan of allocation where only two objections to it were submitted); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 241 (E.D.N.Y. 2013) (conclusion that proposed allocation plan was fair and reasonable was "buttressed" by absence of objections from class members).

REPLY MEM. ISO (A) MOT. FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) MOT. FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**II.    The Reaction of the Settlement Class Strongly Supports Approval of the Requested Attorneys' Fees and Expenses**

Not one Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees, payment of litigation expenses, or the §78u-4(a)(4) awards to Plaintiffs. The fact that there have been no objections is strong evidence that the requested fee is fair and reasonable. *See, e.g.*, *Acosta v. Frito-Lay, Inc.*, No. 15-cv-02128-JSC, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiffs' request is reasonable."); *Zynga*, 2016 WL 537946, at *18 ("the lack of objection by any Class Members" supported the fee requested) (citation omitted); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding only one objection to the fee request to be "a strong, positive response from the class, supporting an upward adjustment of the benchmark [fee award]"); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fees award"); *In re Heritage Bond Litig.*, at *21 (C.D. Cal. June 10, 2005) ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

## CONCLUSION

For these reasons, Lead Plaintiff and Lead Counsel respectfully requests that the Court enter the proposed Final Judgment Approving Class Action Settlement, submitted herewith; enter the proposed Order Approving Plan of Allocation (ECF No. 266-1); and enter the proposed Order Approving Fee and Expense Application (ECF No. 267-1).

DATED: October 23, 2025          Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/  *Laurence D. King*
          Laurence D. King

Laurence D. King (SBN 206423)
Blair E. Reed (SBN 316971)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:  415-772-4707

REPLY MEM. ISO (A) MOT. FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) MOT. FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*lking@kaplanfox.com*
*breed@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Donald R. Hall (admitted *pro hac vice*)
Jason A. Uris (admitted *pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*juris@kaplanfox.com*

*Lead Counsel for Lead Plaintiff Stadium Capital LLC,*
*Plaintiff David Sherman and the Proposed Class*