# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, VIDUL PRAKASH, HOWARD W. LUTNICK, PAUL PION, ALICE CHAN, ANSHU JAIN, ROBERT J. HOCHBERG, CHARLOTTE S. BLECHMAN, CF FINANCE HOLDINGS II, LLC, CANTOR FITZGERALD & CO., CANTOR FITZGERALD, L.P., AND CF GROUP MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 5:21-cv-06374-BLF<br><br>[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT |

WHEREAS, this matter came before the Court on the application of Lead Plaintiff for approval of the Settlement set forth in the Stipulation and Agreement of Settlement between the Parties dated Aril 25, 2025 ("Stipulation");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 18, 2025 (the "Preliminary Approval Order,") (ECF No. 258), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class members the opportunity to exclude themselves from the Settlement Class or object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS due and adequate notice of the Settlement was provided to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 6, 2025 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement

are fair, reasonable and adequate, and in the best interests of the Settlement Class Members, and should therefore be approved; (b) whether the Settlement Class should be certified, and Plaintiffs and Lead Counsel appointed as Settlement Class Representatives and Class Counsel, respectively; and (c) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action, all matters relating to the Settlement, all Parties to the Action, and all Settlement Class Members.

2. **Final Approval of Class Notice and Class Certification**. The Court hereby finds that the distribution of the Notice to all Settlement Class Members who could be identified through reasonable effort, and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances of the matters set forth therein, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 et seq., as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States (including the requirements of due process), and any other applicable law.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants final certification of the Settlement Class consisting of: (1) all persons or entities who purchased or otherwise acquired View and/or CF II securities between November 30, 2020 and May 10, 2022, inclusive (the "Class Period"); (2) all persons or entities who were holders of CF II Class A common stock as of the January 27, 2021 record date (the "Record Date") that were entitled to vote to approve the Business Combination as set forth in the February 16, 2021 Proxy Statement (as defined in the Complaint); and (3) all persons or entities who purchased or otherwise acquired View securities pursuant to or traceable to the De-SPAC Registration Statement (as defined in the Complaint). Excluded from the Settlement Class are Defendants, or their affiliates or subsidiaries,

the current and/or former officers and directors of any non-natural Defendant named herein, members of the Immediate Family of any excluded person, heirs, successors and assigns of any excluded person or entity, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are persons who solely held shares of the privately held common stock and preferred stock of Legacy View (as defined in the Complaint) outstanding prior to closing of the Business Combination, and those persons who have timely and validly requested exclusion from the Settlement Class pursuant to the Notice sent to potential Settlement Class Members. A list of such persons and entities who filed timely, completed, and valid requests for exclusion from the Settlement Class is attached hereto as Exhibit 1.

4. With respect to the Settlement Class, the Court finds that, for purposes of effectuating the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions. The claims of Plaintiffs are typical of the claims of the Settlement Class and Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff Stadium Capital LLC and plaintiff David Sherman are certified as Settlement Class Representatives and Lead Counsel Kaplan Fox & Kilsheimer LLP is appointed as Class Counsel.

6. **Final Approval of Settlement and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that

3   CASE NO. 5:21-cv-06374-BLF
[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

said Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of the Settlement Class, and each of the Settlement Class Members having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposal treats Settlement Class Members equitably relative to each other. All objections to the proposed Settlement, if any, are overruled in their entirety. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

7. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Releasees. Lead Plaintiff and the Settlement Class will not make applications against any Defendants or other Defendant Releasees and Defendants will not make applications against Lead Plaintiff, the Settlement Class, and the other Plaintiff Releasees for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action. The Parties are to bear their own costs, except as provided in the Settlement and herein.

8. Neither the Plan of Allocation submitted by Lead Plaintiff nor any portion of this Order regarding the Plan of Allocation or the application for attorneys' fees and Litigation Expense reimbursement shall in any way disturb or affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

9. **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Lead Plaintiff, David Sherman and all other Settlement Class Members

(regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

10. **Releases**. The releases as set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

    a.    without further action by anyone, and subject to paragraphs 11 and 12 below, upon the Effective Date of the Settlement, Lead Plaintiff, and David Sherman and each of the other Settlement Class Members, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendant Releasees and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendant Releasees. This Release shall not apply to any person who has been excluded from the Settlement Class by order of the Court after having submitted a request for exclusion from the Settlement Class that has been accepted by the Court, as set forth on Exhibit 1 hereto; and

    b.    without further action by anyone, and subject to paragraphs 11 and 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This Release shall not apply to any

person who has submitted a request for exclusion from the Settlement Class that has been accepted by the Court, as set forth on Exhibit 1 hereto.

11. Notwithstanding ¶¶ 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **No Admissions**. The Stipulation, including the exhibits thereto and the Plan of Allocation (or any other plan of allocation that may be approved by the Court) and Settlement contained therein, the Term Sheet, the Supplemental Agreement, and the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall not be:

    a. offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees (i) with respect to the truth of any fact alleged or claim asserted by any of the Plaintiffs in the Complaint or otherwise; (ii) that the Settlement Amount represents the damages that could be recoverable under the Complaint or in this Action; or (iii) with respect to the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    b. offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, that damages allegedly recoverable under the Complaint would not have exceeded the Settlement

Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

  c.  construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

  13. **Bar Order**. The Court hereby enters a bar order consistent with and to the fullest extent allowed under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A). For the avoidance of doubt, this bar order shall not preclude either (i) Defendant Releasees from seeking to enforce any rights they may have under any applicable insurance policies, or (ii) any right of indemnification or contribution that Defendants may have under contract or otherwise.

  14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

  15. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, Litigation Expenses, and interest in the Action; (d) enforcement of this Judgment; (e) the Settlement Class Members (including those who may seek exclusion from such class) for all matters relating to this Action; and (f) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation and this Judgment.

16. **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. **Termination**. If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

18. **Extensions By Agreement**. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 6th day of November, 2025.

_____
Honorable Beth Labson Freeman
United States District Judge